ROBINSON BROG LEINWAND GREENE
  GENOVESE & GLUCK P.C.
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6301
Fred B. Ringel, Esq.
Steven B. Eichel, Esq.
Clement Yee, Esq.
*Attorneys for the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **26 BOWERY LLC** and<br>**2 BOWERY HOLDING LLC**,<br><br>Debtors. | Case No.: 22-10412 (MG) and<br>22-10413 (MG)<br>(Jointly Administered) |

-------------------------------------------------------X

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
PURSUANT TO BANKRUPTCY RULES 9016 AND 9020
(I) FINDING NON-COMPLIANT PARTIES, STEVEN NG AND
WILSON NG IN CIVIL CONTEMPT FOR THEIR FAILURE TO COMPLY
WITH THIS COURT'S ORDER FOR DISCOVERY UNDER BANKRUPTCY
RULE 2004 AND SUBPOENAS ISSUED TO THEM, (II) DIRECTING
THE NON-COMPLIANT PARTIES TO IMMEDIATELY PRODUCE
DOCUMENTS AND APPEAR FOR EXAMINATIONS, AND (III) FINDING THE
NON-COMPLIANT PARTIES JOINTLY AND SEVERALLY LIABLE
TO THE ESTATES FOR PAYMENT OF THE FEES AND EXPENSES
INCURRED BY THE ESTATES FOR ENFORCEMENT OF THE RULE 2004
ORDER AND SUBPOENAS, INCLUDING REASONABLE ATTORNEY'S
<u>FEES FOR THE PREPARATION AND PROSECUTION OF THIS MOTION</u>**

TO:   THE HONORABLE MARTIN GLENN
       CHIEF UNITED STATED BANKRUPTCY JUDGE:

26 Bowery LLC ("26 Bowery") and 2 Bowery Holding LLC ("2 Bowery,"

collectively with 26 Bowery, "Debtors" or "Borrowers"), hereby seek entry of an Order,

{01147695.DOC;8 }                                1

pursuant to Rules 9016 and 9020 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules" ): (a) finding Steven Ng ("Steven") and Wilson Ng ("Wilson," together with Steven, "Non-Compliant Members") in civil contempt for their failure to comply with the Court's Order Granting Debtors' Ex Parte Motion for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Discovery Examination of (i) Chouk Ng, (ii) Steven Ng, and (iii) Wilson Ng (ECF Doc. 12) ("Rule 2004 Order") and subpoenas issued to them under the Rule 2004 Order, (b) directing them to immediately produce documents and appear for examinations in accordance with the Rule 2004 Order, and (c) finding the Non-Compliant Members jointly and severally liable to the Debtors' estates for the enforcement costs of the Rule 2004 Order and subpoenas including reasonable attorney's fees for the preparation and prosecution of this motion ("Motion"), together with such other, further and different relief as the Court deems just and proper. In support of the Motion, the Debtors respectfully represent as follows:

## PRELIMINARY STATEMENT

1. These cases are barely three weeks old, and the Non-Compliant Members are refusing to satisfy their obligations under this Court's Rule 2004 Order and accompanying subpoenas (each a "Subpoena", and collectively, "Subpoenas"), which required Steven and Wilson[1] to commence production of the documents set

---

[1] Debtors' counsel understands that Chouk Ng, one of the Debtors' members and, upon information and belief, the father of Steven and Wilson, is deceased. No estate representative has yet been appointed. The Debtors reserve the right to seek the production of documentary evidence from Chouk Ng's estate representative, should one be appointed, if sufficient documentary evidence is not received from Steven and Wilson.

forth in the Subpoenas within five days entry of the Rule 2004 Order, or April 12, 2022, and complete discovery within 15 days entry of the Rule 2004 Order, or April 22, 2022. The deadlines to produce documents under the Rule 2004 Order and Subpoenas has expired without the production of a single document.

