ROBINSON BROG LEINWAND GREENE
  GENOVESE & GLUCK P.C.
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6301
Fred B. Ringel, Esq.
Clement Yee, Esq.
*Attorneys for the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

**26 BOWERY LLC** and
**2 BOWERY HOLDING LLC**,

                    Debtors.
-----------------------------------------------------------X

Chapter 11

Case No.:  22-10412 (MG) and
               22-10413 (MG)
           (Jointly Administered)

SECOND APPLICATION PURSUANT TO BANKRUPTCY
RULE 1007 FOR AN ORDER GRANTING AN EXTENSION OF TIME
TO FILE ITS STATEMENT OF FINANCIAL AFFAIRS AND SCHEDULES

The debtors and debtors in possession, 26 Bowery LLC and 2 Bowery Holding LLC (together, "Debtors"), by their counsel, Robinson Brog Leinwand Greene Genovese & Gluck P.C., respectfully represents as follows:

SUMMARY OF RELIEF REQUESTED

1.    By this application ("Motion"), the Debtors seek entry of an order, pursuant to Rule 1007(c) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and section 521 of the United States Code ("Bankruptcy Code"), extending through the later of (i) fourteen (14) days after the persons subject to the Bankruptcy Rule 2004 Order (as defined herein) comply with such

order or (ii) thirty (30) days from May 12, 2022, the time within which they must file their List of 20 Largest Unsecured Creditors, Statement of Financial Affairs and its Schedules of Assets and Liabilities and Executory Contracts and Unexpired Leases (such list of 20 largest unsecured creditors, statement of financial affairs, and schedules hereinafter referred to as the "Schedules"). For the reasons set forth below, additional time is needed to ensure that these documents, when filed, represent accurate and complete information in order to facilitate the ongoing administration of these Chapter 11 cases.

## JURISDICTION

2.    The Court has jurisdiction over this Motion under 28 U.S.C. §1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue of this proceeding is proper pursuant to 28 U.S.C. §§1408 and 1409.

3.    The statutory predicates for the relief requested herein are section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c).

## BACKGROUND

4.    On March 31, 2022 ("Petition Date"), the Debtors commenced their Chapter 11 cases ("Chapter 11 Cases") by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5.    26 Bowery is the owner of the real property and improvements located at 26 Bowery, New York, New York ("26 Bowery Property"). 2 Bowery is the owner of the real property and improvements located at 2 Bowery, New York, New York ("2 Bowery Property"). Both the 26 Bowery Property and 2 Bowery Property are

mixed-use properties in Manhattan's Chinatown neighborhood.

6. Pursuant to the exercise of the default provisions under the Membership Interest Pledge and Security Agreements dated as of April 26, 2019 by Bowery Mezz LLC ("Mezz Lender"), the Debtors' mezzanine lender, the Mezz Lender amended the Amended and Restated Limited Liability Company Operating Agreement of each of the Debtors to appoint a manager to manage the Debtors ("Independent Manager") who is independent of the Debtors' members and their prepetition mortgage lender.  RK Consultants LLC, by its member Brian Ryniker, was subsequently appointed the Independent Manager.

7. On the Petition Date, the Debtors filed their first motion to extend their deadline to file their Schedules on the basis that they were not in possession of their respective books and records because of Debtors' members refused the Mezz Lender's initial request for the Debtors' books and records upon the Mezz Lender's exercise of its pledge rights.  An order extending the Debtors' deadline to file their Schedules through May 12, 2022 was entered on April 8, 2022 (ECF Doc. 14).

8. Because of the refusal of the Debtors' members to turn over the Debtors' books and record, soon after the filing of the Debtors' initial motion to extend its Schedules filing deadline, the Debtors filed an *ex parte* motion seeking authority under Bankruptcy Rule 2004 to subpoena the Debtors' books and records from members Steven Ng and Wilson Ng (together, "Members") and take examinations of the Members, if necessary.

