| Term | Definition | Location |
|---|---|---|
| 2 Bowery | 2 Bowery Holding LLC | Final Order, Preamble |
| 2 Bowery Property | the real property and improvements located at 2 Bowery, New York, New York | Motion, ¶6 |
| 26 Bowery | 26 Bowery LLC | Final Order, Preamble |
| 26 Bowery Property | the real property and improvements located at 26 Bowery, New York, New York | Motion, ¶6 |
| Adequate Protection Liens | solely to benefit the Prepetition Secured Lender, a replacement security interest in and lien upon all of the DIP Collateral to the extent of any Diminution in Value, subject and subordinate only to the DIP Liens, the Carve Out, and the Permitted Liens | Final Order, ¶13(i) |
| Adequate Protection Obligations | the Adequate Protection Liens, the Adequate Protection Superpriority Claims, and the payment of (a) all accrued and unpaid fees and disbursements owing to the Prepetition Secured Lender under the Prepetition Secured Note and incurred prior to the Petition Date, including fees and expenses of counsel to the Prepetition Secured Lender and attorney's fees and expenses advanced to Debtors or on behalf of Debtors to retain counsel and the Independent Manager; and (b) current cash payments of all attorney's fees and out-of-pocket disbursements of (1) Lender's Counsel and (2) such other consultants and advisors as may be retained or may have been retained from time to time by the Prepetition Secured Lender, in its sole discretion | Final Order, ¶13 |
| Adequate Protection Superpriority Claims | Allowed superpriority claims, solely for the benefit of the Prepetition Secured Lender, with priority over any and all other administrative expenses now existing or hereafter arising, of any kind whatsoever, including, without limitation, all other administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code, and over any and all other administrative expenses or other claims arising under sections 105, 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b), 546, 726, 1113, or 1114 of the Bankruptcy Code, which allowed claims shall for purposes of section 1129(a)(9)(A) of the Bankruptcy Code be considered administrative expenses allowed under section 503(b) of the Bankruptcy Code, and which shall be payable from and have recourse to all prepetition and postpetition property of Debtors and all proceeds thereof | Final Order, ¶13(ii) |
| Advance | Borrowings under the Agreement | Agreement, §§ 1 and 2(a) |
| Affiliates | shall have the meaning assigned to such term in the Bankruptcy Code and, when used with respect to a specified Person, shall mean another Person that, directly or indirectly through one or more intermediaries, controls or is controlled by, or is under common control with the Person specified | Agreement, §1 |
| Agreement | the Senior Secured Super-Priority Debtor-in-Possession Loan Agreement | Agreement, §1 |
| Auction Deadline | February 20, 2023 (or such later date as the Lender may agree in writing in its sole discretion), by which the Borrowers will conduct the auction contemplated in the Bid Procedures Order | Agreement, §7(l)(iv) |
| Avoidance Action Proceeds | the proceeds of the Avoidance Actions | Final Order, Preamble (vii) |
| Avoidance Actions | claims and causes of action under chapter 5 of the Bankruptcy Code, including without limitation sections 502(d), 544, 545, 547, 548, 549, and 550 of the Bankruptcy Code, any other avoidance actions under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, the Uniform Voidable Transactions Act, nonbankruptcy law, or any proceeds therefrom | Agreement, §1; Final Order, Preamble (vii) |
| Bankruptcy Code | the United States Bankruptcy Code, being Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as enacted in 1978, as the same has heretofore been amended, recodified, modified, or supplemented, together with all rules, regulations and interpretations thereunder or related thereto | Agreement, ¶A; Agreement, §1; Motion, ¶3 |
| Bankruptcy Court | United States Bankruptcy Court for the Southern District of New York, or any other court having jurisdiction over the Case from time to time | Agreement, ¶A; Agreement, §1 |
| Bankruptcy Rules | the Federal Rules of Bankruptcy Procedure | Motion, ¶3 |
| Bid Procedures Motion | a motion seeking the Bankruptcy Court's approval of the Bid Procedures Order and the sale of all, or substantially all, of the Property, together with supporting declarations, in each case, in form and substance acceptable to Lender | Agreement, §7(l)(i) |
