**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

Chapter 11

In re:

**26 BOWERY LLC and**                           Case No.:  22-10412 (MG) and
**2 BOWERY HOLDING LLC**,                                    22-10413 (MG)
                                                (Jointly Administered)
                        Debtors.

-----------------------------------------------------------X

## ORDER GRANTING DEBTORS' *EX PARTE* MOTION
## FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY
## RULE 2004 AUTHORIZING DISCOVERY EXAMINATIONS
## OF (I) MEGNE YONG, (II) WILLIAM NG, (III) HAILEY NG,
## (IV) STEVEN NG (V) TING DONG ZENG, (VI) KATHERINE LOK,
## (VII) DANIELLA TAM, (VIII) JENNY NG, (IX) ANNA KAM, (X) BARBARA
## MAK, (XI) DENNIS DONAHUE, (XII) CODY NG, (XIII) MIMIN YONG,
## (XIV) HUI HAO ZENG, (XV) WILSON NG, AND (XVI) ROMANO & KUAN P.C.

Upon the *ex parte* motion ("Motion")[1] of 26 Bowery LLC and 2 Bowery Holding LLC

(together, "Debtors") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, for an

order authorizing Debtors to issue subpoenas for the examination of and production of documents

from (i) Megne Yong, (ii) William Ng, (iii) Hailey Ng, (iv) Steven Ng, (v) Ting Dong Zeng, (vi)

Katherine Lok, (vii) Daniella Tam, (viii) Jenny Ng, (ix) Anna Kam, (x) Barbara Mak, (xi) Dennis

Donahue, (xii) Cody Ng, (xiii) Mimin Yong, (xiv) Hui Hao Zeng, (xv) Wilson Ng, and (xvi)

Romano & Kuan P.C. (together with Megne Yong, William Ng, Hailey Ng, Steven Ng, Ting Dong

Zeng, Katherine Lok, Daniella Tam, Jenny Ng, Anna Kam, Barbara Mak, Dennis Donahue, Cody

Ng, Mimin Yong, Hui Hao Zeng and Wilson Ng, the "Witnesses") as more fully set forth in the

Motion, and the Court having jurisdiction to consider the Motion and the relief requested in

accordance with 28 U.S.C. §§157 and 1334 and the Standing Order of Referral of Cases to

---

[1]     Capitalized terms not defined herein shall have the meaning ascribed to such term in the Motion.

Bankruptcy Judges of the United States District Court for the Southern District of New York; and

consideration of the Motion and the relief requested being a core proceeding under 28 U.S.C.

§157(b); and venue being proper before this Court under 28 U.S.C. §§1408 and 1409; and notice

of the Motion having been given as provided in the Motion, and such notice having been adequate

and appropriate under the circumstances; and it appearing that no other or further notice of the

Motion need be provided; and the Court having found and determined that the relief sought in the

Motion and granted herein is in the best interest of the Debtors, their estate and creditors, and all

parties in interest; and the legal and factual bases set forth in the Motion having established just

cause for the granted relief; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

2.      The Debtors and their counsel are authorized to cause one or more subpoenas to be

issued in accordance with Bankruptcy Rule 2004 and Fed. R. Civ. P. 45 to compel the production

of documents (including electronically stored information) in the possession, custody or control of

each of the Witnesses in this Order in accordance with Bankruptcy Rules 2004 and 9016 and Local

Bankruptcy Rules 2004-1 and 9074-1, and the testimony of Witnesses to accomplish the discovery

authorized by this Order.

3.      Service of the subpoena and a copy of this Order may be made by overnight courier,

overnight mail, personal delivery, or any other method agreed to by each of the Witnesses.

4.      The Debtors may request additional documents and oral examination in connection

with this matter, including, without limitation, requests based on any information that may be

revealed by the documents produced or by the examination of the Witnesses.

5.      Within twenty (20) days after the entry of this Order, Megne Yong shall produce all documents and information in Megne Yong's custody, possession and control that are called for in the document requests attached hereto as "**Schedule I**" ("Megne Yong Requests"), and provide the documents responsive to the Megne Yong Requests within that 20 day time period to Debtors' counsel: Leech Tishman Robinson Brog, PLLC, 875 Third Avenue, 9th Fl, New York, New York 10022, Attn:  Fred B. Ringel and Clement Yee, or to such other address as counsel for Debtors may designate in writing.

6.      Megne Yong shall be subject to an examination under oath by counsel for Debtors and in accordance with Bankruptcy Rule 2004 on such date and time and at such location (including remotely by means of a videoconference software such as Zoom) as may be designated in writing by counsel to Debtors ("Megne Yong Deposition").

7.      Within twenty (20) days after the entry of this Order, William Ng shall produce all documents and information in William Ng's custody, possession and control called for in the document requests attached as "**Schedule II**" ("William Ng Requests"), and provide the documents responsive to the William Ng Requests within that 20 day time period to Debtors' counsel: Leech Tishman Robinson Brog, PLLC, 875 Third Avenue, 9th Fl, New York, New York 10022, Attn:  Fred B. Ringel and Clement Yee, or to such other address as counsel for Debtors may designate in writing.

8.      William Ng shall be subject to an examination under oath by counsel for Debtors and in accordance with Bankruptcy Rule 2004 on such date and time and at such location (including remotely by means of a videoconference software such as Zoom) as may be designated in writing by counsel to Debtors ("William Ng Deposition").

9.      Within twenty (20) days after the entry of this Order, Hailey Ng shall produce all documents and information in Hailey Ng's custody, possession and control called for in the document requests attached as "**Schedule III**" ("Hailey Ng Requests"), and provide the documents responsive to the Hailey Ng Requests within that 20-day time period to Debtors' counsel: Leech Tishman Robinson Brog, PLLC, 875 Third Avenue, 9th Fl, New York, New York 10022, Attn: Fred B. Ringel and Clement Yee, or to such other address as counsel for Debtors may designate in writing.

10.     Hailey Ng shall be subject to an examination under oath by counsel for Debtors and in accordance with Bankruptcy Rule 2004 on such date and time and at such location (including remotely by means of a videoconference software such as Zoom) as may be designated in writing by counsel to Debtors ("Chase Deposition").

11.     Within twenty (20) days after the entry of this Order, Steven Ng shall produce all documents and information in Steven Ng's custody, possession and control called for in the document requests attached as "**Schedule IV**" ("Steven Ng Requests"), and provide the documents responsive to the Steven Ng Requests within that 20-day time period to Debtors' counsel: Leech Tishman Robinson Brog, PLLC, 875 Third Avenue, 9th Fl, New York, New York 10022, Attn: Fred B. Ringel and Clement Yee, or to such other address as counsel for Debtors may designate in writing.

12.     Steven Ng shall be subject to an examination under oath by counsel for Debtors and in accordance with Bankruptcy Rule 2004 on such date and Tinge and at such location (including remotely by means of a videoconference software such as Zoom) as may be designated in writing by counsel to Debtors ("Steven Ng Deposition").

13.     Within twenty (20) days after the entry of this Order, Ting Dong Zeng shall produce all documents and information in Ting Dong Zeng's custody, possession and control called for in the document requests attached as "**Schedule V**" ("Ting Dong Zeng Requests"), and provide the documents responsive to the Ting Dong Zeng Requests within that 20-day time period to Debtors' counsel: Leech Tishman Robinson Brog, PLLC, 875 Third Avenue, 9th Fl, New York, New York 10022, Attn:  Fred B. Ringel and Clement Yee, or to such other address as counsel for Debtors may designate in writing.

14.     Ting Dong Zeng shall be subject to an examination under oath by counsel for Debtors and in accordance with Bankruptcy Rule 2004 on such date and time and at such location (including remotely by means of a videoconference software such as Zoom) as may be designated in writing by counsel to Debtors ("Ting Dong Zeng Deposition").

15.     Within twenty (20) days after the entry of this Order, Katherine Lok shall produce all documents and information in Katherine Lok's custody, possession and control called for in the document requests attached as "**Schedule VI**" ("Katherine Lok Requests"), and provide the documents responsive to the Katherine Lok Requests within that 20-day time period to Debtors' counsel: Leech Tishman Robinson Brog, PLLC, 875 Third Avenue, 9th Fl, New York, New York 10022, Attn:  Fred B. Ringel and Clement Yee, or to such other address as counsel for Debtors may designate in writing.

16.     Katherine Lok shall be subject to an examination under oath by counsel for Debtors and in accordance with Bankruptcy Rule 2004 on such date and time and at such location (including remotely by means of a videoconference software such as Zoom) as may be designated in writing by counsel to Debtors ("Katherine Lok Deposition").

17.     Within twenty (20) days after the entry of this Order, Dianella Tam shall produce all documents and information in Katherine Lok's custody, possession and control called for in the document requests attached as "**Schedule VII**" ("Daniella Tam Requests"), and provide the documents responsive to the Daniella Tam Requests within that 20-day Tinge period to Debtors' counsel: Leech Tishman Robinson Brog, PLLC, 875 Third Avenue, 9th Fl, New York, New York 10022, Attn:  Fred B. Ringel and Clement Yee, or to such other address as counsel for Debtors may designate in writing.

18.     Daniella Tam shall be subject to an examination under oath by counsel for Debtors and in accordance with Bankruptcy Rule 2004 on such date and Tinge and at such location (including remotely by means of a videoconference software such as Zoom) as may be designated in writing by counsel to Debtors ("Daniella Tam Deposition").

19.     Within twenty (20) days after the entry of this Order, Jenny Ng shall produce all documents and information in Jenny Ng's custody, possession and control called for in the document requests attached as "**Schedule VIII**" ("Jenny Ng Requests"), and provide the documents responsive to the Jenny Ng Requests within that 20-day time period to Debtors' counsel: Leech Tishman Robinson Brog, PLLC, 875 Third Avenue, 9th Fl, New York, New York 10022, Attn:  Fred B. Ringel and Clement Yee, or to such other address as counsel for Debtors may designate in writing.

20.     Jenny Ng shall be subject to an examination under oath by counsel for Debtors and in accordance with Bankruptcy Rule 2004 on such date and time and at such location (including remotely by means of a videoconference software such as Zoom) as may be designated in writing by counsel to Debtors ("Jenny Ng Deposition").

21.     Within twenty (20) days after the entry of this Order, Anna Kam shall produce all documents and information in Anna Kam's custody, possession and control called for in the document requests attached as "**Schedule IX**" ("Anna Kam Requests"), and provide the documents responsive to the Anna Kam Requests within that 20-day time period to Debtors' counsel: Leech Tishman Robinson Brog, PLLC, 875 Third Avenue, 9th Fl, New York, New York 10022, Attn:  Fred B. Ringel and Clement Yee, or to such other address as counsel for Debtors may designate in writing.

22.     Anna Kam shall be subject to an examination under oath by counsel for Debtors and in accordance with Bankruptcy Rule 2004 on such date and time and at such location (including remotely by means of a videoconference software such as Zoom) as may be designated in writing by counsel to Debtors ("Anna Kam Deposition").

23.     Within twenty (20) days after the entry of this Order, Barbara Mak shall produce all documents and information in Barbara Mak's custody, possession and control called for in the document requests attached as "**Schedule X**" ("Barbara Mak Requests"), and provide the documents responsive to the Barbara Mak Requests within that 20-day time period to Debtors' counsel: Leech Tishman Robinson Brog, PLLC, 875 Third Avenue, 9th Fl, New York, New York 10022, Attn:  Fred B. Ringel and Clement Yee, or to such other address as counsel for Debtors may designate in writing.

24.     Barbara Mak shall be subject to an examination under oath by counsel for Debtors and in accordance with Bankruptcy Rule 2004 on such date and time and at such location (including remotely by means of a videoconference software such as Zoom) as may be designated in writing by counsel to Debtors ("Barbara Mak Deposition").

25.    Within twenty (20) days after the entry of this Order, Dennis Donohue shall produce all documents and information in Dennis Donohue's custody, possession and control called for in the document requests attached as "**Schedule XI**" ("Dennis Donohue Requests"), and provide the documents responsive to the Dennis Donohue Requests within that 20-day time period to Debtors' counsel: Leech Tishman Robinson Brog, PLLC, 875 Third Avenue, 9th Fl, New York, New York 10022, Attn:  Fred B. Ringel and Clement Yee, or to such other address as counsel for Debtors may designate in writing.

26.    Dennis Donohue shall be subject to an examination under oath by counsel for Debtors and in accordance with Bankruptcy Rule 2004 on such date and time and at such location (including remotely by means of a videoconference software such as Zoom) as may be designated in writing by counsel to Debtors ("Dennis Donohue Deposition").

27.    Within twenty (20) days after the entry of this Order, Cody Ng shall produce all documents and information in Cody Ng's custody, possession and control called for in the document requests attached as "**Schedule XII**" ("Cody Ng Requests"), and provide the documents responsive to the Cody Ng Requests within that 20-day time period to Debtors' counsel: Leech Tishman Robinson Brog, PLLC, 875 Third Avenue, 9th Fl, New York, New York 10022, Attn: Fred B. Ringel and Clement Yee, or to such other address as counsel for Debtors may designate in writing.

28.    Cody Ng shall be subject to an examination under oath by counsel for Debtors and in accordance with Bankruptcy Rule 2004 on such date and time and at such location (including remotely by means of a videoconference software such as Zoom) as may be designated in writing by counsel to Debtors ("Cody Ng Deposition").

29.     Within twenty (20) days after the entry of this Order, Mimin Yong shall produce all documents and information in Mimin Yong's custody, possession and control called for in the document requests attached as "**Schedule XIII**" ("Mimin Yong Requests"), and provide the documents responsive to the Mimin Yong Requests within that 20-day time period to Debtors' counsel: Leech Tishman Robinson Brog, PLLC, 875 Third Avenue, 9th Fl, New York, New York 10022, Attn:  Fred B. Ringel and Clement Yee, or to such other address as counsel for Debtors may designate in writing.

30.     Mimin Yong shall be subject to an examination under oath by counsel for Debtors and in accordance with Bankruptcy Rule 2004 on such date and time and at such location (including remotely by means of a videoconference software such as Zoom) as may be designated in writing by counsel to Debtors ("Mimin Yong Deposition").

