| | |
|---|---|
| **LEECH TISHMAN ROBINSON BROG PLLC**<br>875 Third Avenue, 9th Floor<br>New York, New York 10022<br>Tel. No.: 212-603-6301<br>Fred B. Ringel, Esq.<br>Clement Yee, Esq.<br>*Attorneys for the Debtors and Debtors in Possession* | Hearing Date and Time:<br>December 21, 2022 at 10:00 a.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:

**26 BOWERY LLC** and
**2 BOWERY HOLDING LLC**,

                             Debtors.
---------------------------------------------------------X

Chapter 11

Case No.: 22-10412 (MG) and
          22-10413 (MG)
(Jointly Administered)

### DEBTORS' MOTION FOR ENTRY OF ORDER EXTENDING EXCLUSIVE RIGHT TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES TO THE PLAN AND FOR RELATED RELIEF

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

      **26 Bowery LLC** and **2 Bowery Holding LLC,** debtors and debtors in possession (collectively, "Debtors"), by their attorneys, Leech Tishman Robinson Brog PLLC, seek the entry of an order under Section 1121 of Title 11 of the United States Code ("Bankruptcy Code") extending the time within which the Debtors have the exclusive right to file a plan of reorganization and to solicit acceptances to the Plan for 120 days through and including April 5, 2023 and June 6, 2023, respectively.  A

{01081316.DOCX;1 }

proposed form of order is annexed to this application as <u>Exhibit A</u>, In support thereof, the Debtors state:

### JURISDICTION AND VENUE

1. Jurisdiction over this application is vested in the United States District Court for this District pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding arising under title 11 of the United States Code. <u>See</u> 28 U.S.C. § 157(b)(1). The statutory predicate for the relief sought is Section 1121 of the Bankruptcy Code.

3. Venue of this civil proceeding in this district is proper pursuant to 28 U.S.C. § 1409.

### BACKGROUND

4. On March 31, 2022 ("<u>Petition Date</u>"), the Debtors each filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. No trustee or examiner has been appointed in these cases.

5. The Debtors are in possession of their assets and are continuing to manage their property in accordance with sections 1107 and 1108 of the Bankruptcy Code.

6. 26 Bowery is the owner of the real property and improvements located at 26 Bowery, New York, New York ("<u>26 Bowery Property</u>"). 2 Bowery is the owner of the real property and improvements located at 2 Bowery, New York, New York

("2 Bowery Property, together with 26 Bowery Property, "Properties"). The Properties are mixed-use properties in Manhattan's Chinatown neighborhood.

## RELIEF REQUESTED

7.      Pursuant to section 1121(b) of the Bankruptcy Code, the Debtors have the exclusive right to file a plan of reorganization during the first 120 days after the date of the order for relief ("Exclusivity Period"). In addition, pursuant to Section 1121(c)(3) of the Bankruptcy Code, the Debtors are given the exclusive right to solicit acceptances to any plan filed during the Exclusivity Period for 180 days after the date of the order for relief ("Acceptance Period," together with the Exclusivity Period, "Exclusive Periods"). Pursuant to Section 1121(d) of the Bankruptcy Code, this Court may extend the Exclusive Periods.

8.      The current Exclusivity Period and Acceptance Period expire on December 6, 2022 and February 6, 2023, respectively. The filing of a motion pursuant to Section 1121(d) prior to the expiration of the Exclusive Periods tolls the deadline pending resolution of such motion. See 11 U.S.C. § 1121(d)(1) ("[s]ubject to paragraph (2) on request of a party in interest made *within* the respective periods specified in subsections (b) and (c) of this section . . . the court may for cause reduce or increase the 120 day period or the 180 day period referred to in this section.") (emphasis added).

9.      This is the Debtors' second request for an extension of the Exclusive Periods. The Debtors seek the entry of an order: (i) extending the Exclusivity

Period for 120 days to and including April 5, 2023, and in the event the Debtors timely file a plan within said extension, (ii) extending the Acceptance Period for 180 days to and including June 6, 2023 to ensure that this Court, the Debtors, and other parties in interest are not distracted by the filing of any competing or premature plans.

10. The Debtors submit it should be granted the requested extensions of the Exclusive Periods so that it will have sufficient time to, *inter alia,* formulate, file and confirm a plan of reorganization.

## CAUSE EXISTS FOR AN EXTENSION OF THE EXCLUSIVE PERIODS

11. The Debtors' Exclusive Periods may be extended by this Court for "cause" pursuant to Section 1121(d) of the Bankruptcy Code.

12. The moving party bears the burden of establishing that cause exists for an extension of exclusivity under Section 1121(d) of the Bankruptcy Code. *In re Texaco, Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y., 1987). Whether cause exists to extend a debtor's exclusive period is a decision committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. *See, e.g., In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006), *First American Bank of New York v. Southwest Gloves and Safety Equipment, Inc.*, 64 B.R. 963, 965 (D. Del. 1986); Texaco, 76 B.R. at 325; In re Reetz, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1987); *In re Tony Downs Foods Co.,* 34 B.R. 405, 407 (Bankr. D. Minn. 1983). Bankruptcy courts exercise broad flexibility

in making such determinations. *See*, H.R. Rep. No. 595, 95th Cong., 2d Sess. 232 (1978); *See also In re Perkins*, 71 B.R. 294 (W.D. Tenn. 1987) ("The hallmark of [Section 1121(d)] is flexibility").

