| | |
|---|---|
| **LEECH TISHMAN ROBINSON BROG, PLLC**<br>875 Third Avenue, 9th Floor<br>New York, New York 10022<br>Tel. No.: 212-603-6301<br>Fred B. Ringel, Esq.<br>Clement Yee, Esq.<br>*Attorneys for the Debtors and Debtors in Possession* | Hearing Date and Time:<br>April 5, 2023 at 2:00 p.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                                                      Chapter 11

**26 BOWERY LLC and**                                              Case No.: 22-10412 (MG) and
**2 BOWERY HOLDING LLC**,                                                      22-10413 (MG)
                                                                                                (Jointly Administered)

                              Debtors.
-----------------------------------------------------------X

MOTION OF DEBTORS FOR CONTEMPT OF THIS COURT'S
ORDER GRANTING DEBTORS' EX PARTE MOTION FOR
ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004
AUTHORIZING DISCOVERY EXAMINATIONS OF (I) MEGNE YONG,
(II) WILLIAM NG, (III) HAILEY NG a/k/a HAILEY MAY NG,(IV) DANIELLA
TAM a/k/a DANIELLA HO CHING TAM, (V) JENNY NG a/k/a XUEZHEN LI,
(VI) ANNA KAM, (VII) BARBARA MAK a/k/a WAI YUK BARBARA MAK, (XIII)
CODY NG a/k/a CODY JONATHAN NG, (IX) MIMIN YONG a/k/a MIMIN NG

TO THE HONORABLE MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

      Debtors, 26 Bowery LLC and 2 Bowery Holding LLC ("Debtors"), by their undersigned litigation counsel, hereby move this Court ("Motion"), pursuant to section 105(a) of the title 11 of the United States Code ("Bankruptcy Code") and Rules 7004, 9014, and 9020 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), for an order finding and adjudging (a) (i) Megne Yong, (ii)

William Ng, (iii) Hailey Ng a/k/a Hailey May Ng, (iv) Daniella Tam a/k/a Daniella Ho Ching Tam, (v) Jenny Ng a/k/a Xuezhen Li, (vi) Anna Kam, (vii) Barbara Mak a/k/a Wai Yuk Barbara Mak, (viii) Cody Ng a/k/a Cody Jonathan Ng, and (ix) Mimin Yong a/k/a Mimin Ng ((i)-(ix), each an "Occupant," and together "Occupants"), to be in civil contempt; (b) fining such parties individually $100.00 per day for every day since the filing of this motion and until compliance with the Subpoenas (as defined below) served upon each Occupant pursuant to the 2004 Order (as defined ), and (c) awarding legal fees and costs of the Debtors jointly and severally against such parties in the amount of no less than $10,000.00[1] for the costs of compelling compliance with the Subpoenas and 2004 Order.  To advance the Debtors' efforts to obtain compliance with this Court's Order Granting Debtors' Ex Parte Motion for Entry of an Order Under Bankruptcy Rule 2004 Authorizing Discovery Examinations of (I) Megne Yong, (II) William Ng, (III) Hailey Ng, (IV) Steven Ng, (V) Ting Dong Zeng, (VI) Katherine Lok, (VII) Daniella Tam, (VIII) Jenny Ng, (IX) Anna Kam, (X) Barbara Mak, (XI) Dennis Donahue, (XII) Cody Ng, (XIII) Mimin Yong, (XIV) Hui Hao Zeng, (XV) Wilson Ng, and (XVI) Romano & Kuan P.C. (ECF Doc. 66) ("2004 Order"), the Debtors respectfully represent and request the following additional relief:

---

[1] The exact amount of the legal fees and costs associated compelling compliance with the 2004 Order, include, but are not limited to the Debtors' efforts to hold the examinations of the Occupants and preparing this Motion.  The exacts costs will be determined following a ruling by this Court and after taking into account any additional efforts that may be required to compel compliance with the 2004 Order, but the Debtors submit the amount will be well in excess of $10,000.

- 2 -

Background

1.    As this Court is aware, the Debtors, through their Independent Manager, have been preparing their property at 26 Bowery and 2 Bowery (together, "Properties") for sale to satisfy the claims of their creditors. Since the start of these chapter 11 cases, the Debtors have been seeking to obtain information form the Occupants, all who have personal or familial ties to the Debtors' members, via Bankruptcy Rule 2004 orders. However, a consistent theme during these chapter 11 cases is the Occupants complete disregard of orders issued by the Court.

