| | |
|---|---|
| **LEECH TISHMAN ROBINSON BROG PLLC**<br>875 Third Avenue, 9th Floor<br>New York, New York 10022<br>Tel. No.: 212-603-6301<br>Fred B. Ringel, Esq.<br>Clement Yee, Esq.<br>*Attorneys for the Debtors and Debtors in Possession* | Hearing Date and Time:<br>August 17, 2023 at 10:00 a.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:

**26 BOWERY LLC** and
**2 BOWERY HOLDING LLC**,

                Debtors.
----------------------------------------------------------X

Chapter 11

Case No.: 22-10412 (MG) and
           22-10413 (MG)
(Jointly Administered)

### NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY OF ORDER EXTENDING EXCLUSIVE RIGHT TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES WITH RESPECT THERETO AND FOR RELATED RELIEF

**PLEASE TAKE NOTICE**, that a hearing ("Hearing") on the Debtors' Motion for Entry of an Order Extending Exclusive Right To File a Plan of Reorganization and To Solicit Acceptances with Respect Thereto and for Related Relief ("Motion") will be held before the **Honorable Martin Glenn, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004 on August 17, 2023 at 10:00 a.m.**, or as soon thereafter as counsel can be heard.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing shall take place via the Court's Zoom videoconferencing platform and the Court shall provide a Zoom

1

link to those persons who have made an eCourtAppearance by 4:00 p.m. the business day before the hearing. Any party appearing at, listening to, or observing the Hearing, must make an electronic appearance, an eCourtAppearance, by using the eCourtAppearance portal located on the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl, or by clicking the "eCourtAppearances" tab on Judge Glenn's page of the Court's website at, https://www.nysb.uscourts.gov/content/chief-judge-martin-glenn . After the deadline to make appearances passes, the Court will send Outlook invitations to those persons who made eCourtAppearances, using the email addresses submitted with those appearances.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief sought in the Motion, must be in writing setting forth the facts and authorities upon which an objection is based, filed with the Clerk of the Court, United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004, with a copy to Chambers, provided, however, that pursuant to *general order* No. 599 re Electronic Case Filing Procedures (as amended from time to time), entities with Internet access shall file objections (formatted in the Adobe Acrobat file format) at http://www. nysb.uscourts.gov, and served so as to be received by attorneys for the Debtors, Leech Tishman Robinson Brog PLLC, 875 Third Avenue, New York, New York 10022, Attention: Fred B. Ringel, Esq. and the United States Trustee's Office, Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, New York 10004,

2

4890-2915-8772, v. 1

Attention: Greg Zipes, Esq., no later than **seven (7) days** prior to the hearing.

**PLEASE TAKE FURTHER NOTICE**, that the hearing may be adjourned from time to time without further notice except by announcement of such adjournment in open court on the date scheduled for the Hearing.

**Dated:** New York, New York
August 2, 2023

        **LEECH TISHMAN**
        **ROBINSON BROG PLLC**
        Attorneys for the Debtors
        875 Third Avenue, 9th Floor
        New York, New York 10022
        Tel. No.: 212-603-6300

        By: /s/ Fred B. Ringel
            **Fred B. Ringel**

| | |
|---|---|
| **LEECH TISHMAN ROBINSON BROG PLLC**<br>875 Third Avenue, 9th Floor<br>New York, New York 10022<br>Tel. No.: 212-603-6301<br>Fred B. Ringel, Esq.<br>Clement Yee, Esq.<br>*Attorneys for the Debtors and Debtors in Possession* | <u>Hearing Date and Time:</u><br>August 17, 2023 at 10:00 a.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:

**26 BOWERY LLC** and
**2 BOWERY HOLDING LLC**,

                  Debtors.
---------------------------------------------------------X

Chapter 11

Case No.: 22-10412 (MG) and
         22-10413 (MG)
(Jointly Administered)

### DEBTORS' MOTION FOR ENTRY OF ORDER EXTENDING EXCLUSIVE RIGHT TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES TO THE PLAN AND FOR RELATED RELIEF

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

      **26 Bowery LLC** and **2 Bowery Holding LLC,** debtors and debtors in possession (collectively, "Debtors"), by their attorneys, Leech Tishman Robinson Brog PLLC, seek the entry of an order under Section 1121 of Title 11 of the United States Code ("Bankruptcy Code") extending the time within which the Debtors have the exclusive right to file a plan of reorganization and to solicit acceptances to the Plan for 60 days through and including October 2, 2023 and November 30, 2023,

4886-5363-7492, v. 1

respectively. A proposed form of order is annexed to this application as **Exhibit A**, In support, the Debtors state:

## JURISDICTION AND VENUE

1. Jurisdiction over this application is vested in the United States District Court for this District pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding arising under title 11 of the United States Code. See 28 U.S.C. § 157(b)(1). The statutory predicate for the relief sought is Section 1121 of the Bankruptcy Code.