2. As explained in more detail below, the Debtors have made seven attempts to serve the Rule 2004 Order and Subpoenas on the Non-Compliant Members personally before finally serving them by other means. However, because of the Non-Compliant Members' failure to observe the requirements of the 2004 Order and the significant prejudice to the Debtors and their estates resulting therefrom, the Debtors seek an order finding the Non-Complaint Members in civil contempt and entering an order immediately compelling compliance with their obligations under the Rule 2004 Order. Without their obedience to this Court's 2004 Order, the Debtors will not have the information needed to administer this case and to (a) file their Schedules and Statements of Financial Affairs, (b) manage and operate the two buildings, and (c) file any dispositive motions that require notice to creditors and other parties in interests.

3. The Court should impose a coercive sanction of $500 per day on each Non-Compliant Member, beginning two days after the entry of the Court's order on this Motion, and continuing through and including the date of full compliance. In addition, the Debtors' estates should not bear the additional costs of service on Steven and Wilson or the costs of preparation and prosecution of this Motion, all of which would have been unnecessary had the Non-Compliant Members obeyed the

Rule 2004 Order.

## JURISDICTION

4. This Court has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b). The statutory predicate for the Motion is Bankruptcy Code Section 105(a), Bankruptcy Rules 2004, 9016 and 9020.

5. Further, the Rule 2004 Order provides that "the Court retains jurisdiction to resolve all matters arising under or related to this [Rule 2004] Order, including any discovery disputes that may arise between or among the parties and to interpret, implement, and enforce provisions of this Order."

## BACKGROUND

6. On March 31, 2022 ("Petition Date"), the Debtors commenced their Chapter 11 cases ("Chapter 11 Cases") by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

7. The Debtors are operating their businesses and managing their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this motion, no trustee, examiner or committee has been requested or appointed.

8. 26 Bowery is the owner of the real property and improvements located at 26 Bowery, New York, New York ("26 Bowery Property"). 2 Bowery is the owner of the real property and improvements located at 2 Bowery, New York, New York ("2

Bowery Property"). Both the 26 Bowery Property and 2 Bowery Property are mixed-use properties in Manhattan's Chinatown neighborhood. On April 26, 2019, each of the Debtors, as borrowers, executed a certain $8,200,000.00 Consolidated and Restated Mortgage Note ("Senior Note") and that certain Consolidation, Modification and Extension Agreement ("Mortgage"; together with the Senior Note, "Mortgage Loan") between Double Bowery Funding LLC ("Senior Lender") and the Debtors, which Mortgage Loan is cross collateralized with the $400,000.00 Loan to the Debtor's currently held by Bowery Mezz LLC ("Mezz Lender") and is evidenced by that certain $400,000.00 Promissory Note dated April 26, 2019 ("Mezz Note"), secured by and under, among other things that certain General Security Agreement dated as of April 26, 2019 ("Mezz Agreement"; and together with the Mezz Note, "Mezz Loan"), those certain Membership Interest Pledge and Security Agreements dated as of April 26, 2019 (collectively, "Pledge Agreements") made by Chouk Ng, Wilson Ng and Steven Ng (collectively, "Pledgors") to the Mezz Lender, and that certain Guaranty of Payment dated as of April 26, 2019 ("Guaranty") made by Chouk Ng, Wilson Ng, and Steven Ng to the Mezz Lender. The Mezz Note, Mezz Agreement, Pledge Agreement, Guaranty and all other documents evidencing and securing the instruments are referred to as the "Mezz Loan Documents."

9.  Under the Pledge Agreements, the Mezz Loan was also secured by a pledge of one hundred percent (100%) of the membership interests in the Debtors made to the Mezz Lender.

10. On March 31, 2022, the Mezz Lender sent each of the Pledgors a letter

("Exercise Notice") noting that Event(s) of Default exist under the Mezz Loan Documents for, among other things, failure to pay off the Mezz Loan by the Maturity Date of May 1, 2021. In addition, pursuant to, that certain letter dated July 1, 2021, Borrowers were notified that certain events of default exist in connection with the Senior Loan which Mortgage Loan is cross collateralized with the Mezz Loan under Section 7(k) of the Pledge Agreements and that by reason of the foregoing, Mezz Lender had a right to exercise certain rights and remedies under the Mezz Loan Documents.