9. An order directing the Members to produce the Debtors' books and

records, and authorize examinations, if necessary, was entered on April 7, 2022 (ECF Doc. 12) ("Bankruptcy Rule 2004 Order").

10.  The Debtors served Bankruptcy Rule 2004 subpoenas ("Subpoenas") on the Members through their known addresses by overnight mail and by process server, however, the Members failed to respond to the Debtors' attempts at serving the Subpoenas. The Members' last known counsel was also served with the Subpoenas. Counsel to the Debtors and counsel to the Members briefly communicated in an attempt to complete discovery through informal means. However, after such efforts failed, and on April 25, 2022, the Debtors' filed a motion to find the Members in contempt and compel compliance with the Subpoenas (ECF Doc. 23) ("Contempt Motion"). The Debtors adjourned the hearing on the Contempt Motion to May 9, 2022, after counsel to the Members informed counsel to the Debtors that the Members would complete production by May 6, 2022. The Members provided only bank statements for the Debtors.

11.  Because the Members failed to complete production, the Debtors' renewed the hearing on the Contempt Motion for May 9, 2022. When counsel to the Members was unable to explain why the Members were unable to comply the with the Subpoenas in a timely manner, the Court further adjourned the Contempt Motion to May 12, 2022 where the Members are to appear in front of the Court to answer questions from Debtors' counsel under oath regarding documents that are responsive to the Subpoenas.

## BASIS FOR RELIEF REQUESTED

12.   Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) requires the Debtors to file their Schedules within fourteen (14) days following the Petition Date.  However, the deadline to file Schedules was extended to May 12, 2022 by Order of the Court and without prejudice to seek additional extensions.[1]

13.   Bankruptcy Rules 1007(a)(5) and (c) provide that any extension of time to file the Schedules may be granted only upon motion for cause shown.  The Court previously granted an extension of the Debtors' time to file their Schedules to May 12, 2022 on the basis that the Debtors were not in possession of their books and records.  Pending resolution of the Contempt Motion, the Debtors will continue to be out of possession of their books and records.  Therefore, until the Members comply with the Subpoenas, whether voluntarily or through the Court's orders, the Debtors remain unable to complete their Schedules.

14.   As previously stated in the Debtors' first motion for an extension, until the Debtors can obtain their books and records, the Debtors submit that cause exists for the requested extension.  Accordingly, the Debtors submit that, under the present circumstances, cause exists for an additional extension of time to file their Schedules within the meaning of Bankruptcy Rule 1007(c).

15.   Because as of the filing of this Motion, the Contempt Motion remains pending, the Debtors seek an extension of time to file its Schedules until the later of (i) fourteen (14) days after the Members fully comply with the Bankruptcy Rule

---

[1] The filing of this motion prior to the expiration of the deadline to file Schedules tolls the deadline to file Schedules pending resolution of this motion. *See* Bankruptcy Rule 9006(b).

2004 Order comply order or (ii) a thirty (30) day extension of the current May 12 deadline.

16. The extension is calculated to avoid having to make an additional extension motion and with the hope that the Bankruptcy Rule 2004 Order will have been complied with within the proposed time frames. The Debtors believe that this additional extension will provide the Debtors with sufficient time to receive and then review the necessary information to complete their Schedules. This application is without prejudice to seeking additional time should the same be necessary if the Debtors' books and records are not promptly produced upon a resolution of the Contempt Motion.

## NOTICE

17. Notice of this Motion has been given to the United States Trustee, counsel to the Members, all those who have entered an appearance in this case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no further notice of the Motion is necessary or required.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order granting an extension of time to file the Schedules through and including the later of (i) fourteen (14) days after the Members fully comply with the Bankruptcy Rule 2004 Order or (ii) thirty (30) days from May 12, 2022 and grant such further relief as is just and proper.

**DATED:**  New York, New York
May 11, 2022

> **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**
> **Attorneys for Debtors**
> 875 Third Avenue, 9th Floor
> New York, New York 10022
> Tel. No.: 212-603-6300
>
> By: /s/ Fred B. Ringel
> **Fred B. Ringel**