| Bid Procedures Order | an order granting the Bid Procedures Motion | Agreement, §7(l)(i) |
| Borrowers | 2 Bowery Holding LLC and 26 Bowery LLC, as debtors-in-possession, in their capacity as borrowers | Agreement, Preamble; Final Order, Preamble (i); Motion, ¶1(a) |
| Budget | if requested by Lender, the budget agreed upon by Borrowers and Lender from time to time based upon the projected needs of Borrowers as requested by Borrowers and approved by Lender | Agreement, §1 |
| Budgeted Fees | weekly estimates provided by Debtor's counsel | Final Order, ¶4(iii) |
| Business Day | any day other than a Saturday, Sunday, or day on which commercial banks in New York City are authorized or required by law to close | Agreement, §1 |

| Term | Definition | Location |
|---|---|---|
| Carve-Out | The DIP Liens, the DIP Superpriority Claims, the Prepetition Liens, and the Adequate Protection Liens shall be junior and subject to the payment, without duplication, of the following fees and expenses: (a) all unpaid fees payable to the U.S. Trustee and Clerk of the Bankruptcy Court pursuant to section 1930(a) of Title 28 of the United States Code; (b) to the extent allowed by the Bankruptcy Court at any time (regardless of whether the order allowing such fees is entered before or after notice of the Carve-Out Trigger Date) and subject to Paragraph 4(iii) of the Final Order, payment of fees and expenses and reimbursement of expenses payable to Leech Tishman Robinson Brog PLLC (or its predecessor firm, Robinson Brog Leinwand Greene Genovese & Gluck P.C.) as counsel to the Debtors, and any other professionals retained by the Debtors or a Committee, if any, appointed in the Debtors' case incurred prior to delivery of a Carve-Out Notice, inclusive of any holdbacks, but excluding any unused retainers established prior to the date hereof, (c) all unpaid fees and expenses incurred by the Professionals after the delivery of a Carve-Out Notice, in an aggregate amount not to exceed $250,000 | Agreement, §1; Final Order ¶4(i) |
| Carve-Out Notice | DIP Lender's written notice to the Debtors, Debtors' counsel, the U.S. Trustee, and counsel to the Committee, if any, that the Carve-Out is invoked, which notice may be delivered following the occurrence and during the continuance of an Event of Default under the DIP Loan Documents | Final Order, ¶4(ii) |
| Carve-Out Trigger Date | the day after the DIP Lender provides the Carve-Out Notice | Final Order, ¶4(ii) |
| Case/Cases | In re 26 Bowery LLC, et al., Bankr. S.D.N.Y. Case No. 22-10412 (MG), for which Borrowers filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code | Agreement, ¶A; Agreement, §1; Final Order, ¶A |
| Cash Collateral | "cash collateral" as defined in section 363(a) of the Bankruptcy Code | Agreement, §1; Final Order, Preamble (iii) |
| Challenge | a properly authorized adversary proceeding or contested matter (subject to the limitations contained in the Final Order) that has been commenced by any party in interest with requisite standing other than Debtors (or if either of the Cases is converted to a case under chapter 7 prior to the expiration of the Challenge Period, the chapter 7 trustee in such Successor Case) (a) challenging the validity, enforceability, priority, or extent of the Prepetition Indebtedness, the Prepetition Loan Documents, or the Prepetition Secured Lender's liens on the Prepetition Collateral, or (b) otherwise asserting or prosecuting any Claims and Defenses | Final Order, ¶17(i) |
| Challenge Period | the date that is sixty (60) days after the entry of the Final Order | Final Order, ¶5(ii) |
| Change in Control | a "Change in Control" shall be deemed to have occurred if (a) there is a material change in either Borrowers' management including the termination or replacement of the Independent Manager, unless such termination or replacement is by act of the Lender; (b) any change in control (or similar event, however denominated) with respect to Borrowers shall occur under and as defined in any material agreement in respect of which either Borrower is a party; or (c) all or substantially all of the assets of either Borrower shall be sold, or a chapter 11 plan shall be confirmed, without Lender's express written consent; provided however, that any change in control pursuant to a sale or reorganization plan that provides for immediate repayment of the amounts outstanding under this Agreement shall not constitute a Change-in-Control | Agreement, §1 |