31.     Within twenty (20) days after the entry of this Order, Hui Hao Zeng shall produce all documents and information in Hui Hao Zeng's custody, possession and control called for in the document requests attached as "**Schedule XIV**" ("Hui Hao Zeng Requests"), and provide the documents responsive to the Hui Hao Zeng Requests within that 20-day time period to Debtors' counsel: Leech Tishman Robinson Brog, PLLC, 875 Third Avenue, 9th Fl, New York, New York 10022, Attn:  Fred B. Ringel and Clement Yee, or to such other address as counsel for Debtors may designate in writing.

32.     Hui Hao Zeng shall be subject to an examination under oath by counsel for Debtors and in accordance with Bankruptcy Rule 2004 on such date and time and at such location (including remotely by means of a videoconference software such as Zoom) as may be designated in writing by counsel to Debtors ("Hui Hao Zeng Deposition").

33.     Within twenty (20) days after the entry of this Order, Wilson Ng shall produce all documents and information in Wilson Ng's custody, possession and control called for in the document requests attached as "**Schedule XV**" ("Wilson Ng Requests"), and provide the documents responsive to the Wilson Ng Requests within that 20-day time period to Debtors' counsel: Leech Tishman Robinson Brog, PLLC, 875 Third Avenue, 9th Fl, New York, New York 10022, Attn:  Fred B. Ringel and Clement Yee, or to such other address as counsel for Debtors may designate in writing.

34.     Wilson Ng shall be subject to an examination under oath by counsel for Debtors and in accordance with Bankruptcy Rule 2004 on such date and time and at such location (including remotely by means of a videoconference software such as Zoom) as may be designated in writing by counsel to Debtors ("Wilson Ng Deposition").

35.     Within twenty (20)  days after the entry of this Order, Romano & Kuan P.C. shall produce all documents and information in its custody, possession and control called for in the document requests attached as "**Schedule XVI**" ("Romano & Kuan Requests"), and provide the documents responsive to the Romano & Kuan Requests within that 20-day time period to Debtors' counsel: Leech Tishman Robinson Brog, PLLC, 875 Third Avenue, 9th Fl, New York, New York 10022, Attn:  Fred B. Ringel and Clement Yee, or to such other address as counsel for Debtors may designate in writing.

36.     Romano & Kuan P.C. shall produce a representative to be subject to an examination under oath by counsel for Debtors and in accordance with Bankruptcy Rule 2004 on such date and time and at such location (including remotely by means of a videoconference software such as Zoom) as may be designated in writing by counsel to Debtors ("Romano & Kuan Deposition").

37.    The Debtors' rights are reserved to request additional examinations or documents under Bankruptcy Rule 2004 based on any information that may be revealed as a result of the discovery obtained pursuant to this Order.

38.    Within five (5) business days after the entry of this Order, this Order shall be served upon (a) Megne Yong, William Ng, Steven Ng, Ting Dong Zeng, Katherine Lok, Daniella Tam, Jenny Ng, Anna Kam, Barbara Mak, Dennis Donohue, Cody Ng, Mimin Yong, Hui Hao Zeng, Wilson Ng, and Romano & Kuan P.C. and any counsel filing a notice of appearance for any of the above, (b) the United States Trustee, and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002.

39.    The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

40.    This Court retains jurisdiction to resolve all matters arising under or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement, and enforce the provisions of this Order.

**IT IS SO ORDERED.**

Dated:  July 19, 2022
          New York, New York

_____/s/ Martin Glenn_____
MARTIN GLENN
Chief United States Bankruptcy Judge

SCHEDULE I

(Megne Yong Requests)

## REQUESTED DOCUMENT TO MEGNE YONG

## INSTRUCTIONS

In responding to this request, these instructions apply:

1.      You must produce all documents within your possession, custody or control.

2.      Electronically stored data, including, but not limited to, email, computer files, and compact discs, must be produced as it is originally maintained or in a reasonably usable format.

3.      Documents produced pursuant to this request must be segregated according to the paragraphs of this request to which they are responsive.

4.      You must produce the original documents unless you are willing to stipulate to the authenticity of any copies produced and further stipulate that said copies can be used for any purpose, including at trial, as and in place of said originals.

5.      Any objection on privilege grounds must be accompanied by a privilege log which includes a description of the privileged documents. You are required to provide a specific description of each document in each category specified, the date of the document, the author and recipients, the nature of any privilege asserted and any other information sufficient to allow for a meaningful motion to compel if necessary..

6.      If you represent that you cannot comply with any particular demand for inspection or production, you must affirm that you have made a diligent search and a reasonably inquiry to comply with the particular demand.

7.      Whenever appropriate, the singular form of a word shall be interpreted to include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

8.      All requests for documents are from the date You (defined below) assert that You occupied the Apartment through the present.

## DEFINITIONS

In accordance with Local Rule 7026–1 of the Bankruptcy Court for the Southern District of New York, all Uniform Definitions in Local Civil Rule 26.3 of the Rules of the District Court

for the Southern District of New York apply to the requests below including the incorporation of Federal Rule of Civil Procedure 34(a)(1)(A). The Uniform Definitions are supplemented with the following additional definitions that also apply to this case and govern this Request for Production of Documents below:

1.      **"2 Bowery Property"** as used here means the property located at 2 Bowery, New York New York.

2.      **"26 Bowery Property "** as used here means the property located at 26 Bowery, New York, New York.

3.      **"Apartment"** means the apartment where You reside or that You occupy at either the 2 Bowery Property or 26 Bowery Property."

4.      **"Bills"** means any bills or invoices for landline telephone service, cable service, internet service, gas or electric used at the Apartment, and proof of payment of any and all of the above.

5.      **"Concerning"** means relating to, referring to, describing, evidencing or constituting.

6.      **"Communication"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7.      **"Co-Tenancy Agreement"** means any and all agreements and written correspondence with any other person who occupied the Apartment and proof of payment for rent/use and occupancy for the Apartment from or on behalf of such person.

8.       **"Deeds"** means any and all deeds for any property owned, directly or indirectly by You, and/or You occupied, and all real estate tax bills, filings and payments.

9.      **"Document"** is synonymous in meaning and equal in scope to the usage of the

2

terms "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), which includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably useable form.  A draft or non-identical copy is a separate document within the meaning of this term.

10.      **"Earnings Statements"** means full versions of all pay stubs and  earnings statements, W-2 Wage and Tax Statement form, 1098 and 1099 forms, k-1 forms, pension statements, social security statements, and other evidence of income earned by or issued to You.

11.      **"Identification Documents"** means Your birth certificate, any documents that state Your legal name, and any documents relating to or evidencing any alias used by You or documents relating to a legal name change.

12.      **"Insurance Documents"** means any documents relating to renter's and other insurance coverage for the Apartment.

13.      **"Jury Duty Documents"** means documents relating to jury duty, including, but not limited to, jury/juror summonses.

14.      **"Lease"** means any and all leases, subleases, and any other rental/occupancy agreement  with respect to the Apartment.

15.      **"License"** means any and all licenses issued to You for the operation of any vehicles, including but not limited to, passenger cars, trucks. motorcycles, boats and commercial vehicles.

16.      **"Other Leases"** means any and all leases, subleases, occupancy and  any other rental/occupancy agreements to which You are named as a party and/or any property occupied by You other than the Lease.

3

17.     **"Post Office Box"** means any and all Documents and Communications relating to the rental by You or used by You of a post office box or any similar arrangement for the receipt of mail or packages.

18.     **"Separation Decree"** means any and all separation and divorce decrees or orders.

19.     **"Social Security Documents"** means social security card, and correspondence received from Social Security Department.

20.     **"Tax Returns"** means full version of any and all federal, state and local tax return(s) with all schedules filed by You, documents showing any New York City Resident or Non-Resident taxes paid by You, and all schedules, exhibiting the income produced and/or losses assessed from the Apartment, and/or any other property owned, leased or occupied by You.

21.     **"Travel Documents"** means documents relating to Your enrollment and/or membership in any program which facilitates domestic or international travel including, but not limited to, Global Entry, TSA and Clear and applications relating thereto and any passport or passport applications.

22.     **"Unemployment Benefits"** means any documents concerning or evidencing unemployment benefits applied for, whether or not benefits received, applications for benefits, benefit determinations, payment of benefits, and any written correspondence relating to unemployment benefits.

23.     **"Voter Registration Documents"** means documents relating to Your voter registrations, including voter registration cards, voting records, and any correspondence to and from the governing department/agency.

24.     **"You"** as used here means Megne Yong (or any entities owned, directly or indirectly, by you).

4

## **DOCUMENT REQUESTS**

1.      All Documents and Communications Concerning the date that You first occupied the Apartment.

2.      All Leases with respect to the Apartment and any Communications Concerning the Leases.

3.      All Documents and Communications Concerning proof of all rent payments for the Apartment made by You or on Your behalf, including, but not limited to, bank statements, rent payment receipts, bank and other withdrawal records, bank and other deposit records and electronic transfer records.

4.      All Documents and Communications Concerning any Co-Tenancy Agreement.

5.      All Documents and Communications Concerning Bills relating to the Apartment.

6.      All Documents and Communications Concerning Insurance related to the Apartment.

7.      All Documents and Communications Concerning the security deposit You paid or paid on Your behalf in connection with the Apartment and who received the security deposit.

8.      All Documents and Communications Concerning Other Leases.

9.      All Separation Decrees.

10.     All Licenses.

11.     All Documents and Communications Concerning the Post Office Box.

12.     All Travel Documents.

13.     All Documents and Communications Concerning Unemployment Benefits.

14.     All Tax Returns

15.     All Earnings Statements.

16.    All Social Security Documents

17.    All Voter Registration Documents.

18.    All Jury Duty Documents.

SCHEDULE II

(William Ng Requests)

## REQUESTED DOCUMENT TO WILLIAM NG

## INSTRUCTIONS

In responding to this request, these instructions apply:

1.      You must produce all documents within your possession, custody or control.

2.      Electronically stored data, including, but not limited to, email, computer files, and compact discs, must be produced as it is originally maintained or in a reasonably usable format.

3.      Documents produced pursuant to this request must be segregated according to the paragraphs of this request to which they are responsive.

4.      You must produce the original documents unless you are willing to stipulate to the authenticity of any copies produced and further stipulate that those copies can used for any purpose, including at trial, as and in place of said originals.

5.      Any objection on privilege grounds must be accompanied by a privilege log which includes a description of the privileged documents. You are required to provide a specific description of each document in each category specified, the date of the document, the author and recipients, the nature of any privilege asserted and any other information sufficient to allow for a meaningful motion to compel if necessary..

6.      If you represent that you cannot comply with any particular demand for inspection or production, you must affirm that you have made a diligent search and a reasonably inquiry to comply with the particular demand.

7.      Whenever appropriate, the singular form of a word shall be interpreted to include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

8.      All requests for documents are from the date You (defined below) assert that You occupied the Apartment through the present.

## DEFINITIONS

In accordance with Local Rule 7026–1 of the Bankruptcy Court for the Southern District of New York, all Uniform Definitions in Local Civil Rule 26.3 of the Rules of the District Court for the Southern District of New York apply to the requests below including the incorporation of

Federal Rule of Civil Procedure 34(a)(1)(A). The Uniform Definitions are supplemented with the following additional definitions that also apply to this case and govern this Request for Production of Documents below:

1.    **"2 Bowery Property"** as used here means the property located at 2 Bowery, New York New York.

2.    **"26 Bowery Property"** as used here means the property located at 26 Bowery, New York, New York.

3.    **"Apartment"** means the apartment where You reside or that You occupy at either the 2 Bowery Property or 26 Bowery Property."

4.    **"Bills" means any bills or invoices for landline telephone service, cable** service, internet service, gas or electric used at the Apartment, and proof of payment of any and all of the above.

5.    **"Concerning"** means relating to, referring to, describing, evidencing or constituting.

6.    **"Communication"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7.    **"Co-Tenancy Agreement"** means any and all agreements and written correspondence with any other person who occupied the Apartment and proof of payment for rent/use and occupancy for the Apartment from or on behalf of such person.

8.    **"Deeds"** means any and all deeds for any property owned, directly or indirectly by You, and/or You occupied, and all real estate tax bills, filings and payments.

9.    **"Document"** is synonymous in meaning and equal in scope to the usage of the terms "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), which

2

includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data

or data compilations-stored in any medium from which information can be obtained either directly

or, if necessary, after translation by the responding party into a reasonably useable form.  A draft

or non-identical copy is a separate document within the meaning of this term.

10.    **"Earnings Statements"** means full versions of all pay stubs and earnings

statements, W-2 Wage and Tax Statement form, 1098 and 1099 forms, k-1 forms, pension

statements, social security statements, and other evidence of income earned by or issued to You.

11.    **"Identification Documents"** means Your birth certificate, any documents that

state Your legal name, and any documents relating to or evidencing any alias used by You or

documents relating to a legal name change.

12.    **"Insurance Documents"** means any documents relating to renter's and other

insurance coverage for the Apartment.

13.    **"Jury Duty Documents"** means documents relating to jury duty, including, but

not limited to, jury/juror summonses.

14.    **"Lease" means any and all leases, subleases, and any other** rental/occupancy

agreement with respect to the Apartment.

15.    **"License"** means any and all licenses issued to You for the operation of any

vehicles, including but not limited to, passenger cars, trucks. motorcycles, boats and commercial

vehicles.

16.    **"Other Leases"** means any and all leases, subleases, occupancy and any other

rental/occupancy agreements to which You are named as a party and/or any property occupied by

You other than the Lease.

17.    **"Post Office Box"** means any and all Documents and Communications relating to

the rental by You or used by You of a post office box or any similar arrangement for the receipt of mail or packages.

18.     **"Separation Decree"** means any and all separation and divorce decrees or orders.

19.     **"Social Security Documents"** means social security card, and correspondence received from Social Security Department.

20.     **"Tax Returns"** means full version of any and all federal, state and local tax return(s) with all schedules filed by You, documents showing any New York City Resident or Non-Resident taxes paid by You, and all schedules, exhibiting the income produced and/or losses assessed from the Apartment, and/or any other property owned, leased or occupied by You**.**

21.     **"Travel Documents"** means documents relating to Your enrollment and/or membership in any program which facilitates domestic or international travel including but not limited to Global Entry, TSA and Clear and applications relating thereto and any passport or passport applications.