13. Bankruptcy courts generally focus on nine factors to determine whether a motion to extend exclusivity pursuant to 11 U.S.C. § 1121(d) should be granted:

   a. the size and complexity of the case;

   b. the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

   c. the existence of good faith progress toward reorganization;

   d. the fact that the debtor is paying its bills as they become due;

   e. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

   f. whether the debtor has made progress in negotiations with its creditors;

   g. the amount of time which has elapsed in the case;

   h. whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

   i. whether an unresolved contingency exists.

*In re Adelphia*, 352 B.R. at 857.

14. This is the Debtors' second request for an extension of the Exclusivity Periods. The Debtor submits that factor "(h)" is inapplicable to these cases as they are not using exclusivity to pressure creditors. Additionally, while this is the

Debtors' second request, the Debtors have been in chapter 11 for less than one year.

15. As an initial matter, since the filing of the Debtors' first exclusivity motion, the Debtors have taken the necessary steps to ensure that the Debtors can maintain operations while in chapter 11. The Debtors were able to negotiate a DIP Credit Agreement ("DIP Loan") with Double Bowery Funding LLC ("DIP Lender"), the Debtors' prepetition lender for $3,200,000. The DIP Loan was submitted to the Court for approval and approved on July 20, 2022. The Debtors also sought and received approval for monthly compensation procedures to ensure that professionals would be timely paid during the duration of these chapter 11 cases.

16. More importantly, the Debtors have continued to prepare the Properties for sale. To assist the Debtors, the Debtors retained Rosewood Realty Group as their real estate broker. Additionally, in order to maximize the value of the Properties, the Debtors continued to need additional information to assess the Debtors' leases, given the insider status of many of the tenants. The Debtors filed a 2004 application to obtain documents from tenants, which was granted by the Court. The tenants refused to comply with Court's 2004 order, necessitating the Debtors to file a contempt motion, by newly retained counsel Ravert PLLC, to compel compliance. While the Debtors have received some documentation, the Debtors continue to review what has been received to determine if it will be necessary to commence litigation against the tenants.

17. Because of the lack of information received form the tenants, the

Debtors were also compelled to file a 2004 application seeking additional information from utility suppliers to the Properties.

18. The tenants also continued to deny the Debtors' independent manager access to their units despite leases and New York law that authorizes the manager to have access to the units on reasonable notice. This necessitated the Debtors to file a motion for access to the Court which the Court approved. Upon threat of having their locks changed, the tenants eventually provided access to the Debtors' units.

19. With access to the units and the continued receipt of additional information, the Debtors determined that it needs additional time to file a plan of reorganization. Upon the Debtors' filing, the initial belief was that a prompt sale was in in the best interests of all parties as reflected in the DIP Loan, which provided that the Debtors file a plan by December 5, 2022. The Debtors, upon consultation, with the DIP Lender, have determined that to maximize the value of the Properties, they need to finalize their review of each tenant's occupancy rights to determine their legitimacy and whether litigation might be necessary to test the validity of the tenant leases.

20. Accordingly, at this time, the Debtor believes it would be premature to file a plan predicated on a sale of the Properties and the DIP Lender has agreed to extend its plan milestone to April 4, 2023 and consents to an extension of the Debtors' Exclusive Periods.

21. The Debtors submits that in light of the instant facts and circumstances and in order to provide the Debtors with sufficient time to prepare the Properties for sale and then additionally to market the Properties for sale, that good cause exists to extend the Exclusive Periods. The Debtors believe that the requested extensions will promote the orderly reorganization of the Debtors without the need to devote unnecessary time, money and energy to defending against or responding to a competing plan.

22. The Debtors have served this application on the Office of the United States Trustee, the holders of twenty largest unsecured claims, counsel to Double Bowery, and all parties who have filed notices of appearance in this case. The Debtors submit that such service be deemed appropriate and sufficient under the circumstances.

23. No prior application for the relief sought has been made by the Debtor to this or any other court.

**WHEREFORE**, the Debtors respectfully requests that this Court grant the relief sought in this motion and enter an order pursuant to Sections 1121(b), (c)(3) and (d) of the Bankruptcy Code: (i) extending the Debtors' exclusive right to file a plan of reorganization to and including **April 5, 2023;** (ii) and in the event that the Debtors file a plan of reorganization prior to **April 5, 2023,** further extending the Debtors' right to solicit acceptances with respect thereto to and including **June 6,**

4894-2194-5151, v. 3

2023; and (iii) granting to the Debtors such other and further relief as may be just and appropriate.

Dated: New York, New York
November 23, 2022

ROBINSON BROG
LEECH TISHMAN PLLC
Attorneys for the Debtors
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6300

By: /s/ Fred B. Ringel
   **Fred B. Ringel**