2.    On July 19, 2022, the Debtors obtained the 2004 Order (ECF Doc. 66) allowing the Independent Manager to seek documents from the Occupants as well as to examine them under oath. The Debtors attempts at obtaining documents from the Occupants through service of the 2004 Order was met with silence. As explained in more detail in a previously filed Motion for Contempt (ECF Doc. 97), the Occupants refused all of the Debtors' efforts to obtain information under the 2004 Order. It was only when the Motion for Contempt was granted, and under the threat of monetary sanctions, that the Occupants provided sparse information regarding their occupancy at the Properties. Indeed, as of today, none of the Occupants have substantially complied with the 2004 Order. As a result, each owes these estates $100/day for the 133 days running from October 29, 2022 or each more than $13,000 in daily penalties and collectively almost $120,000.

3.    After reviewing the documents, it was also determined that testimony at an examination of each of the Occupants would be necessary. Accordingly, under

the 2004 Order, in early January 2023 the Debtors served upon each of the Occupants a Subpoena for 2004 Examination to testify at an examination ("Subpoenas"). A copy of each of the Subpoenas is attached as **Exhibit A**. A copy of the affidavit of service is attached as **Exhibit B**. The Occupants responded just as they did to the 2004 Order by disregarding the Subpoenas and failing to attend any of the properly noticed examinations as conducted by Ravert PLLC, the Debtors' special litigation counsel. Copies of the Rule 2004 examination transcripts evidencing the Occupants failure to attend are attached as **Exhibit C**.

## JURISDICTION AND VENUE

4.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5.  The statutory predicate for this Motion is section 105(a) of the Bankruptcy Code and Bankruptcy Rules 7004, 9014, and 9020.

## RELIEF REQUESTED

6.  This relief is sought under section 105(a) of the Bankruptcy Code, Bankruptcy Rules 7004, 9014, and 9020, and this Court's inherent authority to enforce its own orders. "Federal courts have inherent 'equitable powers of courts of law over their own process, to prevent abuses, oppression, and injustices[.]" *Palmer v. County of Nassau*, 977 F. Supp. 2d 161, 167 (E.D.N.Y. 2013) (citing *Int'l Prods. Corp. v. Koons*, 325 F.2d 403, 408 (2d Cir.1963)) (internal quotes omitted). "Courts

may impose sanctions and rely upon their inherent authority even where the conduct at issue is not covered by one of the other sanctioning provisions. Moreover, a district court may resort to its inherent power to fashion sanctions, even in situations similar or identical to those contemplated by a statute or rule." *Palmer*, 977 F. Supp. 2d at 167.

7. Section 105(a) states:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. §105(a).

8. This Court, under section 105 of the Bankruptcy Code, is vested with the power to enforce its own orders through its contempt powers and there is nothing unconstitutional about this exercise. *See Gibbons v. Haddad (In re Haddad)*, 68 B.R. 944 (Bankr. D. Mass. 1987); *In re Johns Manville Corp.*, 26 B.R. 919 (Bankr. S.D.N.Y. 1983). The civil contempt power is necessary to protect "the due and orderly administration of justice and in maintaining the authority and dignity of the court." *Ry. Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980).

9. In order to hold a party in civil contempt, the movant must establish a knowing violation of a sufficient, specific, and precise order and knowledge of such order. *See Fid. Mortg. Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 51 (2d Cir. 1976), *cert. denied*, 429 U.S. 1093 (1977). "Willfulness is not required and intent is irrelevant because of the remedial and coercive nature of civil contempt." *Shillitani*

*v. United States*, 384 U.S. 364, 368 (1966); *In re Damon*, 40 B.R. 367, 374 (Bankr. S.D.N.Y. 1984). The standard to apply to determine whether there is contemptuous activity does not require a finding of bad-faith motives or willfulness, both of which are appear to be present here:

> In order to hold the alleged contemnor in contempt, the court need only (1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that that order was not complied with, and (3) find that the alleged contemnor has not clearly established his inability to comply with the terms of the Order.

*Huber v. Marine Midland Bank*, 51 F.3d 5 (2d. Cir. 1995).

10. Bankruptcy Rule 9020 governs a motion for contempt made by a party in interest. Rule 9014 governs contested matters of this type and service requirements in connection therewith. Rule 7004 provides for the method of service.

### The Subpoenas Were Properly Served on the Occupants

11. The 2004 Order specified that "the Debtors and their counsel are authorized to cause one or more subpoenas . . . to compel . . . the testimony of [the Occupants]. Further, "[s]ervice of the subpoena and a copy of this [2004] Order may be made by overnight courier, overnight mail, personal delivery, or any other method agreed to by each of the Occupants."

12. All the parties against whom contempt is sought were properly served with the Subpoenas at all known addresses via Priority Mail on January 5, 2023. See Exhibit A.