3. Venue of this civil proceeding in this district is proper pursuant to 28 U.S.C. § 1409.

## BACKGROUND

4. On March 31, 2022 ("Petition Date"), the Debtors each filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. No trustee or examiner has been appointed in these cases.

5. The Debtors are in possession of their assets and are continuing to manage their property in accordance with sections 1107 and 1108 of the Bankruptcy Code.

6. 26 Bowery is the owner of the real property and improvements located at 26 Bowery, New York, New York ("26 Bowery Property"). 2 Bowery is the owner of the real property and improvements located at 2 Bowery, New York, New York

("<u>2 Bowery Property</u>, together with 26 Bowery Property, "<u>Properties</u>"). The Properties are mixed-use properties in Manhattan's Chinatown neighborhood.

## RELIEF REQUESTED

7.  Under section 1121(b) of the Bankruptcy Code, the Debtors have the exclusive right to file a plan of reorganization during the first 120 days after the date of the order for relief ("<u>Exclusivity Period</u>").  In addition, under Section 1121(c)(3) of the Bankruptcy Code, the Debtors are given the exclusive right to solicit acceptances to any plan filed during the Exclusivity Period for 180 days after the date of the order for relief ("<u>Acceptance Period</u>," together with the Exclusivity Period, "<u>Exclusive Periods</u>").  Under Section 1121(d) of the Bankruptcy Code, this Court may extend the Exclusive Periods.

8.  The current Exclusivity Period and Acceptance Period expire on August 3, 2023 and October 4, 2023, respectively.  The filing of a motion under Section 1121(d) before the expiration of the Exclusive Periods tolls the deadline pending resolution of such motion.  See 11 U.S.C. § 1121(d)(1) ("[s]ubject to paragraph (2) on request of a party in interest made *within* the respective periods specified in subsections (b) and (c) of this section . . . the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.") (emphasis added).

9.  This is the Debtors' final request for an extension of the Exclusive Periods.  The Debtors seek the entry of an order: (i) extending the Exclusivity

Period for 60 days to and including October 2, 2023, and if the Debtors timely file a plan within said extension, (ii) extending the Acceptance Period to and including November 30, 2023 to ensure that this Court, the Debtors, and other parties in interest are not distracted by the filing of any competing or premature plans.

10.   The Debtors submit it should be granted the requested extensions of the Exclusive Periods so that it will have sufficient time to, among other things, formulate, file, and confirm a plan of reorganization.

## CAUSE EXISTS FOR AN EXTENSION OF THE EXCLUSIVE PERIODS

11.   The Debtors' Exclusive Periods may be extended by this Court for "cause" under Section 1121(d) of the Bankruptcy Code.

12.   The moving party bears the burden of establishing that cause exists for an extension of exclusivity under Section 1121(d) of the Bankruptcy Code. *In re Texaco, Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y., 1987).  Whether cause exists to extend a debtor's exclusive period is a decision committed to the sound discretion of the bankruptcy court based on the facts and circumstances of each particular case. *See*, *e.g.*, *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006), *First Am. Bank of New York v. Southwest Gloves and Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986); Texaco, 76 B.R. at 325; In re Reetz, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1987); *In re Tony Downs Foods Co.,* 34 B.R. 405, 407 (Bankr. D. Minn. 1983).  Bankruptcy courts exercise broad flexibility in making such determinations. *See*, H.R. Rep. No. 595, 95th Cong., 2d Sess. 232 (1978); *See also In re Perkins*, 71

B.R. 294 (W.D. Tenn. 1987) ("The hallmark of [Section 1121(d)] is flexibility").

13. Bankruptcy courts generally focus on nine factors to determine whether a motion to extend exclusivity pursuant to 11 U.S.C. § 1121(d) should be granted:

   a. the size and complexity of the case;

   b. the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

   c. the existence of good faith progress toward reorganization;

   d. the fact that the debtor is paying its bills as they become due;

   e. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

   f. whether the debtor has made progress in negotiations with its creditors;

   g. the time which has elapsed in the case;

   h. whether the debtor is seeking an extension of exclusivity to pressure creditors to submit to the debtor's reorganization demands; and

   i. whether an unresolved contingency exists.