11.    Accordingly, Mezz Lender sent the Exercise Notice to advise the Pledgors that it has exercised its rights under Section 6 of the Pledge Agreements to exercise the Management Rights under Section 2(a) of the Pledge Agreements to, among other things, vote with respect to the Collateral and manage the affairs of Borrower and to exercise any election (including, but not limited to, election of remedies, the filing of any petition for reorganization of the Borrowers, and the exercise of the Borrowers' rights as debtor in possession if the Borrower files a petition under Title 11 of the United States Code).

12.    In accordance with its rights under the Pledge Agreement, Mezz Lender amended the Amended and Restated Limited Liability Company Operating Agreement of each of the Debtors to appoint a manager to manage the Debtors ("Independent Manager") who is independent of the members and the Lender. The Exercise Notice further provided that the Independent Manager must act in a fiduciary capacity and exercise appropriate fiduciary duties in the best interests of

the estates and all their stakeholders in accordance with applicable law of the State of New York, and upon a filing of a case under Chapter 11, of Title 11 of the United States Code.

13. RK Consultants LLC, by its member Brian Ryniker, was appointed the Independent Manager. The Mezz Lender also demanded and directed the Debtors and their members to turn over all corporate books and records of the Debtors to Mr. Ryniker immediately. The Debtors' members have not done so.

14. On March 31, 2022, the Independent Manager caused each of the Debtors to commence these chapter 11 cases by filing voluntary petitions under title 11 of the United States Code. The Independent Manager has retained Robinson Brog to act as the Debtors' counsel in these bankruptcy cases.

15. On April 6, 2022, the Debtors filed their ex-parte motion for entry of the Rule 2004 Order (ECF Doc. 9) and on April 7, 2022, the Court entered the Rule 2004 Order.

16. One day after entry of the Rule 2004 Order, on April 8, 2022, the Debtors, through counsel, served via Federal Express Overnight Saturday delivery, the Rule 2004 Order and the Subpoenas upon Steven and Wilson at 26 Bowery, 5th Floor, New York, New York 10013. *See* Certificate of Service filed on April 12, 2022 (ECF Doc. 15).[2] Federal Express made five attempts at delivering the Rule 2004

---

[2] The 26 Bowery address for Steven and Wilson was obtained from the 2 Bowery and 26 Bowery Operating Agreements, the Guaranty, and cross referenced with a Smartlinx search done through Lexis-Nexis. Copies of the Operating Agreements, Guaranty, and Smartlinx searches are attached to the Declaration of Fred Ringel ("Ringel Decl.") as **Exhibit A**, **Exhibit B**, and **Exhibit C**, respectively. Wilson's 26 Bowery address was further verified from his lease at the 26 Bowery Property, a copy which is **Exhibit D** to the Ringel Decl. While the lease expired March 31, 2022, about one week before

{01147695.DOC;8 }                                    7

Order and Subpoena to Steven and Wilson. After the fifth attempt, the Rule 2004 Order and Subpoenas were returned to Debtor's counsel as it is Federal Express policy, that if it cannot access the interior of a building, it will not leave a package on the outside. Attached as **Exhibit E** to the Ringel Decl. is a copy of the Federal Express attempts at delivery.

17. On April 8, 2022, the Rule 2004 Order and the Subpoenas were served on The Frank Law Firm P.C., 333 Glen Head Road, Suite 208, Old Brookville, New York 11545, Attention: Thomas J. Frank, Esq. ("Frank") based on Frank's previous representation of Steven and Wilson in the pre-petition mortgage foreclosure action titled *Double Bowery Funding v. 2 Bowery Holding LLC, et al.,* Index No. 850220/2021 ("Foreclosure Action") pending in New York State Supreme Court, New York County.[3]

18. Additionally, on April 8, 2022, the Rule 2004 Order and Subpoenas were served via Federal Express Overnight Delivery on 2 Bowery Holding LLC, c/o Wilson Ng and 26 Bowery LLC, Wilson Ng at 26 Bowery, 5th Floor, New York, New York 10013. The Rule 2004 Order and Subpoenas were also served on Romano & Kuan, PLLC who, upon information and belief, represented the Debtors in connection with their pre-petition financing. *See* Certificate of filed on April 12, 2022 (ECF Doc. 15).

19. Debtors' counsel hired a process server to serve the Rule 2004 Order, Subpoenas and exhibits on Steven and Wilson utilizing the addresses it had obtained

---

the commencement of the Debtors' service attempts, there has been no indication that Wilson has vacated the 26 Bowery address.