| City | City of New York | Final Order, ¶27 |
| Claims and Defenses | any action for preferences, fraudulent conveyances, other voidable transfers or avoidance power claims, subordination, recharacterization, or any other claims, counterclaims, or causes of action, objections, contests, or defenses | Final Order, ¶17(i) |
| Closing Date | the date of the entry of the Final Order | Agreement, §1 |
| Collateral | Property Collateral together with the Personal Collateral | Agreement, §4(b) |
| Collateral Support | all property (real or personal) assigned, hypothecated, or otherwise securing any Collateral and shall include any security agreement or other agreement granting a lien or security interest in such real or personal property | Agreement, §1 |
| Confirmation Order | an order confirming a Plan that authorizes the sale of the Property in a form and manner satisfactory to Lender | Agreement, §§ 1 and 7(l)(v) |
| Court | the United States Bankruptcy Court for the Southern District of New York | Final Order, ¶A |
| Court Day | any day other than a day on which the Bankruptcy Court is authorized or required by law to close | Agreement, §1 |
| Debtors | 26 Bowery and 2 Bowery | Final Order, Preamble; Motion, Preamble |
| Default Rate | During the occurrence and continuance of an Event of Default additional interest shall accrue on the unpaid principal and interest of this Agreement at a rate equal to 15% per annum or the maximum amount of interest allowable by applicable law | Agreement, §2(c)(ii) |
| Diminution in Value | any diminution in the value of the Prepetition Secured Lender's interests in the Prepetition Collateral during the Case, as provided in the Bankruptcy Code | Final Order, ¶13 |
| DIP Administrative Claims | the obligations of Borrowers under the Agreement, which at all times constitute allowed super-priority administrative expenses claims in the Case | Agreement, §§ 1 and 4(g)(i)(1) |

| Term | Definition | Location |
|---|---|---|
| DIP Collateral | (i) Unencumbered Property, (ii) all pre- and postpetition property of Debtors and all proceeds thereof (including, without limitation, Cash Collateral) that, on or as of the Petition Date or the date acquired (if acquired after the Petition Date) was subject to the Prepetition Liens, and (iii) (a) any lien or security interest that is avoided and preserved for the benefit of the Debtors and their estates under section 551 of the Bankruptcy Code or (b) any liens or security interests heretofore or hereinafter granted in the Cases or any Successor Case or Prepetition, including, without limitation, any liens or security interests granted in favor of any federal, state, municipal, or other governmental unit, commission, board, or court for any liability of the Debtors, except for the Permitted Liens | Final Order, ¶5 |
| DIP Facility | senior secured postpetition financing consisting of (i) up to $3,200,000 in "new money" advances on the terms and conditions substantially set forth in the DIP Loan Agreement | Motion, ¶1(a) |
| DIP Facility Proceeds | proceeds of the DIP Facility | Motion, ¶1(c) |
| DIP Lender | Double Bowery Funding LLC | Final Order, Preamble (i); Motion, ¶1(a) |
| DIP Liens | all such liens on and security interests in the DIP Collateral granted to the DIP Lender pursuant to this Final Order and the DIP Facility | Final Order, ¶5 |
| DIP Loan | Borrowers have requested Lender to make a postpetition loan on the terms set forth in the Agreement | Agreement, ¶D |
| DIP Loan Agreement | the Agreement | Final Order, Preamble (ii) |
| DIP Loan Agreement | the Senior Secured Super-Priority Debtor-in-Possession Loan Agreement | Motion, ¶1(a) |
| DIP Obligations | [Final Order] all the obligations and the rights granted in the Final Order to the DIP Lender, including, without limitation, the Final DIP Loan, all accrued, accruing, and unpaid interest thereon, indemnification obligations, and out-of-pocket fees and expenses required to be reimbursed, including all attorney's fees and costs incurred by the DIP Lender in connection with the negotiation, drafting, and execution of the DIP Facility and all related documents and motions, and these Cases; [Motion] the principal, interest, fees, expenses and other amounts payable to the DIP Lender pursuant to the DIP Loan Agreement, including, without limitation, any principal, interest, fees, costs, and expenses of the DIP Lender, including the reasonable fees, expenses and other charges of the DIP Lender's attorneys | Final Order, ¶G(v); Motion, ¶1(b) |