22.     **"Unemployment Benefits"** means any documents concerning or evidencing unemployment benefits applied for, whether or not benefits received, applications for benefits, benefit determinations, payment of benefits, and any written correspondence relating to unemployment benefits**.**

23.     **"Voter Registration Documents"** means documents relating to Your voter registrations, including voter registration cards, voting records, and any correspondence to and from the governing department/agency.

24.     **"You"** as used here means William Ng (or any entities owned, directly or indirectly, by you).

## DOCUMENT REQUESTS

1.    All Documents and Communications Concerning the date that You first occupied the Apartment.

2.    All Leases with respect to the Apartment and any Communications Concerning the Leases.

3.    All Documents and Communications Concerning proof of all rent payments for the Apartment made by You or on Your behalf, including, but not limited to, bank statements, rent payment receipts, bank and other withdrawal records, bank and other deposit records and electronic transfer records.

4.    All Documents and Communications Concerning any Co-Tenancy Agreement.

5.    All Documents and Communications Concerning Bills relating to the Apartment.

6.    All Documents and Communications Concerning Insurance related to the Apartment.

7.    All Documents and Communications Concerning the security deposit You paid or paid on Your behalf in connection with the Apartment and who received the security deposit.

8.    All Documents and Communications Concerning Other Leases.

9.    All Separation Decrees.

10.    All Licenses.

11.    All Documents and Communications Concerning the Post Office Box.

12.    All Travel Documents.

13.    All Documents and Communications Concerning Unemployment Benefits.

14.    All Tax Returns.

15.    All Earnings Statements.

16.    All Social Security Documents

17.    All Voter Registration Documents.

18.    All Jury Duty Documents.

SCHEDULE III

(Hailey Ng Requests)

## DOCUMENT REQUESTS TO HAILEY NG

## INSTRUCTIONS

In responding to this request, these instructions apply:

1.      You must produce all documents within your possession, custody or control.

2.      Electronically stored data, including, but not limited to, email, computer files, and compact discs, must be produced as it is originally maintained or in a reasonably usable format.

3.      Documents produced pursuant to this request must be segregated according to the paragraphs of this request to which they are responsive.

4.      You must produce the original documents unless you are willing to stipulate to the authenticity of any copies produced and further stipulate that those copies can used for any purpose, including at trial, as and in place of said originals.

5.      Any objection on privilege grounds must be accompanied by a privilege log which includes a description of the privileged documents. You are required to provide a specific description of each document in each category specified, the date of the document, the author and recipients, the nature of any privilege asserted and any other information sufficient to allow for a meaningful motion to compel if necessary..

6.      If you represent that you cannot comply with any particular demand for inspection or production, you must affirm that you have made a diligent search and a reasonably inquiry to comply with the particular demand.

7.      Whenever appropriate, the singular form of a word shall be interpreted to include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

8.      All requests for documents are from the date You (defined below) assert that You occupied the Apartment through the present.

## **DEFINITIONS**

In accordance with Local Rule 7026–1 of the Bankruptcy Court for the Southern District of New York, all Uniform Definitions in Local Civil Rule 26.3 of the Rules of the District Court for the Southern District of New York apply to the requests below including the incorporation of Federal Rule of Civil Procedure 34(a)(1)(A). The Uniform Definitions are supplemented with the following additional definitions that also apply to this case and govern this Request for Production of Documents below:

1. **"2 Bowery Property"** as used here means the property located at 2 Bowery, New York New York.

2. **"26 Bowery Property"** as used here means the property located at 26 Bowery, New York, New York.

3. **"Apartment"** means the apartment where You reside or that You occupy at either the 2 Bowery Property or 26 Bowery Property."

4. **"Bills"** means any bills or invoices for landline telephone service, cable service, internet service, gas or electric used at the Apartment, and proof of payment of any and all of the above.

5. **"Concerning"** means relating to, referring to, describing, evidencing or constituting.

6. **"Communication"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7. **"Co-Tenancy Agreement"** means any and all agreements and written correspondence with any other person who occupied the Apartment and proof of payment for rent/use and occupancy for the Apartment from or on behalf of such person.

8.      **"Deeds"** means any and all deeds for any property owned, directly or indirectly by You, and/or You occupied, and all real estate tax bills, filings and payments.

9.      **"Document"** is synonymous in meaning and equal in scope to the usage of the terms "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), which includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably useable form.  A draft or non-identical copy is a separate document within the meaning of this term.

10.     **"Earnings Statements"** means full versions of all pay stubs and earnings statements, W-2 Wage and Tax Statement form, 1098 and 1099 forms, k-1 forms, pension statements, social security statements, and other evidence of income earned by or issued to You.

11.     **"Identification Documents"** means Your birth certificate, any documents that state Your legal name, and any documents relating to or evidencing any alias used by You or documents relating to a legal name change.

12.     **"Insurance Documents"** means any documents relating to renter's and other insurance coverage for the Apartment.

13.     **"Jury Duty Documents"** means documents relating to jury duty, including, but not limited to, jury/juror summonses.

14.     **"Lease"** means any and all leases, subleases, and any other rental/occupancy agreement with respect to the Apartment.

15.     **"License"** means any and all licenses issued to You for the operation of any vehicles, including but not limited to, passenger cars, trucks. motorcycles, boats and commercial vehicles.

3

16.    **"Other Leases"** means any and all leases, subleases, occupancy and any other rental/occupancy agreements to which You are named as a party and/or any property occupied by You other than the Lease.

17.    **"Post Office Box"** means any and all Documents and Communications relating to the rental by You or used by You of a post office box or any similar arrangement for the receipt of mail or packages.

18.    **"Separation Decree"** means any and all separation and divorce decrees or orders.

19.    **"Social Security Documents"** means social security card, and correspondence received from Social Security Department.

20.    **"Tax Returns"** means full version of any and all federal, state and local tax return(s) with all schedules filed by You, documents showing any New York City Resident or Non-Resident taxes paid by You, and all schedules, exhibiting the income produced and/or losses assessed from the Apartment, and/or any other property owned, leased or occupied by You.

21.    **"Travel Documents"** means documents relating to Your enrollment and/or membership in any program which facilitates domestic or international travel including but not limited to Global Entry, TSA and Clear and applications relating thereto and any passport or passport applications.

22.    **"Unemployment Benefits"** means any documents concerning or evidencing unemployment benefits applied for, whether or not benefits received, applications for benefits, benefit determinations, payment of benefits, and any written correspondence relating to unemployment benefits.

23.    **"Voter Registration Documents"** means documents relating to Your voter registrations, including voter registration cards, voting records, and any correspondence to and

4

from the governing department/agency.

24.    **"You"** as used here means Hailey Ng (or any entities owned, directly or indirectly, by you).

## DOCUMENT REQUESTS

1.      All Documents and Communications Concerning the date that You first occupied the Apartment.

2.      All Leases with respect to the Apartment and any Communications Concerning the Leases.

3.      All Documents and Communications Concerning proof of all rent payments for the Apartment made by You or on Your behalf, including, but not limited to, bank statements, rent payment receipts, bank and other withdrawal records, bank and other deposit records and electronic transfer records.

4.      All Documents and Communications Concerning any Co-Tenancy Agreement.

5.      All Documents and Communications Concerning Bills relating to the Apartment.

6.      All Documents and Communications Concerning Insurance related to the Apartment.

7.      All Documents and Communications Concerning the security deposit You paid or paid on Your behalf in connection with the Apartment and who received the security deposit.

8.      All Documents and Communications Concerning or evidencing Other Leases.

9.      All Separation Decrees.

10.    All Licenses.

11.    All Documents and Communications Concerning the Post Office Box.

12.    All Travel Documents.

13.    All Documents and Communications Concerning Unemployment Benefits.

14.    All Tax Returns.

15.    All Earnings Statements.

16.    All Social Security Documents

17.    All Voter Registration Documents.

18.    All Jury Duty Documents.

SCHEDULE IV

(Steven Ng Requests)

## REQUESTED DOCUMENT TO STEVEN NG
## INSTRUCTIONS

In responding to this request, these instructions apply:

1.      You must produce all documents within your possession, custody or control.

2.      Electronically stored data, including, but not limited to, email, computer files, and compact discs, must be produced as it is originally maintained or in a reasonably usable format.

3.      Documents produced pursuant to this request must be segregated according to the paragraphs of this request to which they are responsive.

4.      You must produce the original documents unless you are willing to stipulate to the authenticity of any copies produced and further stipulate that those copies can be used for any purpose, including at trial, as and in place of said originals.

5.      Any objection on privilege grounds must be accompanied by a privilege log which includes a description of the privileged documents. You are required to provide a specific description of each document in each category specified, the date of the document, the author and recipients, the nature of any privilege asserted and any other information sufficient to allow for a meaningful motion to compel if necessary..

6.      If you represent that you cannot comply with any particular demand for inspection or production, you must affirm that you have made a diligent search and a reasonably inquiry to comply with the particular demand.

7.      Whenever appropriate, the singular form of a word shall be interpreted to include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

8.      All requests for documents are from the date You (defined below) assert that You occupied the Apartment through the present.

## DEFINITIONS

In accordance with Local Rule 7026–1 of the Bankruptcy Court for the Southern District of New York, all Uniform Definitions in Local Civil Rule 26.3 of the Rules of the District Court for the Southern District of New York apply to the requests below including the incorporation of

Federal Rule of Civil Procedure 34(a)(1)(A). The Uniform Definitions are supplemented with the following additional definitions that also apply to this case and govern this Request for Production of Documents below:

1.      **"2 Bowery Property"** as used here means the property located at 2 Bowery, New York New York.

2.      **"26 Bowery Property"** as used here means the property located at 26 Bowery, New York, New York.

3.      **"Apartment"** means the apartment where You reside or that You occupy at either the 2 Bowery Property or 26 Bowery Property."

4.      **"Bills"** means any bills or invoices for landline telephone service, cable service, internet service, gas or electric used at the Apartment, and proof of payment of any and all of the above.

5.      **"Concerning"** means relating to, referring to, describing, evidencing or constituting.

6.      **"Communication"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7.      **"Co-Tenancy Agreement"** means any and all agreements and written correspondence with any other person who occupied the Apartment and proof of payment for rent/use and occupancy for the Apartment from or on behalf of such person.

8.      **"Deeds"** means any and all deeds for any property owned, directly or indirectly by You, and/or You occupied, and all real estate tax bills, filings and payments.

9.      **"Document"** is synonymous in meaning and equal in scope to the usage of the terms "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), which

2

includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other

data or data compilations-stored in any medium from which information can be obtained either

directly or, if necessary, after translation by the responding party into a reasonably useable form.

A draft or non-identical copy is a separate document within the meaning of this term.

10.     **"Earnings Statements"** means full versions of all pay stubs and earnings

statements, W-2 Wage and Tax Statement form, 1098 and 1099 forms, k-1 forms, pension

statements, social security statements, and other evidence of income earned by or issued to You.

11.     **"Identification Documents"** means Your birth certificate, any documents that

state Your legal name, and any documents relating to or evidencing any alias used by You or

documents relating to a legal name change.

12.     **"Insurance Documents"** means any documents relating to renter's and other

insurance coverage for the Apartment.

13.     **"Jury Duty Documents"** means documents relating to jury duty, including, but

not limited to, jury/juror summonses.

14.     **"Lease"** means any and all leases, subleases, and any other rental/occupancy

agreement with respect to the Apartment.

15.     **"License"** means any and all licenses issued to You for the operation of any

vehicles, including but not limited to, passenger cars, trucks. motorcycles, boats and commercial

vehicles.

16.     **"Other Leases"** means any and all leases, subleases, occupancy and any other

rental/occupancy agreements to which You are named as a party and/or any property occupied

by You other than the Lease.

17.     **"Post Office Box"** means any and all Documents and Communications relating to

the rental by You or used by You of a post office box or any similar arrangement for the receipt of mail or packages.

18.    **"Separation Decree"** means any and all separation and divorce decrees or orders.

19.    **"Social Security Documents"** means social security card, and correspondence received from Social Security Department.

20.    **"Tax Returns"** means full version of any and all federal, state and local tax return(s) with all schedules filed by You, documents showing any New York City Resident or Non- Resident taxes paid by You, and all schedules, exhibiting the income produced and/or losses assessed from the Apartment, and/or any other property owned, leased or occupied by You.

21.    **"Travel Documents"** means documents relating to Your enrollment and/or membership in any program which facilitates domestic or international travel including, but not limited to, Global Entry, TSA and Clear and applications relating **thereto** and any passport or passport applications.

22.    **"Unemployment Benefits"** means any documents concerning or evidencing unemployment benefits applied for, whether or not benefits received, applications for benefits, benefit determinations, payment of benefits, and any **written** correspondence relating to unemployment benefits**.**

20.    **"Voter Registration Documents"** means documents relating to Your voter registrations, including voter registration cards, voting records, and any correspondence to and from the governing department/agency.

21.    **"You"** as used here means Steven Ng (or any entities owned, directly or indirectly, by you).

4

## DOCUMENT REQUESTS

1.      All Documents and Communications Concerning the date that You first occupied the Apartment.

2.      All Leases with respect to the Apartment and any Communications Concerning the Leases.

3.      All Documents and Communications Concerning proof of all rent payments for the Apartment made by You or on Your behalf, including, but not limited to, bank statements, rent payment receipts, bank and other withdrawal records, bank and other deposit records and electronic transfer records.

4.      All Documents and Communications Concerning any Co-Tenancy Agreement.

5.      All Documents and Communications Concerning Bills relating to the Apartment.

6.      All Documents and Communications Concerning Insurance related to the Apartment.

7.      All Documents and Communications Concerning the security deposit You paid or paid on Your behalf in connection with the Apartment and who received the security deposit.