### The Facts Show a Sufficient, Specific and Precise Order and Knowledge of Such Order

13. As noted above, in order to hold a party in civil contempt, the movant must establish a knowing violation of a sufficient, specific and precise order and knowledge of such order. *See Fidelity Mortg. Investors*, 550 F.2d at 51. First, it is clear that the Court duly entered the 2004 Order. Second, there is simply nothing unclear or ambiguous about this Court's 2004 Order directing the "testimony of the [Occupants] to accomplish the discovery authorized by [the 2004 Order]." Yet again, the Occupants brushed aside the 2004 Order by failing to show up for their examinations and wasting the resources of the Debtors' estates. For this they should be held in civil contempt and be required to pay the sanctions, fees and costs requested here.

14. For all these reasons, the Debtors request that this Court issue an order finding imposing sanctions of $100 per day from the date of this Motion against the against the Occupants as "a remedial device intended to achieve full compliance with [the] court's order." *Pigford v. Veneman*, 307 F. Supp. 2d 51, 56 (D.D.C. 2004). Coercive sanctions have been used in this Court as a tool to compel compliance with court orders. *See, e.g., In re Vernon 4540 Realty, LLC*, No. 20-22919, ECF No. 126 (Bankr. S.D.N.Y. Jan. 5, 2022) (imposing a coercive sanction of $1,000 a day to compel compliance with court order by debtor's member).

15. When fashioning a civil contempt sanction that is coercive, the court "has broad discretion to design a remedy that will bring about compliance." *Perfect Fit Industries, Inc. v. Acme Quilting Co.*, 675 F.2d 53, 57 (2d Cir. 1982). Further, the Debtors respectfully request that the Court order the Occupants to be jointly

- 7 -

and severally liable for the payment of all the Debtors' legal fees and costs for holding the unattended examination and the cost of this Motion in the amount of no less than $10,000.

16. As evidenced by entry of prior contempt orders in these cases, only the threat of sanctions by the Court will compel the Occupants to comply with its orders.

## RESERVATION OF RIGHTS

17. The relief sought herein shall not impair in any way future claims including avoidance actions or causes of action against the any party or third party in anyway related to this chapter 11 case including but not limited to any person or entity reference here, in the 2004 Order or in any past pleading filed by the Debtors. The Debtors expressly reserve all of their rights to bring any claim, avoidance action, or cause of action against the persons against whom a contempt ruling is requested and any other third parties of which it may become aware. As of today, the Debtors still have very little information about the details of the Debtors financial affairs, the relationship between the alleged tenants and the Debtors' principals, who is occupying or controlling units at the Properties, whether some apartments have been illegally subdivided or joined with other apartments, who and how may occupants are in each apartment; what is being stored in any of the units and does such storage create a dangerous condition, who paid money to whom and in connection with what, how much money was generated by the Properties, who received such monies made at the Property before and during this bankruptcy

- 8 -

case, and who got the benefit of that money. To the extent that the Debtors' estate and creditors have been harmed by the actions of the any of the people referenced in this Motion and/or any other persons known or unknown, the Debtors fully intend to fulfill their fiduciary duties to creditors and interest holders by prosecute all avoidance actions or causes of action against those that harmed this Estate.

## NOTICE

18. Notice of this Motion has been provided to (a) the Occupants, (b) the Office of the United States Trustee, (c) counsel to the Debtors' DIP lender and prepetition lender, (d) all parties entitled to notice under Rule 2002, and (e) those non-moving parties who have filed a notice of appearance in this case. The Debtors assert that such notice is reasonable and no further notice is required.

## NO PRIOR REQUEST

19. No prior request for the relief sought in this Motion has been made to this or any other Court.

4875-2736-0853, v. 4

**WHEREFORE**, for all of the reasons stated herein, Movant requests entry of an Order (a) (i) the Occupants to be in contempt of this Court's 2004 Order; (ii) imposing sanctions of $100 per day from the date of this Motion against each Occupant as a remedial device to achieve full compliance with the 2004 Order; (iii) imposing costs on jointly and severally on the Occupants in the amount of no less than $10,000.00 representing the Debtors' legal fees and costs of holding unattended examinations and this Motion; and (b) granting Movant such other and further relief as the Court deems just and proper under the circumstances.

**Dated:** New York, New York
March 22, 2023

        **LEECH TISHMAN**
        **ROBINSON BROG, PLLC**
        Attorneys for the Debtors
        875 Third Avenue, 9th Floor
        New York, New York 10022
        Tel. No.: 212-603-6300

        By: /s/ Fred B. Ringel
            **FRED B. RINGEL**

4875-2736-0853, v. 4