*In re Adelphia*, 352 B.R. at 587.

14. This is the Debtors' final request for an extension of the Exclusivity Periods. The Debtor submits that factor "(h)" is inapplicable to these cases as they are not using exclusivity to pressure creditors.

15. Since the filing of the Debtors' last exclusivity motion, the Debtors continue their attempts to rehabilitate the Properties by seeking cooperation from the Properties' occupants, whether through consensual resolutions of their occupancy or through the continued threat of sanctions. To that end, the Debtors have recovered

one of the apartments from Daniella Tam and are optimistic that other tenants may follow suit. Even so, the Debtors were compelled to move for additional contempt sanctions against the Debtors' occupants resulting in entry of a judgment against some of the occupants. The Debtors have also commenced litigation against the occupants for among other things, ejectment because of an expired lease and failure to vacate and avoid the "leases" held by the occupants. The defendants in the ejectment actions did not respond to the Debtors' complaint and a motion for a default judgment is pending in the ejectment actions.

16. Now that litigation has commenced, the Debtors submit that they require another extension of their Exclusive Periods to continue the litigations against the occupants. Given the delays caused by the occupants, the Debtors now believe their cases have the necessary momentum to move toward a sale of the Properties and eventual confirmation of a plan of reorganization.

17. The Debtors submit that given the instant facts and to provide the Debtors with sufficient time to pursue recovery of the property and then prepare the Properties for sale and then also to market the Properties for sale, that good cause exists to extend the Exclusive Periods. The Debtors believe that the requested extensions will promote the orderly reorganization of the Debtors without the need to devote unnecessary time, money and energy to defending against or responding to a competing plan.

18. The Debtors have served this application on the Office of the United

States Trustee, the holders of twenty largest unsecured claims, counsel to Double Bowery, and all parties who have filed notices of appearance here. The Debtors submit that such service be considered appropriate and sufficient under the circumstances.

19. No prior application for the relief sought has been made by the Debtor to this or any other court.

**WHEREFORE**, the Debtors respectfully requests that this Court grant the relief sought in this motion and enter an order under Sections 1121(b), (c)(3) and (d) of the Bankruptcy Code: (i) extending the Debtors' exclusive right to file a plan of reorganization to and including **October 2, 2023;** (ii) and if the Debtors file a plan of reorganization prior **October 2, 2023,** extending the Debtors' right to solicit acceptances with respect thereto to and including **November 30, 2023**; and (iii) granting to the Debtors any other relief that may be just and appropriate.

**Dated:** New York, New York
August 2, 2023

        **LEECH TISHMAN
ROBINSON BROG, PLLC**
Attorneys for the Debtors
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6300

By: /s/ Fred B. Ringel
    **Fred B. Ringel**

# Exhibit A

## Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:

**26 BOWERY LLC and**
**2 BOWERY HOLDING LLC**,

Debtors.

-------------------------------------------------------X

Chapter 11

Case No.: 22-10412 (MG) and
22-10413 (MG)
(Jointly Administered)

### ORDER EXTENDING EXCLUSIVE RIGHT TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES TO THE DEBTORS' PLAN AND FOR RELATED RELIEF

**UPON** the motion dated August 2, 2023 ("Motion") of **26 Bowery LLC** and **2 Bowery Holding LLC** (collectively "Debtors") seeking the entry of an order under section 1121 of Title 11 of the United States Code ( "Bankruptcy Code"): (i) extending the Debtors' exclusive right to file a plan of reorganization through and including **October 2, 2023;** and (ii) if the Debtors file a plan of reorganization before that date, extending the Debtors' right to solicit acceptances for their plan through and including **November 30, 2023**; and there being due and sufficient notice of the Motion; and it appearing that due and sufficient cause to grant the Motion appearing therefor, it is

**ORDERED,** that the Motion is granted as set forth below; and it is further

**ORDERED**, that the Debtors' exclusive right to file a plan of reorganization under section 1121 of the Bankruptcy Code is extended through and including **October 2, 2023**; and it is further

4858-0092-0180, v. 1

**ORDERED**, that if the Debtors file a plan of reorganization within the time set forth here, then the Debtors' exclusive right to solicit acceptances for their plan under section 1121(c)(3) of the Bankruptcy Code is extended to **November 30, 2023**.

**DATED:**   New York, New York
                    _____, 2023

                                    _____
                                    **HONORABLE MARTIN GLENN
                                    CHIEF UNITED STATES BANKRUPTCY JUDGE**