{01147695.DOC;8 }                                    8

from the pre-petition loan documents, and other documentary sources.[4] Accordingly, Michael Marra, the process server, attempted to serve a copy of the Subpoenas, exhibits and Rule 2004 Order on the Steven and Wilson at 26 Bowery, 5th Floor, New York, New York on the following dates and times:   (i)    April 11, 2022 at 11:26 a.m.

    (ii)    April 12, 2022 at 6:42 p.m.

    (iii)    April 13, 2022 at 12:35 p.m.

    (iv)    April 14, 2022 at 7:18 a.m.

Mr. Marra also tried to serve the Subpoenas and Rule 2004 Order on Steven and Wilson at the 2 Doyers Street, Apartment 4 address, on the following dates and times:

    (i)    April 12, 2022 at 6:52 p.m.

    (ii)    April 13, 2022 at 12:43 p.m.

    (iii)    April 14, 2022 at 7:24 a.m.

A copy of the Affidavit of Attempted Service is attached hereto as **Exhibit G** to the Ringel Decl. With each attempted service of process, the process server received no response to his repeated ringing of the buzzer and calls to 212-367-7338, a number listed at 2 Doyers belonging to a "William Ng". *See* Ringel Decl., Ex. G.

    20.    Along with the attempts at personal service, Debtors' counsel tried to

---

[3] Mr. Frank's law firm filed a verified answer with affirmative defenses and counterclaims ("Answer") on behalf of Steven and Wilson in the Foreclosure Action. A copy of the Answer is attached to the Ringel Decl. as **Exhibit F**.

[4] This alternative address was contained in the Smartlinx search results mentioned in footnote 2 and attached as Exhibit B to the Ringel Decl.

contact Frank by phone several times during the week of April 11th, finally sending a letter to Frank on Friday April 15th advising him that that the Debtors intended to file a motion for contempt if no response was received. At 3:00 p.m. on April 15th, Frank spoke with Debtors' counsel and indicated that his clients had received the Rule 2004 Order and while he did not yet have authority from them to accept service of the Subpoenas, he expected to have such authority by Monday the 18th. Counsel discussed which items should given priority including providing (i) keys to both properties, (ii) the account numbers for the Debtors' utility accounts, (iii) banking records, (iv) tenant leases, and (v) copies of the last three years tax returns. Debtors' counsel suggested an immediate rolling production starting on Monday April 18th with the balance of the production finished as soon as possible. A copy of the April 15, 2022 letter is annexed to the Ringel Declaration as **Exhibit H**.

21. On April 18, 2022, Debtors' counsel emailed Frank at 2:49 p.m. asking for an update. On April 19th at 9:58 a.m. Frank responded that "Our office is working on the items discussed. When I receive authority/information I will provide. Hopefully by today." A copy of this email trail is attached to the Ringel Decl. as **Exhibit I**. No further communication was subsequently received from Frank or his clients.

22. Because the Debtors' previous attempts at serving the Rule 2004 Order and Subpoenas on the Non-Compliant Members via Federal Express failed, the Debtors on April 19, sent additional copies of the Rule 2004 Order and Subpoenas on the Non-Compliant Members at 26 Bowery, 5th Floor via First Class Mail and

Certified Priority Mail Return Receipt Requested. *See* Certificate of Service filed on April 21, 2022 (ECF Doc. 20).

23. Although Frank had admitted that his client had received the 2004 Order and knew of their obligation to comply, the Debtor continued to attempt service. On April 20, 2022, the Debtors served the Rule 2004 Order and Subpoena on Wilson at a third alternative address,[5] 50 Hardscrabble Road, Chester, New York, via Federal Express Overnight delivery (signature required) and Certified Priority Mail Return Receipt Requested. *See* Certificate of Service filed on April 21, 2022 (ECF Doc. 21). The Rule 2004 Order and Subpoena were signed for and accepted on behalf of Wilson on April 21, 2022. A copy of the signature receipt is attached to the Ringel Decl. at **Exhibit J**.