| DIP Proceeds Account | The proceeds of any borrowing under the DIP Facility shall, until paid to third parties, be held by Debtors only in a debtor-in-possession account (satisfactory to the DIP Lender) | Final Order, ¶2(iii) |
| DIP Superpriority Claim | Pursuant to section 364(c)(1) of the Bankruptcy Code, all of the DIP Obligations shall constitute allowed senior superpriority administrative expense claims against Debtors (without the need to file any proof of claim or request for payment of administrative expense) with priority over any and all other administrative expenses, adequate protection claims, diminution claims (including all Adequate Protection Obligations) and all other claims against the Debtors now existing or hereafter arising, of any kind or nature whatsoever, including, without limitation, all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code, and over any and all other administrative expenses or other claims arising under sections 105, 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b), 546, 726, 1113, or 1114 of the Bankruptcy Code | Final Order, ¶3 |
| Events of Default | the events listed in the Agreement at sections 9(a)(i) through 9(a)(xxiii) | Agreement, §9(a) |
| Extension Agreement | that certain Consolidation, Modification and Extension Agreement | Agreement, §1 |
| Final DIP Loan | an aggregate amount of up to $3,200,000 in new loans, plus interest, fees, and other expenses and amounts provided for in the DIP Facility | Final Order, ¶G(vi) |
| Final Order | an order of the Bankruptcy Court, in form and substance satisfactory to Lender, authorizing, on a permanent basis, the Borrowers to enter into this Agreement, and as to which no stay on its execution or enforcement is in effect and which has not been reversed, modified, vacated, or overturned | Agreement, §1; Final Order, Preamble (ii) |
| GAAP | generally accepted accounting principles in the United States | Agreement, §1 |
| Guarantors | Chouk Ng, Wilson Ng, and Steven Ng | Agreement, §1 |
| Guaranty | that certain Guaranty of Payment dated as of April 26, 2019 made by Guarantors to Mezz Lender | Agreement, §1 |
| Hearing | the hearing held on ___ at which the Motion was considered by the Court | Final Order, Preamble |

| Term | Definition | Location |
|---|---|---|
| Indebtedness | (a) all obligations of Borrowers for borrowed money, (b) all obligations of Borrowers evidenced by bonds, debentures, notes, or similar instruments, (c) all obligations of Borrowers under conditional sale or other title retention agreements relating to property or assets acquired by Borrowers, (d) all obligations of Borrowers in respect of the deferred purchase price of property or services (other than (i) trade accounts payable incurred in the ordinary course of business and not past due for more than 60 days after the date on which such trade account was created and (ii) any earn-out obligation until such obligation appears on the liability section of the balance sheet of Borrowers), (e) all obligations of Borrowers, contingent or otherwise, to purchase, redeem, retire, or otherwise acquire for value any equity interests in Borrowers, (f) all Indebtedness of others secured by (or for which holder of such Indebtedness has an existing right, contingent or otherwise, to be secured by) any Lien on property owned or acquired by Borrowers, whether or not the Indebtedness secured thereby has been assumed, (g) all guarantees by Borrowers of Indebtedness of others, (h) all capital lease obligations or synthetic lease obligations of Borrowers, (i) all obligations, contingent or otherwise, of Borrowers as an account party in respect of letters of credit and letters of guaranty, and (j) all obligations, contingent or otherwise, of Borrowers in respect of bankers' acceptances. The Borrowers' Indebtedness includes the Indebtedness of any other Person to the extent Borrowers are liable therefor as a result of Borrowers' ownership interest in such other Person | Agreement, §1 |
| Independent Manager | the independent manager of the Borrowers, who is RK Consultants, LLC, by its member, Brian Ryniker, or such other person or entity appointed by the Mezz Lender | Agreement, §1 |