8.      All Documents and Communications Concerning Other Leases.

9.      All Separation Decrees.

10.     All Licenses.

11.     All Documents and Communications Concerning the Post Office Box.

12.     All Travel Documents.

13.     All Documents and Communications Concerning Unemployment Benefits.

14.     All Tax Returns

15.     All Earnings Statements.

22-10412-mg    Doc 66    Filed 07/19/22    Entered 07/19/22 13:35:11    Main Document
Pg 40 of 126


16.     All Social Security Documents

17.     All Voter Registration Documents.

18.     All Jury Duty Documents.

6

SCHEDULE V

(Ting Dong Zeng Requests)

## DOCUMENT REQUESTS TO TING DONG ZENG

## INSTRUCTIONS

In responding to this request, these instructions apply:

1.      You must produce all documents within your possession, custody or control.

2.      Electronically stored data, including, but not limited to, email, computer files, and compact discs, must be produced as it is originally maintained or in a reasonably usable format.

3.      Documents produced pursuant to this request must be segregated according to the paragraphs of this request to which they are responsive.

4.      You must produce the original documents unless you are willing to stipulate to the authenticity of any copies produced and further stipulate that those copies can be used for any purpose, including at trial, as and in place of said originals.

5.      Any objection on privilege grounds must be accompanied by a privilege log which includes a description of the privileged documents. You are required to provide a specific description of each document in each category specified, the date of the document, the author and recipients, the nature of any privilege asserted and any other information sufficient to allow for a meaningful motion to compel if necessary..

6.      If you represent that you cannot comply with any particular demand for inspection or production, you must affirm that you have made a diligent search and a reasonably inquiry to comply with the particular demand.

7.      Whenever appropriate, the singular form of a word shall be interpreted to include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

8.      All requests for documents are from the date You (defined below) assert that You occupied the Apartment through the present.

## **DEFINITIONS**

In accordance with Local Rule 7026–1 of the Bankruptcy Court for the Southern District of New York, all Uniform Definitions in Local Civil Rule 26.3 of the Rules of the District Court for the Southern District of New York apply to the requests below including the incorporation of Federal Rule of Civil Procedure 34(a)(1)(A). The Uniform Definitions are supplemented with the following additional definitions that also apply to this case and govern this Request for Production of Documents below:

1.      **"2 Bowery Property"** as used here means the property located at 2 Bowery, New York New York.

2.      **"26 Bowery Property"** as used here means the property located at 26 Bowery, New York, New York.

3.      **"Apartment"** means the apartment where You reside or that You occupy at either the 2 Bowery Property or 26 Bowery Property."

4.      **"Bills"** means any bills or invoices for landline telephone service, cable service, internet service, gas or electric used at the Apartment, and proof of payment of any and all of the above.

5.      **"Concerning"** means relating to, referring to, describing, evidencing or constituting.

6.      **"Communication"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7.      **"Co-Tenancy Agreement"** means any and all agreements and written correspondence with any other person who occupied the Apartment and proof of payment for rent/use and occupancy for the Apartment from or on behalf of such person.

8.  **"Deeds"** means any and all deeds for any property owned, directly or indirectly by You, and/or You occupied, and all real estate tax bills, filings and payments.

9.  **"Document"** is synonymous in meaning and equal in scope to the usage of the terms "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), which includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably useable form.  A draft or non-identical copy is a separate document within the meaning of this term.

10.  **"Earnings Statements"** means full versions of all pay stubs and earnings statements, W-2 Wage and Tax Statement form, 1098 and 1099 forms, k-1 forms, pension statements, social security statements, and other evidence of income earned by or issued to You.

11.  **"Identification Documents"** means Your birth certificate, any documents that state Your legal name, and any documents relating to or evidencing any alias used by You or documents relating to a legal name change.

12.  **"Insurance Documents"** means any documents relating to renter's and other insurance coverage for the Apartment.

13.  **"Jury Duty Documents"** means documents relating to jury duty, including, but not limited to, jury/juror summonses.

14.  **"Lease"** means any and all leases, subleases, and any other rental/occupancy agreement with respect to the Apartment.

15.  **"License"** means any and all licenses issued to You for the operation of any vehicles, including but not limited to, passenger cars, trucks. motorcycles, boats and commercial vehicles.

16.      **"Other Leases"** means any and all leases, subleases, occupancy and any other rental/occupancy agreements to which You are named as a party and/or any property occupied by You other than the Lease.

17.      **"Post Office Box"** means any and all Documents and Communications relating to the rental by You or used by You of a post office box or any similar arrangement for the receipt of mail or packages.

18.      **"Separation Decree"** means any and all separation and divorce decrees or orders.

19.      "**Social Security Documents"** means social security card, and correspondence received from Social Security Department.

20.      **"Tax Returns"** means full version of any and all federal, state and local tax return(s) with all schedules filed by You, documents showing any New York City Resident or Non- Resident taxes paid by You, and all schedules, exhibiting the income produced and/or losses assessed from the Apartment, and/or any other property owned, leased or occupied by You.

21.      **"Travel Documents"** means documents relating to Your enrollment and/or membership in any program which facilitates domestic or international travel including, but not limited to, Global Entry, TSA and Clear and applications relating thereto and any passport or passport applications.

22.      **"Unemployment Benefits"** means any documents concerning or evidencing unemployment benefits applied for, whether or not benefits received, applications for benefits, benefit determinations, payment of benefits, and any written correspondence relating to unemployment benefits.

20.     **"Voter Registration** Documents" means documents relating to Your voter registrations, including voter registration cards, voting records, and any correspondence to and from the governing department/agency.

21.     **"You"** as used here means Ting Dong Zeng (or any entities owned, directly or indirectly, by you).

## DOCUMENT REQUESTS

1.      All Documents and Communications Concerning the date that You first occupied the Apartment.

2.      All Leases with respect to the Apartment and any Communications Concerning the Leases.

3.      All Documents and Communications Concerning proof of all rent payments for the Apartment made by You or on Your behalf, including, but not limited to, bank statements, rent payment receipts, bank and other withdrawal records, bank and other deposit records and electronic transfer records.

4.      All Documents and Communications Concerning any Co-Tenancy Agreement.

5.      All Documents and Communications Concerning Bills relating to the Apartment.

6.      All Documents and Communications Concerning Insurance related to the Apartment.

7.      All Documents and Communications Concerning the security deposit You paid or paid on Your behalf in connection with the Apartment and who received the security deposit.

8.      All Documents and Communications Concerning Other Leases.

9.      All Separation Decrees.

10.     All Licenses.

11.     All Documents and Communications Concerning the Post Office Box.

12.     All Travel Documents.

13.     All Documents and Communications Concerning Unemployment Benefits.

14.     All Tax Returns

15.     All Earnings Statements.

16.    All Social Security Documents

17.    All Voter Registration Documents.

18.    All Jury Duty Documents.

SCHEDULE VI

(Katherine Lok Requests)

## DOCUMENT REQUESTS TO KATHERINE LOK

## INSTRUCTIONS

In responding to this request, these instructions apply:

1.      You must produce all documents within your possession, custody or control.

2.      Electronically stored data, including, but not limited to, email, computer files, and compact discs, must be produced as it is originally maintained or in a reasonably usable format.

3.      Documents produced pursuant to this request must be segregated according to the paragraphs of this request to which they are responsive.

4.      You must produce the original documents unless you are willing to stipulate to the authenticity of any copies produced and further stipulate that those copies can be used for any purpose, including at trial, as and in place of said originals.

5.      Any objection on privilege grounds must be accompanied by a privilege log which includes a description of the privileged documents. You are required to provide a specific description of each document in each category specified, the date of the document, the author and recipients, the nature of any privilege asserted and any other information sufficient to allow for a meaningful motion to compel if necessary..

6.      If you represent that you cannot comply with any particular demand for inspection or production, you must affirm that you have made a diligent search and a reasonably inquiry to comply with the particular demand.

7.      Whenever appropriate, the singular form of a word shall be interpreted to include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

8.      All requests for documents are from the date You (defined below) assert that You occupied the Apartment through the present.

## **DEFINITIONS**

In accordance with Local Rule 7026–1 of the Bankruptcy Court for the Southern District of New York, all Uniform Definitions in Local Civil Rule 26.3 of the Rules of the District Court for the Southern District of New York apply to the requests below including the incorporation of Federal Rule of Civil Procedure 34(a)(1)(A). The Uniform Definitions are supplemented with the following additional definitions that also apply to this case and govern this Request for Production of Documents below:

1.      **"2 Bowery Property"** as used here means the property located at 2 Bowery, New York New York.

2.      **"26 Bowery Property"** as used here means the property located at 26 Bowery, New York, New York.

3.      **"Apartment"** means the apartment where You reside or that You occupy at either the 2 Bowery Property or 26 Bowery Property."

4.      **"Bills"** means any bills or invoices for landline telephone service, cable service, internet service, gas or electric used at the Apartment, and proof of payment of any and all of the above.

5.      **"Concerning"** means relating to, referring to, describing, evidencing or constituting.

6.      **"Communication"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7.      **"Co-Tenancy Agreement"** means any and all agreements and written correspondence with any other person who occupied the Apartment and proof of payment for rent/use and occupancy for the Apartment from or on behalf of such person.

2

8.    **"Deeds"** means any and all deeds for any property owned, directly or indirectly by You, and/or You occupied, and all real estate tax bills, filings and payments.

9.    **"Document"** is synonymous in meaning and equal in scope to the usage of the terms "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), which includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably useable form. A draft or non-identical copy is a separate document within the meaning of this term.

10.    **"Earnings Statements"** means full versions of all pay stubs and earnings statements, W-2 Wage and Tax Statement form, 1098 and 1099 forms, k-1 forms, pension statements, social security statements, and other evidence of income earned by or issued to You.

11.    **"Identification Documents"** means Your birth certificate, any documents that state Your legal name, and any documents relating to or evidencing any alias used by You or documents relating to a legal name change.

12.    **"Insurance Documents"** means any documents relating to renter's and other insurance coverage for the Apartment.

13.    **"Jury Duty Documents"** means documents relating to jury duty, including, but not limited to, jury/juror summonses.

14.    **"Lease"** means any and all leases, subleases, and any other rental/occupancy agreement with respect to the Apartment.

15.    **"License"** means any and all licenses issued to You for the operation of any vehicles, including but not limited to, passenger cars, trucks. motorcycles, boats and commercial vehicles.

16.     **"Other Leases"** means any and all leases, subleases, occupancy and any other rental/occupancy agreements to which You are named as a party and/or any property occupied by You other than the Lease.

17.     **"Post Office Box"** means any and all Documents and Communications relating to the rental by You or used by You of a post office box or any similar arrangement for the receipt of mail or packages.

18.     **"Separation Decree"** means any and all separation and divorce decrees or orders.

19.     **"Social Security Documents"** means social security card, and correspondence received from Social Security Department.

20.     **"Tax Returns"** means full version of any and all federal, state and local tax return(s) with all schedules filed by You, documents showing any New York City Resident or Non-Resident taxes paid by You, and all schedules, exhibiting the income produced and/or losses assessed from the Apartment, and/or any other property owned, leased or occupied by You**.**

21.     **"Travel Documents"** means documents relating to Your enrollment and/or membership in any program which facilitates domestic or international travel including, but not limited to, Global Entry, TSA and Clear and applications relating thereto and any passport or passport applications.

22.     **"Unemployment Benefits"** means any documents concerning or evidencing unemployment benefits applied for, whether or not benefits received, applications for benefits, benefit determinations, payment of benefits, and any written correspondence relating to unemployment benefits**.**

23.     **"Voter Registration Documents"** means documents relating to Your voter registrations, including voter registration cards, voting records, and any correspondence to and

4

from the governing department/agency.

24.    **"You"** as used here means Katherine Lok (or any entities owned, directly or indirectly, by you).

## DOCUMENT REQUESTS

1.  All Documents and Communications Concerning the date that You first occupied the Apartment.

2.  All Leases with respect to the Apartment and any Communications concerning the Leases.

3.  All Documents and Communications Concerning proof of all rent payments for the Apartment made by You or on Your behalf, including, but not limited to, bank statements, rent payment receipts, bank and other withdrawal records, bank and other deposit records and electronic transfer records.

4.  All Documents and Communications Concerning any Co-Tenancy Agreement.

5.  All Documents and Communications Concerning Bills relating to the Apartment.

6.  All Documents and Communications Concerning Insurance related to the Apartment.

7.  All Documents and Communications Concerning the security deposit You paid or paid on Your behalf in connection with the Apartment and who received the security deposit.

8.  All Documents and Communications Concerning Other Leases.

9.  All Separation Decrees.

10. All Licenses.

11. All Documents and Communications Concerning the Post Office Box.

12. All Travel Documents.

13. All Documents and Communications Concerning Unemployment Benefits.

14. All Tax Returns

15. All Earnings Statements.

6

16.     All Social Security Documents

17.     All Voter registration Documents.

18.     All Jury Duty Documents.

SCHEDULE VII

(Daniella Tam Requests)

## DOCUMENT REQUESTS TO DANIELLA TAM

## INSTRUCTIONS

In responding to this request, these instructions apply:

1.      You must produce all documents within your possession, custody or control.

2.      Electronically stored data, including, but not limited to, email, computer files, and compact discs, must be produced as it is originally maintained or in a reasonably usable format.

3.      Documents produced pursuant to this request must be segregated according to the paragraphs of this request to which they are responsive.

4.      You must produce the original documents unless you are willing to stipulate to the authenticity of any copies produced and further stipulate that those copies can be used for any purpose, including at trial, as and in place of said originals.

5.      Any objection on privilege grounds must be accompanied by a privilege log which includes a description of the privileged documents. You are required to provide a specific description of each document in each category specified, the date of the document, the author and recipients, the nature of any privilege asserted and any other information sufficient to allow for a meaningful motion to compel if necessary..

6.      If you represent that you cannot comply with any particular demand for inspection or production, you must affirm that you have made a diligent search and a reasonably inquiry to comply with the particular demand.

7.      Whenever appropriate, the singular form of a word shall be interpreted to include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

8.      All requests for documents are from the date You (defined below) assert that You occupied the Apartment through the present.

## **DEFINITIONS**

In accordance with Local Rule 7026–1 of the Bankruptcy Court for the Southern District of New York, all Uniform Definitions in Local Civil Rule 26.3 of the Rules of the District Court for the Southern District of New York apply to the requests below including the incorporation of Federal Rule of Civil Procedure 34(a)(1)(A). The Uniform Definitions are supplemented with the following additional definitions that also apply to this case and govern this Request for Production of Documents below:

1.    **"2 Bowery Property"** as used here means the property located at 2 Bowery, New York New York.