24. As a result of the Wilson and Steven's failure to comply with the Rule 2004 Order and Subpoenas, the Independent Manager has been unable to access the 26 Bowery Property and 2 Bowery Property and will have to change the locks which will unfortunately inconvenience the tenants, but the Non-Compliant Members have left the Debtors with no reasonable alternative.

## RELIEF REQUESTED

25. By this Motion, the Debtors seek the entry of an order (a) finding the Non-Compliant Members in civil contempt for their failure to comply with the Subpoenas and Rule 2004 Order, (b) compelling the Non-Compliant Members to immediately abide by the provisions of Rule 2004 Order and Subpoenas, and (c)

---

[5] This alternative address was also obtained via the Smartlinx search attached as Exhibit B to the Ringel Decl.

{01147695.DOC;8 }                                    11

finding the Non-Compliant Members jointly and severally liable to the Debtors' estates for enforcement costs of the Rule 2004 Order and Subpoenas including reasonable attorney's fees for the preparation and prosecution of this Motion.. To ensure compliance with the Court's order, this Court should impose a coercive sanction of $500 per day on each Non-Compliant Member, beginning two days after the entry of the Court's order on this Motion, and continuing until full compliance with the Rule 2004 Order and Subpoenas.

## BASIS FOR RELIEF

### Debtors Complied With the Requirement of Rule 9016 Of The Federal Rules Of Bankruptcy Procedure

26. Fed. R. Bankr. P. 2004(c) provides, in pertinent part:

The attendance of an entity for examination and for production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial….

Fed. R. Bankr. P. 2004(c).

27. Fed. R. Bankr. P. 9016 provides that "Rule 45 F. R. Civ. P. applies in cases under the Code". Thus, Rule 45 of the Federal Rules of Civil Procedure ("Rule 45") applies to Fed. R. Bankr. P. 2004.

28. Rule 45 "sets forth the standards governing subpoenas issued to third parties." *Medical Diagnostic Imaging, PLLC v. CareCore Nat'l, LLC,* No. 06 Civ 7764(CS)(THK), 2008 WL 3833238, at *2 (S.D.N.Y. Aug. 15, 2008). Rule 45 requires that a subpoena be sent by "delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 full day's

attendance and the mileage allowed by law. *Id.* "[N]othing in the word 'deliver[y]' indicates personal service, and a personal service requirement can be unduly restrictive." *Id.* at *2 (citing Moore's §45.21).

29. "[N]ot all courts require personal service, and, in particular, courts in the Second Circuit have authorized alternate service. *Id.* "[T]he only limitation upon service under Rule 45 is that the procedure employed be reasonably calculated to give the non-party actual notice of the proceedings and an opportunity to be heard." *First Nationwide Bank v. Shur (In re Shur),* 184 B.R. 640, 644 (Bankr. E.D.N.Y. 1995).

30. Several courts in New York have held that personal service of a subpoena is not required. *See, e.g., Cohen v. Doyaga,* No. 00-CV-2090 (FB), 2001 WL 257828, at *3, (E.D.N.Y. Mar. 9, 2001) ("Personal service of a subpoena on a non-party in a bankruptcy proceeding is not required, and may be accomplished in a manner 'reasonably calculated to give the non-party notice of the proceedings and an opportunity to be heard'"); *King v. Crown Plastering Corp.,* 170 F.R.D. 355, 356 (E.D.N.Y. 1997) ("the court sees no reason for requiring in hand delivery…so long as service is made in a manner that reasonably insure[d] actual receipt of the subpoena by the witness"); *First Nationwide Bank v. Shur (In re Shur),* 184 B.R. 640, 641 (E.D.N.Y. 1995) (holding that "personal service is not required under Rule 45, made applicable to this case by Fed. R. Bankr. P. 9016").

31. A subpoena may be served by certified mail or overnight courier. *Ott v. Milwaukee,* 682 F.3d 552, 557 (7th Cir. 2012); *Sparrow Fund v. Mimedx Grp., Inc.,* No.