| Investments | any equity interests, evidences of Indebtedness, or other securities of, or any loans or advances or capital contributions made to, or any investment or any other interest permitted to exist, in any other Person | Agreement, §§ 1 and 8(d) |
| Invoice | invoices for Lender Professional Fees | Final Order, ¶26 |
| Leases | any and all residential or commercial leases and any lease or contract for a cell tower or cellular transmission or receiving device from a cellular service provider relating to the Property | Agreement, §1 |
| Lender | Double Bowery Funding LLC | Agreement, Preamble |
| Lender Professional Fees | Fees for a professional of the DIP Lender or the Prepetition Secured Lender incurred after the Petition Date, the payment of which is authorized by this Final Order | Final Order, ¶26 |
| Lender's Counsel | Morrison Cohen LLP | Final Order, ¶13(iii) |
| Lien | with respect to any asset of the Borrowers, (a) any mortgage, deed of trust, lien (statutory or otherwise), pledge, hypothecation, encumbrance, collateral assignment, charge, or security interest in, on, or of such asset, (b) the interest of a vendor or a lessor under any conditional sale agreement, capital lease, or title retention agreement (or any financing lease having substantially the same economic effect as any of the foregoing) relating to such asset, and (c) in the case of securities, any purchase option, call, or similar right of a third party with respect to such securities | Agreement, §1 |
| Local Rules | the Local Bankruptcy Rules for the Southern District of New York | Motion, ¶3 |
| Material Adverse Effect | a material adverse condition or material adverse change in or affecting (a) the validity or enforceability of this Agreement or the rights and remedies of Lender thereunder, (b) if a Budget has been requested by Lender, the condition (financial or otherwise), assets, operations, prospects, or business of Borrowers, not contemplated by the Budget, (c) the ability of Borrowers to comply with its obligations under this Agreement, (d) the Court denying all or part of the collateral package set forth herein, or demanding changes to this Agreement as a condition of approval which are not acceptable to Lender, and (e) the validity, legality, priority, or enforceability of any Lien created by this Agreement; provided that, for purposes of all representations and warranties made in connection with this Agreement, none of the following shall be deemed in itself, or in any combination, to constitute, a "Material Adverse Effect": (i) the filing of the Cases and (ii) the conditions, events, and changes that ordinarily occur in connection with a filing under chapter 11 of the Bankruptcy Code | Agreement, §1 |
| Maturity Date | the earliest of (i) the closing on the sale of all or substantially all of Borrowers' assets pursuant to section 363 of the Bankruptcy Code, (ii) the date that is twelve (12) months after the Petition Date, (iii) the date on which all the obligations under this Agreement have been indefeasibly repaid in full in cash and all of commitments under this Agreement have been permanently and irrevocably terminated, (iv) the date that a chapter 11 plan for Borrowers pursuant to chapter 11 of the Bankruptcy Code is declared effective, and (v) the date of termination of the commitments and/or acceleration of any outstanding extensions of credit under this Agreement following the occurrence and during the continuance of an Event of Default; provided, however, that the Maturity Date may be extended without further order of the Bankruptcy Court on written agreement of the Debtor and Lender | Agreement, §1 |
| Maximum Loan Amount | Three Million, Two-Hundred Thousand Dollars ($3,200,000) plus interest, fees, and other expenses and amounts provided for in this Agreement | Agreement, §§ 1 and 2(a) |
| Mezz Agreement | that certain General Security Agreement dated as of April 26, 2019 | Agreement, §1 |
| Mezz Lender | Bowery Mezz LLC | Agreement, §1 |
| Mezz Loan | the Mezz Note and Mezz Agreement | Agreement, §1 |
| Mezz Loan Documents | the Mezz Note, Mezz Agreement, Pledge Agreement, Guaranty, and all other documents evidencing and securing the aforementioned instruments | Agreement, §1 |
| Mezz Note | that certain $400,000.00 Promissory Note dated April 26, 2019 | Agreement, §1 |

| Term | Definition | Location |
|---|---|---|