2.    **"26 Bowery Property"** as used here means the property located at 26 Bowery, New York, New York.

3.    **"Apartment"** means the apartment where You reside or that You occupy at either the 2 Bowery Property or 26 Bowery Property."

4.    **"Bills"** means any bills or invoices for landline telephone service, cable service, internet service, gas or electric used at the Apartment, and proof of payment of any and all of the above.

5.    **"Concerning"** means relating to, referring to, describing, evidencing or constituting.

6.    **"Communication"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7.    **"Co-Tenancy Agreement"** means any and all agreements and written correspondence with any other person who occupied the Apartment and proof of payment for rent/use and occupancy for the Apartment from or on behalf of such person.

8.      **"Deeds"** means any and all deeds for any property owned, directly or indirectly by You, and/or You occupied, and all real estate tax bills, filings and payments.

9.      **"Document"** is synonymous in meaning and equal in scope to the usage of the terms "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), which includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably useable form.  A draft or non-identical copy is a separate document within the meaning of this term.

10.     **"Earnings Statements"** means full versions of all pay stubs and earnings statements, W-2 Wage and Tax Statement form, 1098 and 1099 forms, k-1 forms, pension statements, social security statements, and other evidence of income earned by or issued to You.

11.     **"Identification Documents"** means Your birth certificate, any documents that state Your legal name, and any documents relating to or evidencing any alias used by You or documents relating to a legal name change.

12.     **"Insurance Documents"** means any documents relating to renter's and other insurance coverage for the Apartment.

13.     **"Jury Duty Documents"** means documents relating to jury duty, including, but not limited to, jury/juror summonses.

14.     **"Lease"** means any and all leases, subleases, and any other rental/occupancy agreement with respect to the Apartment.

15.     **"License"** means any and all licenses issued to You for the operation of any vehicles, including but not limited to, passenger cars, trucks. motorcycles, boats and commercial vehicles.

3

16.     **"Other Leases"** means any and all leases, subleases, occupancy and any other rental/occupancy agreements to which You are named as a party and/or any property occupied by You other than the Lease.

17.     **"Post Office Box"** means any and all Documents and Communications relating to the rental by You or used by You of a post office box or any similar arrangement for the receipt of mail or packages.

18.     **"Separation Decree"** means any and all separation and divorce decrees or orders.

19.     **"Social Security Documents"** means social security card, and correspondence received from Social Security Department.

20.     **"Tax Returns"** means full version of any and all federal, state and local tax return(s) with all schedules filed by You, documents showing any New York City Resident or Non-Resident taxes paid by You, and all schedules, exhibiting the income produced and/or losses assessed from the Apartment, and/or any other property owned, leased or occupied by You.

21.     **"Travel Documents"** means documents relating to Your enrollment and/or membership in any program which facilitates domestic or international travel including, but not limited to, Global Entry, TSA and Clear and applications relating thereto and any passport or passport applications.

22.     **"Unemployment Benefits"** means any documents concerning or evidencing unemployment benefits applied for, whether or not benefits received, applications for benefits, benefit determinations, payment of benefits, and any written correspondence relating to unemployment benefits.

23.     **"Voter Registration Documents"** means documents relating to Your voter registrations, including voter registration cards, voting records, and any correspondence to and

from the governing department/agency.

24.    **"You"** as used here means Daniella Tam (or any entities owned, directly or indirectly, by you).

## DOCUMENT REQUESTS

1.      All Documents and Communications Concerning the date that You first occupied the Apartment.

2.      All Leases with respect to the Apartment and any Communications Concerning the Leases.

3.      All Documents and Communications Concerning proof of all rent payments for the Apartment made by You or on Your behalf, including, but not limited to, bank statements, rent payment receipts, bank and other withdrawal records, bank and other deposit records and electronic transfer records.

4.      All Documents and Communications Concerning any Co-Tenancy Agreement.

5.      All Documents and Communications Concerning Bills relating to the Apartment.

6.      All Documents and Communications Concerning Insurance related to the Apartment.

7.      All Documents and Communications Concerning the security deposit You paid or paid on Your behalf in connection with the Apartment and who received the security deposit.

8.      All Documents and Communications Concerning Other Leases.

9.      All Separation Decrees.

10.     All Licenses.

11.     All Documents and Communications Concerning the Post Office Box.

12.     All Travel Documents.

13.     All Documents and Communications Concerning Unemployment Benefits.

14.     All Tax Returns

15.     All Earnings Statements.

16.     All Social Security Documents

17.    All Voter registration Documents.

18.    All Jury Duty Documents.

SCHEDULE VIII

(Jenny Ng Requests)

## DOCUMENT REQUESTS TO JENNY NG

## INSTRUCTIONS

In responding to this request, these instructions apply:

1.    You must produce all documents within your possession, custody or control.

2.    Electronically stored data, including, but not limited to, email, computer files, and compact discs, must be produced as it is originally maintained or in a reasonably usable format.

3.    Documents produced pursuant to this request must be segregated according to the paragraphs of this request to which they are responsive.

4.    You must produce the original documents unless you are willing to stipulate to the authenticity of any copies produced and further stipulate that those copies can be used for any purpose, including at trial, as and in place of said originals.

5.    Any objection on privilege grounds must be accompanied by a privilege log which includes a description of the privileged documents. You are required to provide a specific description of each document in each category specified, the date of the document, the author and recipients, the nature of any privilege asserted and any other information sufficient to allow for a meaningful motion to compel if necessary..

6.    If you represent that you cannot comply with any particular demand for inspection or production, you must affirm that you have made a diligent search and a reasonably inquiry to comply with the particular demand.

7.    Whenever appropriate, the singular form of a word shall be interpreted to include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

8.    All requests for documents are from the date You (defined below) assert that You occupied the Apartment through the present.

## **DEFINITIONS**

In accordance with Local Rule 7026–1 of the Bankruptcy Court for the Southern District of New York, all Uniform Definitions in Local Civil Rule 26.3 of the Rules of the District Court for the Southern District of New York apply to the requests below including the incorporation of Federal Rule of Civil Procedure 34(a)(1)(A). The Uniform Definitions are supplemented with the following additional definitions that also apply to this case and govern this Request for Production of Documents below:

1.      **"2 Bowery Property"** as used here means the property located at 2 Bowery, New York New York.

2.      **"26 Bowery Property"** as used here means the property located at 26 Bowery, New York, New York.

3.      **"Apartment"** means the apartment where You reside or that You occupy at either the 2 Bowery Property or 26 Bowery Property."

4.      **"Bills"** means any bills or invoices for landline telephone service, cable service, internet service, gas or electric used at the Apartment, and proof of payment of any and all of the above.

5.      **"Concerning"** means relating to, referring to, describing, evidencing or constituting.

6.      **"Communication"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7.      **"Co-Tenancy Agreement"** means any and all agreements and written correspondence with any other person who occupied the Apartment and proof of payment for rent/use and occupancy for the Apartment from or on behalf of such person.

8.      **"Deeds"** means any and all deeds for any property owned, directly or indirectly by You, and/or You occupied, and all real estate tax bills, filings and payments.

9.      **"Document"** is synonymous in meaning and equal in scope to the usage of the terms "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), which includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably useable form.  A draft or non-identical copy is a separate document within the meaning of this term.

10.      **"Earnings Statements"** means full versions of all pay stubs and earnings statements, W-2 Wage and Tax Statement form, 1098 and 1099 forms, k-1 forms, pension statements, social security statements, and other evidence of income earned by or issued to You.

11.      **"Identification Documents"** means Your birth certificate, any documents that state Your legal name, and any documents relating to or evidencing any alias used by You or documents relating to a legal name change.

12.      **"Insurance Documents"** means any documents relating to renter's and other insurance coverage for the Apartment.

13.      **"Jury Duty Documents"** means documents relating to jury duty, including, but not limited to, jury/juror summonses.

14.      **"Lease"** means any and all leases, subleases, and any other rental/occupancy agreement with respect to the Apartment.

15.      **"License"** means any and all licenses issued to You for the operation of any vehicles, including but not limited to, passenger cars, trucks. motorcycles, boats and commercial vehicles.

16.     **"Other Leases"** means any and all leases, subleases, occupancy and any other rental/occupancy agreements to which You are named as a party and/or any property occupied by You other than the Lease.

17.     **"Post Office Box"** means any and all Documents and Communications relating to the rental by You or used by You of a post office box or any similar arrangement for the receipt of mail or packages.

18.     **"Separation Decree"** means any and all separation and divorce decrees or orders.

19.     **"Social Security Documents"** means social security card, and correspondence received from Social Security Department.

20.     **"Tax Returns"** means full version of any and all federal, state and local tax return(s) with all schedules filed by You, documents showing any New York City Resident or Non-Resident taxes paid by You, and all schedules, exhibiting the income produced and/or losses assessed from the Apartment, and/or any other property owned, leased or occupied by You.

21.     **"Travel Documents"** means documents relating to Your enrollment and/or membership in any program which facilitates domestic or international travel including, but not limited to, Global Entry, TSA and Clear and applications relating thereto and any passport or passport applications.

22.     **"Unemployment Benefits"** means any documents concerning or evidencing unemployment benefits applied for, whether or not benefits received, applications for benefits, benefit determinations, payment of benefits, and any written correspondence relating to unemployment benefits.

23.     **"Voter Registration Documents"** means documents relating to Your voter registrations, including voter registration cards, voting records, and any correspondence to and

from the governing department/agency.

24.      **"You"** as used here means Jenny Ng (or any entities owned, directly or indirectly,

by you).

## DOCUMENT REQUESTS

1.      All Documents and Communications Concerning the date that You first occupied the Apartment.

2.      All Leases with respect to the Apartment and any Communications Concerning the Leases.

3.      All Documents and Communications Concerning proof of all rent payments for the Apartment made by You or on Your behalf, including, but not limited to, bank statements, rent payment receipts, bank and other withdrawal records, bank and other deposit records and electronic transfer records.

4.      All Documents and Communications Concerning any Co-Tenancy Agreement.

5.      All Documents and Communications Concerning Bills relating to the Apartment.

6.      All Documents and Communications Concerning Insurance related to the Apartment.

7.      All Documents and Communications Concerning the security deposit You paid or paid on Your behalf in connection with the Apartment and who received the security deposit.

8.      All Documents and Communications Concerning Other Leases.

9.      All Separation Decrees.

10.     All Licenses.

11.     All Documents and Communications Concerning the Post Office Box.

12.     All Travel Documents.

13.     All Documents and Communications Concerning Unemployment Benefits.

14.     All Tax Returns

15.     All Earnings Statements.

16.    All Social Security Documents

17.    All Voter Registration Documents.

18.    All Jury Duty Documents.

SCHEDULE IX

(Anna Kam Requests)

## DOCUMENT REQUESTS TO ANNA KAM

## INSTRUCTIONS

In responding to this request, these instructions apply:

1.      You must produce all documents within your possession, custody or control.

2.      Electronically stored data, including, but not limited to, email, computer files, and compact discs, must be produced as it is originally maintained or in a reasonably usable format.

3.      Documents produced pursuant to this request must be segregated according to the paragraphs of this request to which they are responsive.

4.      You must produce the original documents unless you are willing to stipulate to the authenticity of any copies produced and further stipulate that those copies can be used for any purpose, including at trial, as and in place of said originals.

5.      Any objection on privilege grounds must be accompanied by a privilege log which includes a description of the privileged documents. You are required to provide a specific description of each document in each category specified, the date of the document, the author and recipients, the nature of any privilege asserted and any other information sufficient to allow for a meaningful motion to compel if necessary..

6.      If you represent that you cannot comply with any particular demand for inspection or production, you must affirm that you have made a diligent search and a reasonably inquiry to comply with the particular demand.

7.      Whenever appropriate, the singular form of a word shall be interpreted to include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

8.      All requests for documents are from the date You (defined below) assert that You occupied the Apartment through the present.

## **DEFINITIONS**

In accordance with Local Rule 7026–1 of the Bankruptcy Court for the Southern District of New York, all Uniform Definitions in Local Civil Rule 26.3 of the Rules of the District Court for the Southern District of New York apply to the requests below including the incorporation of Federal Rule of Civil Procedure 34(a)(1)(A). The Uniform Definitions are supplemented with the following additional definitions that also apply to this case and govern this Request for Production of Documents below:

1. **"2 Bowery Property"** as used here means the property located at 2 Bowery, New Yok, New York.

2. **"26 Bowery Property"** as used here means the property located at 26 Bowery, New York, New York.

3. **"Apartment"** means the apartment where You reside or that You occupy at either the 2 Bowery Property or 26 Bowery Property."

4. **"Bills"** means any bills or invoices for landline telephone service, cable service, internet service, gas or electric used at the Apartment, and proof of payment of any and all of the above.

5. **"Concerning"** means relating to, referring to, describing, evidencing or constituting.

6. **"Communication"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7. **"Co-Tenancy Agreement"** means any and all agreements and written correspondence with any other person who occupied the Apartment and proof of payment for rent/use and occupancy for the Apartment from or on behalf of such person.

8.      **"Deeds"** means any and all deeds for any property owned, directly or indirectly by You, and/or You occupied, and all real estate tax bills, filings and payments.

9.      **"Document"** is synonymous in meaning and equal in scope to the usage of the terms "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), which includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably useable form.  A draft or non-identical copy is a separate document within the meaning of this term.

10.     **"Earnings Statements"** means full versions of all pay stubs and earnings statements, W-2 Wage and Tax Statement form, 1098 and 1099 forms, k-1 forms, pension statements, social security statements, and other evidence of income earned by or issued to You.

11.     **"Identification Documents"** means Your birth certificate, any documents that state Your legal name, and any documents relating to or evidencing any alias used by You or documents relating to a legal name change.

12.     **"Insurance Documents"** means any documents relating to renter's and other insurance coverage for the Apartment.

13.     **"Jury Duty Documents"** means documents relating to jury duty, including, but not limited to, jury/juror summonses.

14.     **"Lease" m**eans any and all leases, subleases, and any other rental/occupancy agreement with respect to the Apartment.