18-CV-4921 (PGG)(KHP), 2021 WL 2767131, at *3, (S.D.N.Y. July 2, 2021) ("Alternative service methods – such as service by certified mail – will be permitted where such service 'reasonably insures actual receipt of the subpoena by the witness' and 'comports with due process' insofar as it is 'reasonably calculated under the circumstances to provide [the witness] with both notice and an opportunity to present objections.'"); see *TracFone Wireless, Inc. v. Nektova Grp., LLC,* 328 F.R.D. 664, 667 (S.D. Fla. 2019) (Service of third-party subpoenas may be made by FedEx or UPS, "as such methods are reasonably calculated to ensure receipt of the subpoena by the witness"); *S.E.C. v. Rex Venture Grp. LLC*, No. 5:13-MC-004-WTH-PRL, 2013 WL 1278088, at *2 (M.D. Fla. Mar. 28, 2013) (finding that service was effectuated when made by FedEx and certified mail).

33. Additionally, "under modern New York procedural law even so-called 'personal service' can be made other than by delivery in hand simply by delivery to a person of suitable age and discretion at the residential address coupled with mailing to the residential address." *See King v. Crown Plastering Corp.*, 170 F.R.D. at 356 (citation omitted)(Subpoena *duces tecum* delivered by hand and separately by mail to residence of husband and wife could obtain personal service over them in connection with an action where they were called as witnesses, even though husband and wife were not personally served with subpoenas).

33. Service may also be appropriate when made to the deponent's attorney. *See e.g. In re MTS Bank,* No. 17-21545-MC-WILLIAMS/TORRES, 2018 WL 1718685, at *4 (S.D. Fla. Mar. 16, 2018) (applying rule of reasonable calculation when the

subpoena was delivered to the deponent's attorney and the deponent never denied having received subpoena). Service by email may also be sufficient. *Rainy v. Taylor,* No. 18-24802-MC-SCOLA/TORRES, 2019 WL 1922000 (S.D. Fla. April 30, 2019) (given that Rule 45 does not expressly prohibit email service and process server had spoken with deponent about matter, service by email was reasonably calculated to ensure intended recipients' receipt of subpoena).

34. Along with the attempted personal service upon the Non-Compliant Members, the Debtors served a copy of the Rule 2004 Order and Subpoenas by Federal Express, Certified Priority Mail Return Receipt Requested, and regular mail. The Debtors have surpassed what is necessary to effectuate service of the Rule 2004 Order and Subpoenas on the Non-Compliant Members and given them notice of their obligations under the order and an opportunity to object. In addition to service on their counsel, they were served at addresses as found in the Debtors' operating agreement and loan documents by Federal Express, Regular Mail and Certified Priority Mail Return Receipt Requested.

35. The Debtors served the Non-Compliant Members' counsel in the pending foreclosure action against the Debtors. Their counsel acknowledged receipt of the 2004 Order and having discussed the order and the responsibility to comply with it with Wilson and Steven. Frank discussed the matter by phone and offered an admission that he had discussed the Rule 2004 Order with his clients and that they understood they were required to comply with the Order. He thereafter emailed Debtor's counsel that he was working on producing the documents that had been

discussed, but then no documents were ever produced.

36. Finally, with respect to Wilson, he was served via Federal Express and Certified Priority Mail Return Receipt requested at address – 50 Hardscrabble Road, Chester, New York and the package was signed for and accepted on Wilson's behalf by a person of suitable age and discretion, which under the standard in *King v. Crown Plastering Corp.* is also sufficient service under Rule 45.

37. All told, since April 8, 2022, one day after entry of the Rule 2004 Order, the Debtors have exhausted all means to try to serve the Non-Compliant Members with the Rule 2004 Order and Subpoenas in order to obtain the necessary information to complete its Schedules and Statement of Financial Affairs as well as to operate the 26 Bowery Property and 2 Bowery Property to avoid any further interruptions to the tenants. The Debtors submit that every service attempt —Federal Express Overnight Delivery, Certified Mail Return Receipt Requested, personal service, and regular mail and service on Steven and Wilson counsel in the foreclosure action — has been reasonably calculated to give the non-party notice of the proceedings and an opportunity to be heard.