| Milestone | the deadlines by which Debtor will (i) file the Bid Procedures Motion, (ii) obtain entry of the Bid Procedures Order, (iii) file a Plan, (iv) conduct an auction, (v) obtain entry of a Confirmation Order, and (vi) close on the sale of the property | Agreement, §§ 1 and 7(l) |
| Mortgage | the Extension Agreement collectively with the Mortgage and Security Agreement | Agreement, §1 |
| Mortgage and Security Interest | that certain mortgage and security interest in the Property granted by Borrower to Lender evidenced by the mortgage dated April 26, 2019, that was recorded with the Office of the City Register for the City of New York on June 5, 2019, under CRFN 2019000174251 | Agreement, §1 |
| Motion | Motion of Debtors for Authority to (a) Obtain Postpetition Financing and Utilize Cash Collateral Pursuant to 11 U.S.C. §§ 105, 362, 363, 364(c)(1), 364(d), and 364(e) and Fed. R. Bankr. P. 2002, 4001(c), 4001(d) and 9014, (b) Granting Adequate Protection to Prepetition Secured Lender, (c) Modifying the Automatic Stay, and (d) Granting Related Relief | Final Order, Preamble |
| Objection | an objection to the Lender Professional Fees that can be made solely on the basis of "reasonableness," and shall specify in writing the amount of the contested fees and expenses and the detailed basis for such objection | Final Order, ¶26 |
| Obligations | shall mean the obligations of Borrowers to Lender and the Mezz Lender evidenced by this Agreement, the Pre Petition Loans, or any of the documents relating to the foregoing, including the obligations of the Borrowers, Pledgors, or Guarantors under this Agreement or any of the Pre-Petition Loans to pay all of Lender's attorney's fees and expenses | Agreement, §1 |
| Order | the Final Order | Agreement, §1; Motion, ¶1 |
| Other Taxes | all present or future stamp, court, or documentary taxes and any other excise, property, intangible, recording, filing, or similar levies or charges which arise from any payment made under, from the execution, delivery, performance, enforcement, or registration of, from the receipt or perfection of a security interest under, or otherwise with respect to this Agreement | Agreement, §1 |
| Permitted Liens | the provisions in the Agreement at sections 8(b)(i) to 8(b)(xi) | Agreement, §§ 1 and 8(b)(xi) |
| Person | any natural person, corporation, trust, business trust, joint venture, joint stock company, association, company, limited liability company, partnership, Governmental Authority, or other entity | Agreement, §1 |
| Personal Collateral | all of the personal property of Borrowers, including, but not limited to, the following property, in each case, wherever located and now owned or at any time hereafter acquired by Borrowers or in which Borrowers now have or at any time in the future may acquire any right, title, or interest as security for the full and timely payment, observance, and performance of this Agreement (defined terms in the following not otherwise defined in this Agreement have the meanings assigned to such terms in the UCC): (i) all Accounts; (ii) all Chattel Paper; (iii) all Collateral Accounts and all Collateral Account Funds; (iv) all Contracts; (v) all Deposit Accounts; (vi) all Documents; (vii) all Equipment; (viii) all Fixtures; (ix) all General Intangibles; (x) all Goods; (xi) all Instruments; (xii) all Insurance; (xiii) all Intellectual Property; (xiv) all Inventory; (xv) all Investment Property; (xvi) all Letters of Credit and Letter of Credit Rights; (xvii) all Leases;  (xviii) all Money; (xix) all Receivables and Receivables Records; (xx) all Rents; (xxi) all Securities Accounts; (xxii) Proceeds of Avoidance Actions (but not Avoidance Actions); (xxiii) all books, records, ledger cards, files, correspondence, customer lists, supplier lists, blueprints, technical specifications, manuals, computer software and related documentation, computer printouts, tapes, disks, and other electronic storage media, and related data processing software and similar items that at any time pertain to or evidence or contain information relating to any of the Collateral or are otherwise reasonably necessary in the collection thereof or realization thereupon; and (xxiv) to the extent not otherwise included, all other property of Borrowers, whether tangible or intangible, and all proceeds, products, accessions, rents, and profits of any and all of the foregoing and all Collateral Support and guarantees given by any Person with respect to any of the foregoing | Agreement, §4(a) |