15.     **"License"** means any and all licenses issued to You for the operation of any vehicles, including but not limited to, passenger cars, trucks. motorcycles, boats and commercial vehicles.

16.     **"Other Leases"** means any and all leases, subleases, occupancy and any other rental/occupancy agreements to which You are named as a party and/or any property occupied by You other than the Lease.

17.     **"Post Office Box"** means any and all Documents and Communications relating to the rental by You or used by You of a post office box or any similar arrangement for the receipt of mail or packages.

18.     "**Separation Decree"** means any and all separation and divorce decrees or orders.

19.     **"Social Security Documents"** means social security card, and correspondence received from Social Security Department.

20.     **"Tax Returns"** means full version of any and all federal, state and local tax return(s) with all schedules filed by You, documents showing any New York City Resident or Non-Resident taxes paid by You, and all schedules, exhibiting the income produced and/or losses assessed from the Apartment, and/or any other property owned, leased or occupied by You**.**

21.     **"Travel Documents"** means documents relating to Your enrollment and/or membership in any program which facilitates domestic or international travel including, but not limited to, Global Entry, TSA and Clear and applications relating thereto and any passport or passport applications.

22.     **"Unemployment Benefits"** means any documents concerning or evidencing unemployment benefits applied for, whether or not benefits received, applications for benefits, benefit determinations, payment of benefits, and any written correspondence relating to unemployment benefits**.**

23.     **"Voter Registration Documents"** means documents relating to Your voter registrations, including voter registration cards, voting records, and any correspondence to and

from the governing department/agency.

24.    **"You"** as used here means Anna Kam (or any entities owned, directly or indirectly, by you).

## DOCUMENT REQUESTS

1.      All Documents and Communications Concerning the date that You first occupied the Apartment.

2.      All Leases with respect to the Apartment and any Communications Concerning the Leases.

3.      All Documents and Communications Concerning proof of all rent payments for the Apartment made by You or on Your behalf, including, but not limited to, bank statements, rent payment receipts, bank and other withdrawal records, bank and other deposit records and electronic transfer records.

4.      All Documents and Communications Concerning any Co-Tenancy Agreement.

5.      All Documents and Communications Concerning Bills relating to the Apartment.

6.      All Documents and Communications Concerning Insurance related to the Apartment.

7.      All Documents and Communications Concerning the security deposit You paid or paid on Your behalf in connection with the Apartment and who received the security deposit.

8.      All Documents and Communications Concerning Other Leases.

9.      All Separation Decrees.

10.     All Licenses.

11.      All Documents and Communications Concerning the Post Office Box.

12.      All Travel Documents.

13.      All Documents and Communications Concerning Unemployment Benefits.

14.      All Tax Returns

15.      All Earnings Statements.

16.     All Social Security Documents

17.     All Voter Registration Documents.

18.     All Jury Duty Documents.

SCHEDULE X

(Barbara Mak Requests)

## DOCUMENT REQUESTS TO BARBARA MAK

### INSTRUCTIONS

In responding to this request, these instructions apply:

1.      You must produce all documents within your possession, custody or control.

2.      Electronically stored data, including, but not limited to, email, computer files, and compact discs, must be produced as it is originally maintained or in a reasonably usable format.

3.      Documents produced pursuant to this request must be segregated according to the paragraphs of this request to which they are responsive.

4.      You must produce the original documents unless you are willing to stipulate to the authenticity of any copies produced and further stipulate that those copies can be used for any purpose, including at trial, as and in place of said originals.

5.      Any objection on privilege grounds must be accompanied by a privilege log which includes a description of the privileged documents. You are required to provide a specific description of each document in each category specified, the date of the document, the author and recipients, the nature of any privilege asserted and any other information sufficient to allow for a meaningful motion to compel if necessary..

6.      If you represent that you cannot comply with any particular demand for inspection or production, you must affirm that you have made a diligent search and a reasonably inquiry to comply with the particular demand.

7.      Whenever appropriate, the singular form of a word shall be interpreted to include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

8.      All requests for documents are from the date You (defined below) assert that You occupied the Apartment through the present.

### DEFINITIONS

In accordance with Local Rule 7026–1 of the Bankruptcy Court for the Southern District of New York, all Uniform Definitions in Local Civil Rule 26.3 of the Rules of the District Court

for the Southern District of New York apply to the requests below including the incorporation of

Federal Rule of Civil Procedure 34(a)(1)(A). The Uniform Definitions are supplemented with the

following additional definitions that also apply to this case and govern this Request for Production

of Documents below:

1.      **"2 Bowery Property"** as used here means the property located at 2 Bowery, New

York New York.

2.      **"26 Bowery Property"** as used here means the property located at 26 Bowery,

New York, New York.

3.      **"Apartment"** means the apartment where You reside or that You occupy at either

the 2 Bowery Property or 26 Bowery Property."

4.      **"Bills"** means any bills or invoices for landline telephone service, cable service,

internet service, gas or electric used at the Apartment, and proof of payment of any and all of the

above.

5.      **"Concerning"** means relating to, referring to, describing, evidencing or

constituting.

6.      **"Communication"** means the transmittal of information (in the form of facts,

ideas, inquiries or otherwise).

7.      **"Co-Tenancy Agreement"** means any and all agreements and written

correspondence with any other person who occupied the Apartment and proof of payment for

rent/use and occupancy for the Apartment from or on behalf of such person.

8.       **"Deeds"** means any and all deeds for any property owned, directly or indirectly by

You, and/or You occupied, and all real estate tax bills, filings and payments.

9.      **"Document"** is synonymous in meaning and equal in scope to the usage of the

2

terms "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), which includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably useable form.  A draft or non-identical copy is a separate document within the meaning of this term.

10.     **"Earnings Statements"** means full versions of all pay stubs and earnings statements, W-2 Wage and Tax Statement form, 1098 and 1099 forms, k-1 forms, pension statements, social security statements, and other evidence of income earned by or issued to You.

11.     **"Identification Documents"** means Your birth certificate, any documents that state Your legal name, and any documents relating to or evidencing any alias used by You or documents relating to a legal name change.

12.     **"Insurance Documents"** means any documents relating to renter's and other insurance coverage for the Apartment.

13.     **"Jury Duty Documents"** means documents relating to jury duty, including, but not limited to, jury/juror summonses.

14.     **"Lease"** means any and all leases, subleases, and any other rental/occupancy agreement with respect to the Apartment.

15.     **"License"** means any and all licenses issued to You for the operation of any vehicles, including but not limited to, passenger cars, trucks. motorcycles, boats and commercial vehicles.

16.     **"Other Leases"** means any and all leases, subleases, occupancy and any other rental/occupancy agreements to which You are named as a party and/or any property occupied by You other than the Lease.

17.    **"Post Office Box"** means any and all Documents and Communications relating to the rental by You or used by You of a post office box or any similar arrangement for the receipt of mail or packages.

18.    **"Separation Decree"** means any and all separation and divorce decrees or orders.

19.    **"Social Security Documents"** means social security card, and correspondence received from Social Security Department.

20.    **"Tax Returns"** means full version of any and all federal, state and local tax return(s) with all schedules filed by You, documents showing any New York City Resident or Non-Resident taxes paid by You, and all schedules, exhibiting the income produced and/or losses assessed from the Apartment, and/or any other property owned, leased or occupied by You**.**

21.    **"Travel Documents"** means documents relating to Your enrollment and/or membership in any program which facilitates domestic or international travel including but not limited to Global Entry, TSA and Clear and applications relating thereto and any passport or passport applications.

22.    **"Unemployment Benefits"** means any documents concerning or evidencing unemployment benefits applied for, whether or not benefits received, applications for benefits, benefit determinations, payment of benefits, and any written correspondence relating to unemployment benefits**.**

23.    **"Voter Registration Documents"** means documents relating to Your voter registrations, including voter registration cards, voting records, and any correspondence to and from the governing department/agency.

24.     **"You"** as used here means Barbara Mak (or any entities owned, directly or indirectly, by you).

## DOCUMENT REQUESTS

1.      All Documents and Communications Concerning the date that You first occupied the Apartment.

2.      All Leases with respect to the Apartment and any Communications Concerning the Leases.

3.      All Documents and Communications Concerning proof of all rent payments for the Apartment made by You or on Your behalf, including, but not limited to, bank statements, rent payment receipts, bank and other withdrawal records, bank and other deposit records and electronic transfer records.

4.      All Documents and Communications Concerning any Co-Tenancy Agreement.

5.      All Documents and Communications Concerning Bills relating to the Apartment.

6.      All Documents and Communications Concerning Insurance related to the Apartment.

7.      All Documents and Communications Concerning the security deposit You paid or paid on Your behalf in connection with the Apartment and who received the security deposit.

8.      All Documents and Communications Concerning Other Leases.

9.      All Separation Decrees.

10.      All Licenses.

11.      All Documents and Communications Concerning the Post Office Box.

12.      All Travel Documents.

13.      All Documents and Communications Concerning Unemployment Benefits.

14.      All Tax Returns

15.      All Earnings Statements.

16.    All Social Security Documents

17.    All Voter Registration Documents.

18.    All Jury Duty Documents.

SCHEDULE XI

(Dennis Donahue Requests)

## REQUESTED DOCUMENT TO DENNIS DONAHUE

## INSTRUCTIONS

In responding to this request, these instructions apply:

1.      You must produce all documents within your possession, custody or control.

2.      Electronically stored data, including, but not limited to, email, computer files, and compact discs, must be produced as it is originally maintained or in a reasonably usable format.

3.      Documents produced pursuant to this request must be segregated according to the paragraphs of this request to which they are responsive.

4.      You must produce the original documents unless you are willing to stipulate to the authenticity of any copies produced and further stipulate that those copies can be used for any purpose, including at trial, as and in place of said originals.

5.      Any objection on privilege grounds must be accompanied by a privilege log which includes a description of the privileged documents. You are required to provide a specific description of each document in each category specified, the date of the document, the author and recipients, the nature of any privilege asserted and any other information sufficient to allow for a meaningful motion to compel if necessary..

6.      If you represent that you cannot comply with any particular demand for inspection or production, you must affirm that you have made a diligent search and a reasonably inquiry to comply with the particular demand.

7.      Whenever appropriate, the singular form of a word shall be interpreted to include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

8.      All requests for documents are from the date You (defined below) assert that You occupied the Apartment through the present.

## DEFINITIONS

In accordance with Local Rule 7026–1 of the Bankruptcy Court for the Southern District of New York, all Uniform Definitions in Local Civil Rule 26.3 of the Rules of the District Court

for the Southern District of New York apply to the requests below including the incorporation of

Federal Rule of Civil Procedure 34(a)(1)(A). The Uniform Definitions are supplemented with the

following additional definitions that also apply to this case and govern this Request for Production

of Documents below:

1.      **"2 Bowery Property"** as used here means the property located at 2 Bowery, New

York New York.

2.      **"26 Bowery Property"** as used here means the property located at 26 Bowery,

New York, New York.

3.      **"Apartment"** means the apartment where You reside or that You occupy at either

the 2 Bowery Property or 26 Bowery Property."

4.      **"Bills"** means any bills or invoices for landline telephone service, cable service,

internet service, gas or electric used at the Apartment, and proof of payment of any and all of the

above.

5.      **"Concerning"** means relating to, referring to, describing, evidencing or

constituting.

6.      **"Communication"** means the transmittal of information (in the form of facts,

ideas, inquiries or otherwise).

7.      **"Co-Tenancy Agreement"** means any and all agreements and written

correspondence with any other person who occupied the Apartment and proof of payment for

rent/use and occupancy for the Apartment from or on behalf of such person.

8.       **"Deeds"** means any and all deeds for any property owned, directly or indirectly by

You, and/or You occupied, and all real estate tax bills, filings and payments.

9.      **"Document"** is synonymous in meaning and equal in scope to the usage of the

2

terms "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), which includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably useable form.  A draft or non-identical copy is a separate document within the meaning of this term.

10.    **"Earnings Statements"** means full versions of all pay stubs and earnings statements, W-2 Wage and Tax Statement form, 1098 and 1099 forms, k-1 forms, pension statements, social security statements, and other evidence of income earned by or issued to You.

11.    **"Identification Documents"** means Your birth certificate, any documents that state Your legal name, and any documents relating to or evidencing any alias used by You or documents relating to a legal name change.

12.    **"Insurance Documents"** means any documents relating to renter's and other insurance coverage for the Apartment.

13.    **"Jury Duty Documents"** means documents relating to jury duty, including, but not limited to, jury/juror summonses.

14.    **"Lease"** means any and all leases, subleases, and any other rental/occupancy agreement with respect to the Apartment.

15.    **"License"** means any and all licenses issued to You for the operation of any vehicles, including but not limited to, passenger cars, trucks. motorcycles, boats and commercial vehicles.

16.    **"Other Leases"** means any and all leases, subleases, occupancy and any other rental/occupancy agreements to which You are named as a party and/or any property occupied by You other than the Lease.

17.    **"Post Office Box"** means any and all Documents and Communications relating to the rental by You or used by You of a post office box or any similar arrangement for the receipt of mail or packages.

18.    **"Separation Decree"** means any and all separation and divorce decrees or orders.

19.    **"Social Security Documents"** means social security card, and correspondence received from Social Security Department.

20.    **"Tax Returns"** means full version of any and all federal, state and local tax return(s) with all schedules filed by You, documents showing any New York City Resident or Non-Resident taxes paid by You, and all schedules, exhibiting the income produced and/or losses assessed from the Apartment, and/or any other property owned, leased or occupied by You.

21.    **"Travel Documents"** means documents relating to Your enrollment and/or membership in any program which facilitates domestic or international travel including, but not limited to, Global Entry, TSA and Clear and applications relating thereto and any passport or passport applications.

22.    **"Unemployment Benefits"** means any documents concerning or evidencing unemployment benefits applied for, whether or not benefits received, applications for benefits, benefit determinations, payment of benefits, and any written correspondence relating to unemployment benefits.

23.    **"Voter Registration Documents"** means documents relating to Your voter registrations, including voter registration cards, voting records, and any correspondence to and from the governing department/agency.

24.    **"You"** as used here means Dennis Donahue (or any entities owned, directly or indirectly, by you).