### The Non-Compliant Members Should Be Found to Be in Civil Contempt For Failing to Comply With 2004 Order and Subpoenas

38. This Court, under section 105 of the Bankruptcy Code, is vested with the power to enforce its own orders by virtue of its contempt powers. See *Gibbons v. Haddad (In re Haddad),* 68 B.R. 944, 949 (Bankr. D. Mass. 1987); *In re Johns-Manville Corp.*, 26 B.R. 919, 921 (Bankr. S.D.N.Y. 1983). The civil contempt power is necessary to protect "the due and orderly administration of justice and in

{01147695.DOC;8 }                                    16

maintaining the authority and dignity of the court." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980).

39. In order to hold a party in civil contempt, the movant must establish a knowing violation of a sufficient, specific and precise order and knowledge of such order. *See Fidelity Mortg. Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 51 (2d Cir. 1976), *cert. denied*, 429 U.S. 1093 (1977). "Willfulness is not required and intent is irrelevant because of the remedial and coercive nature of civil contempt." *In re Damon*, 40 B.R. 367, 374 (Bankr. S.D.N.Y. 1984). The standard to apply to determine whether there is contemptuous activity is clear:

> in order to hold the alleged contemnor in contempt, the court need only (1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that that order was not complied with, and (3) find that the alleged contemnor has not clearly established his inability to comply with the terms of the order.

*Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d. Cir. 1995).

40. In this case, the Court approved the issuance of the Subpoenas and retained jurisdiction to resolve all matters arising under or related to the Rule 2004 Order. The terms of the Subpoenas are clear and unambiguous. This is not a question of "half-hearted" or even "partial" compliance where ambiguities may matter. Here, there is <u>no</u> compliance. Despite service of the Subpoenas by certified mail, regular mail, Federal Express, communications with the Non-Compliant Members' counsel and seven attempts at personal service, the Non-Compliant Members failed to object to the Subpoenas, move to quash the Subpoenas, or even attempt to comply in any way. They essentially ignored the Subpoenas – and

continue to do so.

41.   For the Debtors to administer these cases, they need the documents requested from the Non-Compliant Members, and if necessary, upon review of the documents, their examination, to prepare and file the Schedule of Assets and Liabilities and Statements of Financial Affairs.

42.   If the Non-Compliant Members continue to violate the Subpoenas (and ignore another Court Order), the Debtors seek to have the Non-Compliant Members held in civil contempt of Court and for the Court to impose sanctions as "a remedial device intended to achieve full compliance with [the] court's order." *Pigford v. Veneman*, 307 F. Supp. 2d 51, 56 (D.D.C. 2004).  Coercive sanctions have been used in this Court as a tool to compel compliance with court orders. *See, e.g.*, *In re Vernon 4540 Realty, LLC*, No. 20-22919, ECF No. 126 (Bankr. S.D.N.Y. Jan. 5, 2022) (imposing a coercive sanction of $1,000 a day to compel compliance with court order by debtor's member). When fashioning a civil contempt sanction that is coercive, the court "has broad discretion to design a remedy that will bring about compliance." *Perfect Fit Industries, Inc. v. Acme Quilting Co.,* 675 F.2d 53, 57 (2d Cir. 1982).

43.   As an additional sanction, the Non-Compliant Members should be obligated for the cost of the Debtors' estate to attempt services and the reasonable legal fees of Debtors' counsel to prepare and prosecute  this Motion.

44.   The Debtors believe that the Court's imposition of a daily sanction of $500 per day on each of the Non-Compliant Members, beginning on the second day after the entry of the Court's order on the docket, and continuing through  full

compliance is an adequate remedy to bring about the Non-Compliant Members' adherence to the terms of the 2004 Order and the Subpoenas.

## NOTICE

45.  The Debtors are serving this Motion on the Non-Compliant Members and Frank to be heard on May 2, 2022 at 11:00 a.m. The Motion is being scheduled on shortened notice with the Court's express permission.

## NO PRIOR REQUEST

46.  No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that this Court enter an Order granting the relief request herein in the proposed form of order annexed hereto.

Dated:  New York, New York
April 25, 2022

> ROBINSON BROG LEINWAND GREENE
>   GENOVESE & GLUCK P.C.
> *Attorneys for the Debtors and Debtors in Possession*
> 875 Third Avenue, 9th Floor
> New York, New York 10022
> Tel. No.: 212-603-6301
>
> By: /s/ Fred B. Ringel
>   Fred B. Ringel
>   Steven B. Eichel
>   Clement Yee