| Petition Date | March 31, 2022 | Agreement, ¶A; Agreement, §1; Final Order, ¶A; Motion, ¶4 |
| Plan | a chapter 11 plan | Agreement, §7(l)(v) |
| Pledge Agreements | those certain Membership Interest Pledge and Security Agreements dated as of April 26, 2019 made by Pledgors to Mezz Lender | Agreement, §1 |
| Pledgors | Chouk Ng, Wilson Ng, and Steven Ng | Agreement, §1 |
| Post-Trigger Notice Carve-Out Amount | all unpaid fees and expenses incurred by the Professionals after the delivery of a Carve-Out Notice, in an aggregate amount not to exceed $250,000 | Final Order, ¶4(i) |

| Term | Definition | Location |
|---|---|---|
| Prepetition Indebtedness | Debtors indebtedness to the Prepetition Secured Lender under the Prepetition Loan as of the Petition Date in the original principal amount of $8,200,000, evidenced by the Prepetition Secured Note, plus accrued and unpaid interest, in the amount of $66,055.62, default rate interest of $4,160,135.87, and the exit fee of $164,000.00, attorney's fees and expenses incurred in connection with the enforcement or protection of Prepetition Secured Lender's rights in the amount of $46,657.25, retainer payment in the amount of $51,738.00 for proposed counsel to Debtors, retainer payment of $10,000.00 for the Independent Manager, plus all other costs, indemnification obligations (including, without limitation, any contingent or unliquidated indemnification obligations), other charges or amounts, out-of-pocket expenses, permitted under the Prepetition Loan in the amount of $166,871.23, and reimbursement of an advance payment for insurance in the amount of $44,755.89, all of which are added to and increase the amount of the Prepetition Loan and constitute Obligations under the Prepetition Loan, and total an amount not less than $12,910,213.86. | Final Order, ¶F(i); Motion, ¶9 |
| Prepetition Loan | prepetition loan in the original principal amount of $8,200,000, evidenced by the Prepetition Secured Note | Final Order, ¶F(i); Motion, ¶9 |
| Pre-Petition Loans | the Mezz Loan Documents, the Senior Note, and the Mortgage | Agreement, §1 |
| Pre-Petition Payment | a payment made by Borrowers (by way of adequate protection or otherwise) on account of any pre-petition Indebtedness or trade payables, or other pre-petition claims against Borrowers | Agreement, §1 |
| Prepetition Secured Lender | Double Bowery Funding LLC | Motion, ¶1(a) |
| Prepetition Secured Lender Claims | Debtors' stipulations and admissions contained in the Final Order which constitute timely proofs of claim for the Prepetition Secured Lender on account of the Prepetition Indebtedness upon approval of the Final Order, and the Prepetition Secured Lender shall be treated under section 502(a) of the Bankruptcy Code as if the Prepetition Secured Lender timely filed a proof of claim | Final Order, ¶21 |
| Prepetition Secured Lien | mortgage and security interest in the Property in the principal amount of the Prepetition Loan, which was recorded with the Office of the City Register for the City of New York against the Property on June 5, 2019, under CRFN 2019000174251 | Final Order, ¶F(v); Motion, ¶10 |
| Pre-Petition Secured Liens | the Mortgage and Security Interest | Agreement, §1 |
| Prepetition Secured Note | Consolidated and Restated Mortgage Note dated as of April 26, 2019 | Final Order, ¶F(i); Motion, ¶9 |
| Prepetition Tax Liens | prepetition tax liens identified in Debtors' Schedules as follows: 2 Bowery Holdings LLC Schedule D, 2.6 and 2.8 [Docket No. 45], and 26 Bowery LLC's Schedule D, 2.2 and 2.8 [Docket No. 44], to be paid from the proceeds of the DIP | Agreement, §5(i); Final Order, ¶28 |
| Professional Fee Reserve | amounts in excess of the Budgeted Fees estimated to be incurred by such Professionals each week as may be provided by such Professionals in a weekly notice to the DIP Lender by the Debtors (provided, however, that in the event a Professional's weekly estimate Budgeted Fees exceeds the amount actually incurred by such Professional in excess of the Budgeted Fees for such week, such additional amount shall remain in the Professional Fee Reserve to be credited towards future estimated Budgeted Fees by such Professional); provided, however, that the sum of $87,200 shall be funded into the Professional Fee Reserve for Debtor's Counsel upon entry of this Order covering the period from the Petition Date through June 10, 2022. Such amounts for Professionals shall be funded into a segregated account maintained by or on behalf of the Debtors in trust for each of the Professionals (separately based on each Professional's Budgeted Fee amounts and additional estimated Budgeted Fee amounts, with each Professional entitled to such amounts as allocated) and not subject to any other lien, claim, or encumbrance | Agreement, §1; Final Order, ¶4(iii) |