## DOCUMENT REQUESTS

1.      All Documents and Communications Concerning the date that You first occupied the Apartment.

2.      All Leases with respect to the Apartment and any Communications Concerning the Leases.

3.      All Documents and Communications Concerning proof of all rent payments for the Apartment made by You or on Your behalf, including, but not limited to, bank statements, rent payment receipts, bank and other withdrawal records, bank and other deposit records and electronic transfer records.

4.      All Documents and Communications concerning or evidencing any Co-Tenancy Agreement.

5.      All Documents and Communications Concerning Bills relating to the Apartment.

6.      All Documents and Communications Concerning Insurance related to the Apartment.

7.      All Documents and Communications Concerning the security deposit You paid or paid on Your behalf in connection with the Apartment and who received the security deposit.

8.      All Documents and Communications Concerning Other Leases.

9.      All Separation Decrees.

10.     All Licenses.

11.     All Documents and Communications Concerning the Post Office Box.

12.     All Travel Documents.

13.     All Documents and Communications Concerning Unemployment Benefits.

14.     All Tax Returns

15.    All Earnings Statements.

16.    All Social Security Documents

17.    All Voter Registration Documents.

18.    All Jury Duty Documents.

SCHEDULE XII

(Cody Ng Requests)

## REQUESTED DOCUMENT TO CODY NG

## INSTRUCTIONS

In responding to this request, these instructions apply:

1.      You must produce all documents within your possession, custody or control.

2.      Electronically stored data, including, but not limited to, email, computer files, and compact discs, must be produced as it is originally maintained or in a reasonably usable format.

3.      Documents produced pursuant to this request must be segregated according to the paragraphs of this request to which they are responsive.

4.      You must produce the original documents unless you are willing to stipulate to the authenticity of any copies produced and further stipulate that those copies can be used for any purpose, including at trial, as and in place of said originals.

5.      Any objection on privilege grounds must be accompanied by a privilege log which includes a description of the privileged documents. You are required to provide a specific description of each document in each category specified, the date of the document, the author and recipients, the nature of any privilege asserted and any other information sufficient to allow for a meaningful motion to compel if necessary..

6.      If you represent that you cannot comply with any particular demand for inspection or production, you must affirm that you have made a diligent search and a reasonably inquiry to comply with the particular demand.

7.      Whenever appropriate, the singular form of a word shall be interpreted to include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

8.      All requests for documents are from the date You (defined below) assert that You occupied the Apartment through the present.

## DEFINITIONS

In accordance with Local Rule 7026–1 of the Bankruptcy Court for the Southern District of New York, all Uniform Definitions in Local Civil Rule 26.3 of the Rules of the District Court

for the Southern District of New York apply to the requests below including the incorporation of

Federal Rule of Civil Procedure 34(a)(1)(A). The Uniform Definitions are supplemented with the

following additional definitions that also apply to this case and govern this Request for Production

of Documents below:

1.    **"2 Bowery Property"** as used here means the property located at 2 Bowery, New

York New York.

2.    **"26 Bowery Property"** as used here means the property located at 26 Bowery,

New York, New York.

3.    **"Apartment"** means the apartment where You reside or that You occupy at either

the 2 Bowery Property or 26 Bowery Property."

4.    **"Bills"** means any bills or invoices for landline telephone service, cable service,

internet service, gas or electric used at the Apartment, and proof of payment of any and all of the

above.

5.    **"Concerning"** means relating to, referring to, describing, evidencing or

constituting.

6.    **"Communication"** means the transmittal of information (in the form of facts,

ideas, inquiries or otherwise).

7.    **"Co-Tenancy Agreement"** means any and all agreements and written

correspondence with any other person who occupied the Apartment and proof of payment for

rent/use and occupancy for the Apartment from or on behalf of such person.

8.    **"Deeds"** means any and all deeds for any property owned, directly or indirectly by

You, and/or You occupied, and all real estate tax bills, filings and payments.

9.    **"Document"** is synonymous in meaning and equal in scope to the usage of the

2

terms "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), which includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably useable form. A draft or non-identical copy is a separate document within the meaning of this term.

10. **"Earnings Statements"** means full versions of all pay stubs and earnings statements, W-2 Wage and Tax Statement form, 1098 and 1099 forms, k-1 forms, pension statements, social security statements, and other evidence of income earned by or issued to You.

11. **"Identification Documents"** means Your birth certificate, any documents that state Your legal name, and any documents relating to or evidencing any alias used by You or documents relating to a legal name change.

12. **"Insurance Documents"** means any documents relating to renter's and other insurance coverage for the Apartment.

13. **"Jury Duty Documents"** means documents relating to jury duty, including, but not limited to, jury/juror summonses.

14. **"Lease"** means any and all leases, subleases, and any other rental/occupancy agreement with respect to the Apartment.

15. **"License"** means any and all licenses issued to You for the operation of any vehicles, including but not limited to, passenger cars, trucks. motorcycles, boats and commercial vehicles.

16. **"Other Leases"** means any and all leases, subleases, occupancy and any other rental/occupancy agreements to which You are named as a party and/or any property occupied by You other than the Lease.

17.     **"Post Office Box"** means any and all Documents and Communications relating to the rental by You or used by You of a post office box or any similar arrangement for the receipt of mail or packages.

18.     **"Separation Decree"** means any and all separation and divorce decrees or orders.

19.     **"Social Security Documents"** means social security card, and correspondence received from Social Security Department.

20.     **"Tax Returns"** means full version of any and all federal, state and local tax return(s) with all schedules filed by You, documents showing any New York City Resident or Non-Resident taxes paid by You, and all schedules, exhibiting the income produced and/or losses assessed from the Apartment, and/or any other property owned, leased or occupied by You.

21.     **"Travel Documents"** means documents relating to Your enrollment and/or membership in any program which facilitates domestic or international travel including but not limited to Global Entry, TSA and Clear and applications relating thereto and any passport or passport applications.

22.     **"Unemployment Benefits"** means any documents concerning or evidencing unemployment benefits applied for, whether or not benefits received, applications for benefits, benefit determinations, payment of benefits, and any written correspondence relating to unemployment benefits.

23.     **"Voter Registration Documents"** means documents relating to Your voter registrations, including voter registration cards, voting records, and any correspondence to and from the governing department/agency.

24.      **"You"** as used here means Cody Ng (or any entities owned, directly or indirectly, by you).

4

## DOCUMENT REQUESTS

1.      All Documents and Communications Concerning or evidencing the date that You first occupied the Apartment.

2.      All Leases with respect to the Apartment and any Communications Concerning the Leases.

3.      All Documents and Communications Concerning proof of all rent payments for the Apartment made by You or on Your behalf, including, but not limited to, bank statements, rent payment receipts, bank and other withdrawal records, bank and other deposit records and electronic transfer records.

4.      All Documents and Communications Concerning any Co-Tenancy Agreement.

5.      All Documents and Communications Concerning Bills relating to the Apartment.

6.      All Documents and Communications Concerning Insurance related to the Apartment.

7.      All Documents and Communications Concerning the security deposit You paid or paid on Your behalf in connection with the Apartment and who received the security deposit.

8.      All Documents and Communications Concerning Other Leases.

9.      All Separation Decrees.

10.     All Licenses.

11.     All Documents and Communications Concerning the Post Office Box.

12.     All Travel Documents.

13.     All Documents and Communications Concerning Unemployment Benefits.

14.     All Tax Returns

15.     All Earnings Statements.

16.    All Social Security Documents

17.    All Voter Registration Documents.

18.    All Jury Duty Documents.

SCHEDULE XIII

(Mimin Yong Requests)

## DOCUMENT REQUESTS TO MEMIN YONG

## INSTRUCTIONS

In responding to this request, these instructions apply:

1.      You must produce all documents within your possession, custody or control.

2.      Electronically stored data, including, but not limited to, email, computer files, and compact discs, must be produced as it is originally maintained or in a reasonably usable format.

3.      Documents produced pursuant to this request must be segregated according to the paragraphs of this request to which they are responsive.

4.      You must produce the original documents unless you are willing to stipulate to the authenticity of any copies produced and further stipulate that those copies can be used for any purpose, including at trial, as and in place of said originals.

5.      Any objection on privilege grounds must be accompanied by a privilege log which includes a description of the privileged documents. You are required to provide a specific description of each document in each category specified, the date of the document, the author and recipients, the nature of any privilege asserted and any other information sufficient to allow for a meaningful motion to compel if necessary..

6.      If you represent that you cannot comply with any particular demand for inspection or production, you must affirm that you have made a diligent search and a reasonably inquiry to comply with the particular demand.

7.      Whenever appropriate, the singular form of a word shall be interpreted to include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

8.      All requests for documents are from the date You (defined below) assert that You occupied the Apartment through the present.

## DEFINITIONS

In accordance with Local Rule 7026–1 of the Bankruptcy Court for the Southern District of New York, all Uniform Definitions in Local Civil Rule 26.3 of the Rules of the District Court for the Southern District of New York apply to the requests below including the incorporation of

Federal Rule of Civil Procedure 34(a)(1)(A). The Uniform Definitions are supplemented with the following additional definitions that also apply to this case and govern this Request for Production of Documents below:

1.     **"2 Bowery Property"** as used here means the property located at 2 Bowery, New York New York.

2.     **"26 Bowery Property"** as used here means the property located at 26 Bowery, New York, New York.

3.     **"Apartment"** means the apartment where You reside or that You occupy at either the 2 Bowery Property or 26 Bowery Property."

4.     **"Bills"** means any bills or invoices for landline telephone service, cable service, internet service, gas or electric used at the Apartment, and proof of payment of any and all of the above.

5.     **"Concerning"** means relating to, referring to, describing, evidencing or constituting.

6.     **"Communication"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7.     **"Co-Tenancy Agreement"** means any and all agreements and written correspondence with any other person who occupied the Apartment and proof of payment for rent/use and occupancy for the Apartment from or on behalf of such person.

8.      **"Deeds"** means any and all deeds for any property owned, directly or indirectly by You, and/or You occupied, and all real estate tax bills, filings and payments.

9.     **"Document"** is synonymous in meaning and equal in scope to the usage of the terms "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), which

includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data

or data compilations-stored in any medium from which information can be obtained either directly

or, if necessary, after translation by the responding party into a reasonably useable form.  A draft

or non-identical copy is a separate document within the meaning of this term.

10.    **"Earnings Statements"** means full versions of all pay stubs and earnings

statements, W-2 Wage and Tax Statement form, 1098 and 1099 forms, k-1 forms, pension

statements, social security statements, and other evidence of income earned by or issued to You.

11.    **"Identification Documents"** means Your birth certificate, any documents that

state Your legal name, and any documents relating to or evidencing any alias used by You or

documents relating to a legal name change.

12.    **"Insurance Documents"** means any documents relating to renter's and other

insurance coverage for the Apartment.

13.    **"Jury Duty Documents"** means documents relating to jury duty, including, but

not limited to, jury/juror summonses.

14.    **"Lease"** means any and all leases, subleases, and any other rental/occupancy

agreement with respect to the Apartment.

15.    **"License"** means any and all licenses issued to You for the operation of any

vehicles, including but not limited to, passenger cars, trucks. motorcycles, boats and commercial

vehicles.

16.    **"Other Leases"** means any and all leases, subleases, occupancy and any other

rental/occupancy agreements to which You are named as a party and/or any property occupied by

You other than the Lease.

17.    **"Post Office Box"** means any and all Documents and Communications relating to

the rental by You or used by You of a post office box or any similar arrangement for the receipt of mail or packages.

18.     **"Separation Decree"** means any and all separation and divorce decrees or orders.

19.     **"Social Security Documents"** means social security card, and correspondence received from Social Security Department.

20.     **"Tax Returns"** means full version of any and all federal, state and local tax return(s) with all schedules filed by You, documents showing any New York City Resident or Non-Resident taxes paid by You, and all schedules, exhibiting the income produced and/or losses assessed from the Apartment, and/or any other property owned, leased or occupied by You.

21.     **"Travel Documents"** means documents relating to Your enrollment and/or membership in any program which facilitates domestic or international travel including but not limited to Global Entry, TSA and Clear and applications relating thereto and any passport or passport applications.

22.     **"Unemployment Benefits"** means any documents concerning or evidencing unemployment benefits applied for, whether or not benefits received, applications for benefits, benefit determinations, payment of benefits, and any written correspondence relating to unemployment benefits.

23.     **"Voter Registration Documents"** means documents relating to Your voter registrations, including voter registration cards, voting records, and any correspondence to and from the governing department/agency.

24.      **"You"** as used here means Mimin Yong (or any entities owned, directly or indirectly, by you).

## DOCUMENT REQUESTS

1.      All Documents and Communications Concerning the date that You first occupied the Apartment.

2.      All Leases with respect to the Apartment and any Communications Concerning the Leases.

3.      All Documents and Communications concerning proof of all rent payments for the Apartment made by You or on Your behalf, including, but not limited to, bank statements, rent payment receipts, bank and other withdrawal records, bank and other deposit records and electronic transfer records.

4.      All Documents and Communications Concerning any Co-Tenancy Agreement.

5.      All Documents and Communications Concerning Bills relating to the Apartment.

6.      All Documents and Communications Concerning Insurance related to the Apartment.

7.      All Documents and Communications Concerning the security deposit You paid or paid on Your behalf in connection with the Apartment and who received the security deposit.

8.      All Documents and Communications Concerning Other Leases.

9.      All Separation Decrees.

10.     All Licenses.

11.     All Documents and Communications Concerning the Post Office Box.

12.     All Travel Documents.

13.     All Documents and Communications Concerning Unemployment Benefits.

14.     All Tax Returns

15. All Earnings Statements.

5

16. All Social Security Documents

17. All Voter Registration Documents.

18. All Jury Duty Documents.

SCHEDULE XIV

(Hui Hao Zeng Requests)

## DOCUMENT REQUESTS TO HUI HAO ZENG

## INSTRUCTIONS

In responding to this request, these instructions apply:

1.      You must produce all documents within your possession, custody or control.

2.      Electronically stored data, including, but not limited to, email, computer files, and compact discs, must be produced as it is originally maintained or in a reasonably usable format.