| Professionals | the Debtors' and Committee's retained professionals | Final Order, ¶4(i) |
| Property | collectively, the real property located at 2 Bowery, New York, New York and 26 Bowery, New York, New York | Agreement, §1; Final Order, ¶A |
| Property Collateral | all of Borrowers' estate, right, title, and interest now owned or hereafter acquired in, to and under any and all the Real Property | Agreement, §4(b) |
| Real Property | shall include, but not be limited to, (i) all mortgaged property and all other real property owned or leased from time to time by Borrowers and (iii) the Property | Agreement, §1 |
| Remedies Notice Period | the earlier of (a) the Termination Date and (b) three business days' written notice provided by the DIP Lender to the U.S. Trustee and Debtors through their counsel of the occurrence and continuance of any Event of Default under the DIP Facility | Final Order, ¶6(i) |
| Rent | any money due, owed, or paid on account of any Lease | Agreement, §1 |
| Senior Note | that certain $8,200,000.00 Consolidated and Restated Mortgage Note | Agreement, §1 |
| Subsidiary | with respect to any Person, any corporation, partnership, limited liability company, association, or other entity (a) of which securities or other ownership interests representing more than 50% of the equity or more than 50% of the ordinary voting power or more than 50% of the general partnership interests are, at the time any determination is being made, owned, controlled, or held by such Person or (b) that is, at the time any determination is made, otherwise controlled by the parent or one or more subsidiaries of such Person or by such Person and one or more subsidiaries of such Person | Agreement, §1 |
| Successor Case | any case under chapter 7 of the Bankruptcy Code upon the conversion of either of these chapter 11 cases, or in any other proceedings superseding or related to Borrowers | Agreement, §1; Final Order, ¶4(iv) |

| Term | Definition | Location |
|---|---|---|
| Superpriority Claim | a claim against Borrowers in the Cases which is an administrative expense claim having priority over any or all administrative expenses of the kind specified in sections 503(b) or 507(b) of the Bankruptcy Code, and over any and all administrative expenses or other claims including but not limited to claims or expenses arising under sections 105, 326, 328, 330, 331, 503(b), 507(a), 507(b), 726, 1113, or 1114 of the Bankruptcy Code, whether or not such expenses or claims may become secured by a judgment lien or other non-consensual lien, levy, or attachment | Agreement, §1 |
| Taxes | All payments by or on account of any obligation of Borrowers under this Agreement shall be made free and clear of and without deduction for any present or future excise, stamp, or other taxes, fees, duties, levies, imposts, charges, deductions, withholdings, or other charges of any nature whatsoever imposed by any taxing authority, but excluding (A) any taxes imposed on or measured by Lender's net income or franchise taxes imposed in lieu of net income taxes, that would not be imposed but for a present or former connection between the Lender and the jurisdiction imposing such taxes (other than a connection arising solely from such recipient having executed, delivered, or performed its obligations or received a payment under, or enforced, this Agreement), and (B) any United States withholding tax that is imposed on amounts payable to Lender on the date hereof (or at the time Lender designates a new lending office) (such non excluded items being collectively called "Taxes") | Agreement, §§ 1 and 3(a) |
| UCC | the Uniform Commercial Code in effect in the State of New York | Agreement, §1 |
| Unencumbered Property | all prepetition and postpetition property of Debtors whether existing on the Petition Date or thereafter acquired, that, on or as of the Petition Date or the date acquired (if acquired after the Petition Date) is not subject to any other valid, perfected, and non-avoidable liens existing on the Petition Date | Final Order, ¶5(i) |