3.      Documents produced pursuant to this request must be segregated according to the paragraphs of this request to which they are responsive.

4.      You must produce the original documents unless you are willing to stipulate to the authenticity of any copies produced and further stipulate that those copies can be used for any purpose, including at trial, as and in place of said originals.

5.      Any objection on privilege grounds must be accompanied by a privilege log which includes a description of the privileged documents. You are required to provide a specific description of each document in each category specified, the date of the document, the author and recipients, the nature of any privilege asserted and any other information sufficient to allow for a meaningful motion to compel if necessary..

6.      If you represent that you cannot comply with any particular demand for inspection or production, you must affirm that you have made a diligent search and a reasonably inquiry to comply with the particular demand.

7.      Whenever appropriate, the singular form of a word shall be interpreted to include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

8.      All requests for documents are from the date You (defined below) assert that You occupied the Apartment through the present.

## DEFINITIONS

In accordance with Local Rule 7026–1 of the Bankruptcy Court for the Southern District of New York, all Uniform Definitions in Local Civil Rule 26.3 of the Rules of the District Court for the Southern District of New York apply to the requests below including the incorporation of

Federal Rule of Civil Procedure 34(a)(1)(A). The Uniform Definitions are supplemented with the following additional definitions that also apply to this case and govern this Request for Production of Documents below:

1.      **"2 Bowery Property"** as used here means the property located at 2 Bowery, New York New York.

2.      **"26 Bowery Property"** as used here means the property located at 26 Bowery, New York, New York.

3.      **"Apartment"** means the apartment where You reside or that You occupy at either the 2 Bowery Property or 26 Bowery Property."

4.      **"Bills"** means any bills or invoices for landline telephone service, cable service, internet service, gas or electric used at the Apartment, and proof of payment of any and all of the above.

5.      **"Concerning"** means relating to, referring to, describing, evidencing or constituting.

6.      **"Communication"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7.      **"Co-Tenancy Agreement"** means any and all agreements and written correspondence with any other person who occupied the Apartment and proof of payment for rent/use and occupancy for the Apartment from or on behalf of such person.

8.      **"Deeds"** means any and all deeds for any property owned, directly or indirectly by You, and/or You occupied, and all real estate tax bills, filings and payments.

9.      **"Document"** is synonymous in meaning and equal in scope to the usage of the terms "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), which

2

includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably useable form.  A draft or non-identical copy is a separate document within the meaning of this term.

10.    **"Earnings Statements"** means full versions of all pay stubs and earnings statements, W-2 Wage and Tax Statement form, 1098 and 1099 forms, k-1 forms, pension statements, social security statements, and other evidence of income earned by or issued to You.

11.    **"Identification Documents"** means Your birth certificate, any documents that state Your legal name, and any documents relating to or evidencing any alias used by You or documents relating to a legal name change.

12.    **"Insurance Documents"** means any documents relating to renter's and other insurance coverage for the Apartment.

13.    **"Jury Duty Documents"** means documents relating to jury duty, including, but not limited to, jury/juror summonses.

14.    **"Lease"** means any and all leases, subleases, and any other rental/occupancy agreement with respect to the Apartment.

15.    **"License"** means any and all licenses issued to You for the operation of any vehicles, including but not limited to, passenger cars, trucks. motorcycles, boats and commercial vehicles.

16.    **"Other Leases"** means any and all leases, subleases, occupancy and any other rental/occupancy agreements to which You are named as a party and/or any property occupied by You other than the Lease.

17.    **"Post Office Box"** means any and all Documents and Communications relating to

3

the rental by You or used by You of a post office box or any similar arrangement for the receipt of mail or packages.

18.    **"Separation Decree"** means any and all separation and divorce decrees or orders.

19.    **"Social Security Documents"** means social security card, and correspondence received from Social Security Department.

20.    **"Tax Returns"** means full version of any and all federal, state and local tax return(s) with all schedules filed by You, documents showing any New York City Resident or Non-Resident taxes paid by You, and all schedules, exhibiting the income produced and/or losses assessed from the Apartment, and/or any other property owned, leased or occupied by You.

21.    **"Travel Documents"** means documents relating to Your enrollment and/or membership in any program which facilitates domestic or international travel including but not limited to Global Entry, TSA and Clear and applications relating thereto and any passport or passport applications.

22.    **"Unemployment Benefits"** means any documents concerning or evidencing unemployment benefits applied for, whether or not benefits received, applications for benefits, benefit determinations, payment of benefits, and any written correspondence relating to unemployment benefits.

23.    **"Voter Registration Documents"** means documents relating to Your voter registrations, including voter registration cards, voting records, and any correspondence to and from the governing department/agency.

24.    **"You"** as used here means Hui Hao Zeng (or any entities owned, directly or indirectly, by you).

## **DOCUMENT REQUESTS**

1.      All Documents and Communications Concerning the date that You first occupied the Apartment.

2.      All Leases with respect to the Apartment and any Communications Concerning the Leases.

3.      All Documents and Communications concerning proof of all rent payments for the Apartment made by You or on Your behalf, including, but not limited to, bank statements, rent payment receipts, bank and other withdrawal records, bank and other deposit records and electronic transfer records.

4.      All Documents and Communications Concerning any Co-Tenancy Agreement.

5.      All Documents and Communications Concerning Bills relating to the Apartment.

6.      All Documents and Communications Concerning Insurance related to the Apartment.

7.      All Documents and Communications Concerning the security deposit You paid or paid on Your behalf in connection with the Apartment and who received the security deposit.

8.      All Documents and Communications Concerning Other Leases.

9.      All Separation Decrees.

10.     All Licenses.

11.     All Documents and Communications Concerning the Post Office Box.

12.     All Travel Documents.

13.     All Documents and Communications Concerning Unemployment Benefits.

14. All Tax Returns

15. All Earnings Statements.

16. All Social Security Documents

17. All Voter Registration Documents.

18. All Jury Duty Documents.

SCHEDULE XV

(Wilson Ng Requests)

## DOCUMENT REQUESTS TO WILSON NG

### INSTRUCTIONS

In responding to this request, these instructions apply:

1.      You must produce all documents within your possession, custody or control.

2.      Electronically stored data, including, but not limited to, email, computer files, and compact discs, must be produced as it is originally maintained or in a reasonably usable format.

3.      Documents produced pursuant to this request must be segregated according to the paragraphs of this request to which they are responsive.

4.      You must produce the original documents unless you are willing to stipulate to the authenticity of any copies produced and further stipulate that those copies can be used for any purpose, including at trial, as and in place of said originals.

5.      Any objection on privilege grounds must be accompanied by a privilege log which includes a description of the privileged documents. You are required to provide a specific description of each document in each category specified, the date of the document, the author and recipients, the nature of any privilege asserted and any other information sufficient to allow for a meaningful motion to compel if necessary..

6.      If you represent that you cannot comply with any particular demand for inspection or production, you must affirm that you have made a diligent search and a reasonably inquiry to comply with the particular demand.

7.      Whenever appropriate, the singular form of a word shall be interpreted to include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

8.      All requests for documents are from the date You (defined below) assert that You occupied the Apartment through the present.

### DEFINITIONS

In accordance with Local Rule 7026–1 of the Bankruptcy Court for the Southern District of New York, all Uniform Definitions in Local Civil Rule 26.3 of the Rules of the District Court for the Southern District of New York apply to the requests below including the incorporation of

Federal Rule of Civil Procedure 34(a)(1)(A). The Uniform Definitions are supplemented with the following additional definitions that also apply to this case and govern this Request for Production of Documents below:

1.    **"2 Bowery Property"** as used here means the property located at 2 Bowery, New York New York.

2.    **"26 Bowery Property"** as used here means the property located at 26 Bowery, New York, New York.

3.    **"Apartment"** means the apartment where You reside or that You occupy at either the 2 Bowery Property or 26 Bowery Property."

4.    **"Bills"** means any bills or invoices for landline telephone service, cable service, internet service, gas or electric used at the Apartment, and proof of payment of any and all of the above.

5.    **"Concerning"** means relating to, referring to, describing, evidencing or constituting.

6.    **"Communication"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7.    **"Co-Tenancy Agreement"** means any and all agreements and written correspondence with any other person who occupied the Apartment and proof of payment for rent/use and occupancy for the Apartment from or on behalf of such person.

8.     **"Deeds"** means any and all deeds for any property owned, directly or indirectly by You, and/or You occupied, and all real estate tax bills, filings and payments.

9.    **"Document"** is synonymous in meaning and equal in scope to the usage of the terms "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), which

2

includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably useable form. A draft or non-identical copy is a separate document within the meaning of this term.

10.     **"Earnings Statements"** means full versions of all pay stubs and earnings statements, W-2 Wage and Tax Statement form, 1098 and 1099 forms, k-1 forms, pension statements, social security statements, and other evidence of income earned by or issued to You.

11.     **"Identification Documents"** means Your birth certificate, any documents that state Your legal name, and any documents relating to or evidencing any alias used by You or documents relating to a legal name change.

12.     **"Insurance Documents"** means any documents relating to renter's and other insurance coverage for the Apartment.

13.     **"Jury Duty Documents"** means documents relating to jury duty, including, but not limited to, jury/juror summonses.

14.     **"Lease"** means any and all leases, subleases, and any other rental/occupancy agreement with respect to the Apartment.

15.     **"License"** means any and all licenses issued to You for the operation of any vehicles, including but not limited to, passenger cars, trucks. motorcycles, boats and commercial vehicles.

16.     **"Other Leases"** means any and all leases, subleases, occupancy and any other rental/occupancy agreements to which You are named as a party and/or any property occupied by You other than the Lease.

17.     **"Post Office Box"** means any and all Documents and Communications relating to

the rental by You or used by You of a post office box or any similar arrangement for the receipt of mail or packages.

18.    **"Separation Decree"** means any and all separation and divorce decrees or orders.

19.    **"Social Security Documents"** means social security card, and correspondence received from Social Security Department.

20.    **"Tax Returns"** means full version of any and all federal, state and local tax return(s) with all schedules filed by You, documents showing any New York City Resident or Non-Resident taxes paid by You, and all schedules, exhibiting the income produced and/or losses assessed from the Apartment, and/or any other property owned, leased or occupied by You.

21.    **"Travel Documents"** means documents relating to Your enrollment and/or membership in any program which facilitates domestic or international travel including but not limited to Global Entry, TSA and Clear and applications relating thereto and any passport or passport applications.

22.    **"Unemployment Benefits"** means any documents concerning or evidencing unemployment benefits applied for, whether or not benefits received, applications for benefits, benefit determinations, payment of benefits, and any written correspondence relating to unemployment benefits.

23.    **"Voter Registration Documents"** means documents relating to Your voter registrations, including voter registration cards, voting records, and any correspondence to and from the governing department/agency.

24.    **"You"** as used here means Wilson Ng (or any entities owned, directly or indirectly, by you).

## DOCUMENT REQUESTS

1.      All Documents and Communications Concerning the date that You first occupied the Apartment.

2.      All Leases with respect to the Apartment and any Communications Concerning the Leases.

3.      All Documents and Communications concerning proof of all rent payments for the Apartment made by You or on Your behalf, including, but not limited to, bank statements, rent payment receipts, bank and other withdrawal records, bank and other deposit records and electronic transfer records.

4.      All Documents and Communications Concerning any Co-Tenancy Agreement.

5.      All Documents and Communications Concerning Bills relating to the Apartment.

6.      All Documents and Communications Concerning Insurance related to the Apartment.

7.      All Documents and Communications Concerning the security deposit You paid or paid on Your behalf in connection with the Apartment and who received the security deposit.

8.      All Documents and Communications Concerning Other Leases.

9.      All Separation Decrees.

10.     All Licenses.

11.     All Documents and Communications Concerning the Post Office Box.

12.     All Travel Documents.

13.     All Documents and Communications Concerning Unemployment Benefits.

14.     All Tax Returns

15.     All Earnings Statements.

16.     All Social Security Documents

17.     All Voter Registration Documents.

18.     All Jury Duty Documents.

SCHEDULE XVI

(Romano & Kuan P.C.)

## <u>REQUESTED DOCUMENT TO ROMANO & KUAN P.C.</u>

## <u>INSTRUCTIONS</u>

In responding to this request, these instructions apply:

1.     You must produce all documents within your possession, custody or control.

2.     Electronically stored data, including, but not limited to, email, computer files, and compact discs, must be produced as it is originally maintained or in a reasonably usable format.

3.     Documents produced pursuant to this request must be segregated according to the paragraphs of this request to which they are responsive.

4.     You must produce the original documents unless you are willing to stipulate to the authenticity of any copies produced and further stipulate that those copies can be used for any purpose, including at trial, as and in place of said originals.

5.     Any objection on privilege grounds must be accompanied by a privilege log which includes a description of the privileged documents. You are required to provide a specific description of each document in each category specified, the date of the document, the author and recipients, the nature of any privilege asserted and any other information sufficient to allow for a meaningful motion to compel if necessary..

6.     If you represent that you cannot comply with any particular demand for inspection or production, you must affirm that you have made a diligent search and a reasonably inquiry to comply with the particular demand.

7.     Whenever appropriate, the singular form of a word shall be interpreted to include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

8.     All requests for documents are from May 2019 to the date of the response.

## <u>DEFINITIONS</u>

1.      **"2 Bowery"** means 2 Bowery Holding LLC.

2.      **"26 Bowery"** means 26 Bowery LLC.

3.      **"Escrow Agreement"** means an escrow agreement between you and Steven Ng, 2 Bowery or 26 Bowery, and all escrow account information and disbursements.

4.      **"TD"** means TD Bank, N.A.

5.      **"Transfer"** means each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing or parting with property or interest in property, including money.

6.      **"You"** means Romano & Kuan, P.C.

## DOCUMENT REQUESTS

1.      All Documents and Communications Concerning any Transfer to or from (i)

Steven Ng, (ii) TD Account No. 6772307113, and (iii) TD Account No. 4354291828.

2.      All Escrow Agreements with Steven Ng, 2 Bowery or 26 Bowery, including all

escrow account information and disbursements.

3.      All Communication Concerning the Escrow Agreements.

4.      All Documents and Communications Concerning to Steven Ng, 2 Bowery or 26

Bowery.