**LEECH TISHMAN ROBINSON BROG, PLLC**
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6300
Fred B. Ringel, Esq.
Clement Yee, Esq.
*Attorneys for the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

In re:

**26 BOWERY LLC and**
**2 BOWERY HOLDING LLC,**

                        Debtors.

-------------------------------------------------------X

Chapter 11

Case No.: 22-10412 (MG) and
22-10413 (MG)
(Jointly Administered)

## CERTIFICATE OF SERVICE

**TINA FOGEL** hereby certifies under penalty of perjury:

    1.    I am not a party to the action, am over 18 years of age and reside in New York, New York.

    2.    On the 2nd day of August, 2023, I caused to be served *VIA FIRST CLASS MAIL:*

- *NOTICE OF PROPOSED STIPULATION AND ORDER, STIPULATED ORDER MODIFYING DIP LOAN AGREEMENT;* and

- *NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY OF ORDER EXTENDING EXCLUSIVE RIGHT TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES WITH RESPECT THERETO AND FOR RELATED RELIEF, DEBTORS' MOTION FOR ENTRY OF ORDER EXTENDING EXCLUSIVE RIGHT TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES TO THE PLAN AND FOR RELATED RELIEF WITH EXHIBIT A ATTACHED* UPON:

          ALL PARTIES ON THE ANNEXED SERVICE LIST

by depositing true copies of same enclosed in pre-paid, properly addressed wrappers in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Dated:  August 2, 2023

/s/ TINA FOGEL
TINA FOGEL

26 BOWERY COMBINED TOP 20 SERVICE LIST 8-2-2023

ANNA KAM
120 COOP CITY BOULEVARD
BUILDING 22B
BRONX, NEW YORK 10475

CORPORATE TRUST STRUCTURING
BANK OF NEW YORK MELLON
240 GREENWICH STREET, 7 EAST
NEW YORK, NY 10286

BANKDIRECT CAPITAL FINANCE
150 NORTH FIELD DRIVE, STE 190
LAKE FOREST, IL 60045

BARBARA MAK
26 BOWERY STREET, 3rd FLOOR
NEW YORK, NY 10013

BOWERY MEZZ LLC
C/O HIRSHMARK CAPITAL LLC
15 WEST 26TH STREET, SUITE 901
NEW YORK, NY 10010

CHUAN TIAN XIA, INC
5502 7TH AVENUE
BROOKLYN, NY 11220

CODY NG
15 VAN ALLEN WAY, APT 1532
RENSSELAER NY 12144-6423

CONSOLIDATED EDISON CO. OF NY
JAF STATION
P.O. BOX 1702
NEW YORK, NY 10116-1702

CORP. COUNSEL FOR NYC
100 CHURCH STREET
NEW YORK, NY 10007

DENNIS DONOHUE
26 BOWERY STREET
4TH FLOOR – FRONT
NEW YORK, NY 10013

DOUBLE BOWERY FUNDING
C/O HIRSHMARK CAPITAL LLC
15 WEST 26TH STREET, SUITE 901
NEW YORK, NY 10010

ESTATE OF CHOUK NG
2 BOWERY, APT. 4
NEW YORK, NY 10013

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA 19101-7346

JJS BUILDERS INC.
306 E. 180TH STREET
BRONX, NY 10457

MIMIN YONG
50 HARDSCRABBLE RD
CHESTER NY 10918-4249

MORRISON COHEN LLP
909 THIRD AVENUE
NEW YORK, NY 10022
ATTN: JOSEPH T. MOLDOVAN, ESQ.
        DAVID J. KOZLOWSKI, ESQ.

NEW YORK STATE DEPT. OF FINANCE
ATTN: BANKRUPTCY SPECIAL PROCEDURES
PO BOX 5300
ALBANY, NY 12205

NEW YORK CITY DEPARTMENT OF FINANCE
375 PEARL STREET, 27TH FLOOR
NEW YORK NY 10038

NYC ENVIRONMENTAL PROTECTION
BUREAU OF CUSTOMER SERVICES
59-17 JUNCTION BLVD.
ELMHURST, NY 11373-5108

NYC LAW DEPARTMENT
TAX AND BANKRUPTCY LITIGATION
100 CHURCH STREET
NEW YORK, NY 10007

OFFICE OF THE ATTORNEY GENERAL
28 LIBERTY STREET.
NEW YORK, NY 10005

QUN LIN
142·28 37TH AVENUE, APT. 2C
FLUSHING, NY 11354

RKC, LLC
1178 BROADWAY, 3RD FLOOR, 1505
NEW YORK, NY 10001

STEVEN NG
26 BOWERY, 5TH FLOOR
NEW YORK, NY 10013

STEVEN NG
2 BOWERY APT. 4
NEW YORK, NY 10013

THE FRANK LAW FIRM P.C.
333 GLEN HEAD ROAD SUITE 145
OLD BROOKVILLE, NY 11545
ATTN: THOMAS J. FRANK, ESQ.

US ATTY OFFICE ·SDNY
86 CHAMBERS STREET
ATTN: TAX AND BANKRUPTCY
NEW YORK, NY 10007

WILSON NG
50 HARDSCRABBLE ROAD
CHESTER, NY 10918

U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE U.S. TRUSTEE
ALEXANDER HAMILTON CUSTOM HOUSE
ONE BOWLING GREEN, SUITE 534
NEW YORK, NY 10014
ATTN: GREG ZIPES, ESQ.

NICKOLAS KARAVOLAS, ESQ.
PHILLIPS LYTLE LLP
620 EIGHTH AVENUE, 38TH FLOOR
NEW YORK, NY 10018

ROBERT S. LEWIS, ESQ.
LAW OFFICES OF ROBERT S. LEWIS, P.C.
53 BURD STREET
NYACK, NY 10960

JENNY NG
A/K/A XUEZHEN LI
2 BOWERY APT 8
NEW YORK NY 10013-5101

WILLIAM NG
2 BOWERY # 8
NEW YORK NY 10013-5101

WILLIAM NG
2 BOWERY # 2
NEW YORK NY 10013-5101

BARBARA WAI YUK MAK
26 BOWERY APT 3FL
NEW YORK, NEW YORK 10013-5101

HAILEY NG
A/K/A HAILEY MAY NG
50 HARDSCRABBLE RD
CHESTER NY 10918-4249

**LEECH TISHMAN ROBINSON BROG PLLC**
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6301
Fred B. Ringel, Esq.
Clement Yee, Esq.
*Attorneys for the Debtors and Debtors in Possession*

<u>Presentment Date and Time:</u>
**August 9, 2023 at 12:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:

**26 BOWERY LLC and**
**2 BOWERY HOLDING LLC**,

                            Debtors.
--------------------------------------------------------X

Chapter 11

Case No.:  22-10412 (MG) and
             22-10413 (MG)
(Jointly Administered)

## <u>NOTICE OF PROPOSED STIPULATION AND ORDER</u>

**PLEASE TAKE NOTICE**, that the attached Stipulation and Order Modifying DIP Loan Agreement ("<u>Stipulation and Order</u>") will be presented to the Honorable Martin Glenn, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court, One Bowling Green, New York, New York 10004, on the 9th day of August, 2023 at 12:00 p.m. ("<u>Presentment Date</u>") for signature and entry.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to entry of the Stipulation and Order must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, must set forth the name of the objecting party, the

1

basis for the objection and the specific grounds therefore, and must be filed with the

Bankruptcy Court, electronically by registered users of the Bankruptcy Court's case

filing system, but by all other parties in interest, on a 3.5 inch disk, preferably in

Portable Document Format (PDF), (with a hard-copy delivered directly to

Chambers), no later than 11:30 a.m. on the Presentment Date.  Any objection must

further be served upon and actually received by the attorneys for the Debtors, Leech

Tishman Robinson Brog, PLLC, 875 Third Avenue, New York, New York 10022,

Attn: Fred B. Ringel, no later than 11:30 a.m. on the Presentment Date.

**PLEASE TAKE FURTHER NOTICE**, that if no objections are received the

Stipulation and Order may be signed.

**Dated:**  New York, New York
August 2, 2023

**LEECH TISHMAN
ROBINSON BROG, PLLC**
Attorneys for the Debtors
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.:  212-603-6300

By:  /s/ Fred B. Ringel
**Fred B. Ringel**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                          Chapter 11

**26 BOWERY LLC, et al.,**                       Case No: 22-10412 (MG)

                                    Debtors.     Jointly Administered
-------------------------------------------------------------X

## STIPULATED ORDER MODIFYING DIP LOAN AGREEMENT

This stipulation and agreed order ("Stipulation and Order"), is made by and
between 26 Bowery LLC ("26 Bowery") and 2 Bowery Holding LLC ("2 Bowery";
together with 26 Bowery, "Debtors") and Double Bowery Funding LLC ("DIP Lender,"
and together with the Debtors, the "Parties") with respect to the Senior Secured
Super-Priority Debtor-In-Possession Loan Agreement (and, together with any
attached exhibits and other agreements related thereto, including, without
limitation, all security agreements and all related or ancillary documents and
agreements, "DIP Loan Agreement").

## RECITALS

**WHEREAS,** on March 31, 2022, the Debtors each filed a voluntary petition
under Chapter 11 of the United States Bankruptcy Code;

**WHEREAS**, on July 1, 2022, the Debtors filed their Motion to Approve Debtor
in Possession Financing (ECF Doc. 55) ("DIP Motion");

**WHEREAS**, on July 20, 2022, the Court entered the Final Order (I) Authorizing
Debtors to (A) Obtain Postpetition Financing and Utilize Cash Collateral pursuant to
11 U.S.C. §§ 105, 362, 363, 364(c)(1), 364(d), and 364(e), (B) Granting Adequate

- 1 -

Protection to Prepetition Secured Lender, (C) Modifying the Automatic Stay, and (D)

Granting Related Relief (ECF Doc. 69) ("Final Order") which, among other things,

approved the DIP Motion and authorized the Debtors to enter into the DIP Loan

Agreement;

**WHEREAS,** the DIP Agreement contained a "Maturity Date" of March 31,

2023, which the Parties seek to extend;

NOW THEREFORE, THE PARTIES HEREBY STIPULATE AND

AGREE, AS FOLLOWS:

1.     The definition of "Maturity Date" is hereby modified, effective *nunc pro*

*tunc* to March 31, 2023, to read:

"**Maturity Date**" shall mean the earliest of (i) the closing on the sale of
all or substantially all of Borrowers' assets pursuant to section 363 of
the Bankruptcy Code, (ii) the date that is twenty four (24) months after
the Petition Date, (iii) the date on which all the obligations under this
Agreement have been indefeasibly repaid in full in cash and all
commitments under this Agreement have been permanently and
irrevocably terminated, (iv) the date that a chapter 11 plan for
Borrowers pursuant to chapter 11 of the Bankruptcy Code is declared
effective, and (v) the date of termination of the commitments and/or
acceleration of any outstanding extensions of credit under this
Agreement following the occurrence and during the continuance of an
Event of Default; provided, however, that the Maturity Date may be
extended without further order of the Bankruptcy Court on written
agreement of the Debtor and Lender.

2.     All other terms of the DIP Loan Agreement and Final Order shall remain

in full force and effect.

3.     This Stipulation and Order may be executed in counterparts, each of

which shall be deemed an original but all of which together shall constitute one and

the same instrument.  Electronic signatures shall have the same force and effect as original signatures.

4.      The Court has and will retain jurisdiction to enforce the terms of any and all matters arising from or related to this Stipulation and Order

Dated: August 2, 2023

LEECH TISHMAN                              DOUBLE BOWERY FUNDING
ROBINSON BROG, PLLC

By:    /s/ Fred B. Ringel                    By:    /s/ Doris Shen
       Fred B. Ringel                                Doris Shen
       875 Third Avenue                              1140 Broadway
       New York, New York 10022                      Suite 304
       (212) 603-6329                                New York, New York  10001
       fringel@leechtishman.com

    *Counsel for Debtors*

*SO ORDERED* by this Court on _____, 2023.

                          _____
                          HONORABLE MARTIN GLENN
                          CHIEF UNITED STATES BANKRUPTCY JUDGE

4870-6118-8970, v. 1

**LEECH TISHMAN ROBINSON BROG PLLC**
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6301
Fred B. Ringel, Esq.
Clement Yee, Esq.
*Attorneys for the Debtors and Debtors in Possession*

<u>Hearing Date and Time:</u>
**August 17, 2023 at 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:

**26 BOWERY LLC and**
**2 BOWERY HOLDING LLC**,

                                    Debtors.
--------------------------------------------------------X

Chapter 11

Case No.:  22-10412 (MG) and
                22-10413 (MG)
        (Jointly Administered)

### NOTICE OF HEARING ON DEBTORS'
### MOTION FOR ENTRY OF ORDER EXTENDING EXCLUSIVE
### RIGHT TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT
### <u>ACCEPTANCES WITH RESPECT THERETO AND FOR RELATED RELIEF</u>

**PLEASE TAKE NOTICE**, that a hearing ("<u>Hearing</u>") on the Debtors' Motion

for Entry of an Order Extending Exclusive Right To File a Plan of Reorganization

and To Solicit Acceptances with Respect Thereto and for Related Relief ("<u>Motion</u>")

will be held before the **Honorable Martin Glenn, Chief United States Bankruptcy**

**Judge, at the United States Bankruptcy Court, Southern District of New York, One**

**Bowling Green, New York, New York 10004 on August 17, 2023 at 10:00 a.m.**, or as

soon thereafter as counsel can be heard.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing shall take place via

the Court's Zoom videoconferencing platform and the Court shall provide a Zoom

1

link to those persons who have made an eCourtAppearance by 4:00 p.m. the

business day before the hearing. Any party appearing at, listening to, or observing

the Hearing, must make an electronic appearance, an eCourtAppearance, by using

the eCourtAppearance portal located on the Court's website at

https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl, or by clicking the

"eCourtAppearances" tab on Judge Glenn's page of the Court's website at,

https://www.nysb.uscourts.gov/content/chief-judge-martin-glenn . After the deadline

to make appearances passes, the Court will send Outlook invitations to those

persons who made eCourtAppearances, using the email addresses submitted with

those appearances.

PLEASE TAKE FURTHER NOTICE, that objections, if any, to the relief

sought in the Motion, must be in writing setting forth the facts and authorities upon

which an objection is based, filed with the Clerk of the Court, United States

Bankruptcy Court, Southern District of New York, One Bowling Green, New York,

New York 10004, with a copy to Chambers, provided, however, that pursuant to

*general order* No. 599 re Electronic Case Filing Procedures (as amended from time

to time), entities with Internet access shall file objections (formatted in the Adobe

Acrobat file format) at http://www. nysb.uscourts.gov, and served so as to be

received by attorneys for the Debtors, Leech Tishman Robinson Brog PLLC, 875

Third Avenue, New York, New York 10022, Attention:  Fred B. Ringel, Esq. and the

United States Trustee's Office, Southern District of New York, Alexander Hamilton

Custom House, One Bowling Green, Room 534, New York, New York 10004,

2

Attention: Greg Zipes, Esq., no later than **seven (7) days** prior to the hearing.

**PLEASE TAKE FURTHER NOTICE**, that the hearing may be adjourned

from time to time without further notice except by announcement of such

adjournment in open court on the date scheduled for the Hearing.

**Dated:**  New York, New York
　　　　 August 2, 2023

**LEECH TISHMAN
ROBINSON BROG PLLC**
Attorneys for the Debtors
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6300

By:  /s/ Fred B. Ringel
　　　　**Fred B. Ringel**

3

**LEECH TISHMAN ROBINSON BROG PLLC**
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6301
Fred B. Ringel, Esq.
Clement Yee, Esq.
*Attorneys for the Debtors and Debtors in Possession*

<u>Hearing Date and Time:</u>
**August 17, 2023 at 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:

**26 BOWERY LLC and
2 BOWERY HOLDING LLC**,

                            Debtors.

--------------------------------------------------------X

Chapter 11

Case No.:  22-10412 (MG) and
                22-10413 (MG)
    (Jointly Administered)

## DEBTORS' MOTION FOR ENTRY OF ORDER EXTENDING EXCLUSIVE RIGHT TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES TO THE PLAN AND FOR RELATED RELIEF

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

        **26 Bowery LLC** and **2 Bowery Holding LLC,** debtors and debtors in possession

(collectively, "<u>Debtors</u>"), by their attorneys, Leech Tishman Robinson Brog PLLC,

seek the entry of an order under Section 1121 of Title 11 of the United States Code

("<u>Bankruptcy Code</u>") extending the time within which the Debtors have the

exclusive right to file a plan of reorganization and to solicit acceptances to the Plan

for 60 days through and including October 2, 2023 and November 30, 2023,

respectively.  A proposed form of order is annexed to this application as **Exhibit A**,

In support, the Debtors state:

## JURISDICTION AND VENUE

1.      Jurisdiction over this application is vested in the United States

District Court for this District pursuant to 28 U.S.C. § 1334.

2.      This is a core proceeding arising under title 11 of the United States

Code.  See 28 U.S.C. § 157(b)(1).  The statutory predicate for the relief sought is

Section 1121 of the Bankruptcy Code.

3.      Venue of this civil proceeding in this district is proper pursuant to 28

U.S.C. § 1409.

## BACKGROUND

4.      On March 31, 2022 ("Petition Date"), the Debtors each filed a

voluntary petition under Chapter 11 of the United States Bankruptcy Code.  No

trustee or examiner has been appointed in these cases.

5.      The Debtors are in possession of their assets and are continuing to

manage their property in accordance with sections 1107 and 1108 of the Bankruptcy

Code.

6.      26 Bowery is the owner of the real property and improvements located

at 26 Bowery, New York, New York ("26 Bowery Property").  2 Bowery is the owner

of the real property and improvements located at 2 Bowery, New York, New York

("2 Bowery Property, together with 26 Bowery Property, "Properties"). The

Properties are mixed-use properties in Manhattan's Chinatown neighborhood.

## RELIEF REQUESTED

7.     Under section 1121(b) of the Bankruptcy Code, the Debtors have the

exclusive right to file a plan of reorganization during the first 120 days after the

date of the order for relief ("Exclusivity Period").  In addition, under Section

1121(c)(3) of the Bankruptcy Code, the Debtors are given the exclusive right to

solicit acceptances to any plan filed during the Exclusivity Period for 180 days after

the date of the order for relief ("Acceptance Period," together with the Exclusivity

Period, "Exclusive Periods").  Under Section 1121(d) of the Bankruptcy Code, this

Court may extend the Exclusive Periods.

8.     The current Exclusivity Period and Acceptance Period expire on

August 3, 2023 and October 4, 2023, respectively.  The filing of a motion under

Section 1121(d) before the expiration of the Exclusive Periods tolls the deadline

pending resolution of such motion.  See 11 U.S.C. § 1121(d)(1) ("[s]ubject to

paragraph (2) on request of a party in interest made *within* the respective periods

specified in subsections (b) and (c) of this section . . . the court may for cause reduce

or increase the 120-day period or the 180-day period referred to in this section.")

(emphasis added).

9.     This is the Debtors' final request for an extension of the Exclusive

Periods.  The Debtors seek the entry of an order: (i) extending the Exclusivity

Period for 60 days to and including October 2, 2023, and if the Debtors timely file a

plan within said extension, (ii) extending the Acceptance Period to and including

November 30, 2023 to ensure that this Court, the Debtors, and other parties in

interest are not distracted by the filing of any competing or premature plans.

10.     The Debtors submit it should be granted the requested extensions of

the Exclusive Periods so that it will have sufficient time to, among other things,

formulate, file, and confirm a plan of reorganization.

### CAUSE EXISTS FOR AN EXTENSION OF THE EXCLUSIVE PERIODS

11.     The Debtors' Exclusive Periods may be extended by this Court for

"cause" under Section 1121(d) of the Bankruptcy Code.

12.     The moving party bears the burden of establishing that cause exists for

an extension of exclusivity under Section 1121(d) of the Bankruptcy Code.  *In re

Texaco, Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y., 1987).  Whether cause exists to

extend a debtor's exclusive period is a decision committed to the sound discretion of

the bankruptcy court based on the facts and circumstances of each particular case.

*See*, *e.g.*, *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006),

*First Am. Bank of New York v. Southwest Gloves and Safety Equip., Inc.*, 64 B.R.

963, 965 (D. Del. 1986); Texaco, 76 B.R. at 325; In re Reetz, 61 B.R. 412, 414 (Bankr.

W.D. Wis. 1987); *In re Tony Downs Foods Co.,* 34 B.R. 405, 407 (Bankr. D. Minn.

1983).  Bankruptcy courts exercise broad flexibility in making such determinations.

*See*, H.R. Rep. No. 595, 95th Cong., 2d Sess. 232 (1978); *See also In re Perkins*, 71

B.R. 294 (W.D. Tenn. 1987) ("The hallmark of [Section 1121(d)] is flexibility").

13.    Bankruptcy courts generally focus on nine factors to determine whether a motion to extend exclusivity pursuant to 11 U.S.C. § 1121(d) should be granted:

    a.  the size and complexity of the case;

    b.  the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

    c.  the existence of good faith progress toward reorganization;

    d.  the fact that the debtor is paying its bills as they become due;

    e.  whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    f.  whether the debtor has made progress in negotiations with its creditors;

    g.  the time which has elapsed in the case;

    h.  whether the debtor is seeking an extension of exclusivity to pressure creditors to submit to the debtor's reorganization demands; and

    i.  whether an unresolved contingency exists.

*In re Adelphia*, 352 B.R. at 587.

14.    This is the Debtors' final request for an extension of the Exclusivity Periods. The Debtor submits that factor "(h)" is inapplicable to these cases as they are not using exclusivity to pressure creditors.

15.    Since the filing of the Debtors' last exclusivity motion, the Debtors continue their attempts to rehabilitate the Properties by seeking cooperation from the Properties' occupants, whether through consensual resolutions of their occupancy or through the continued threat of sanctions. To that end, the Debtors have recovered

one of the apartments from Daniella Tam and are optimistic that other tenants may follow suit. Even so, the Debtors were compelled to move for additional contempt sanctions against the Debtors' occupants resulting in entry of a judgment against some of the occupants. The Debtors have also commenced litigation against the occupants for among other things, ejectment because of an expired lease and failure to vacate and avoid the "leases" held by the occupants. The defendants in the ejectment actions did not respond to the Debtors' complaint and a motion for a default judgment is pending in the ejectment actions.

16.    Now that litigation has commenced, the Debtors submit that they require another extension of their Exclusive Periods to continue the litigations against the occupants. Given the delays caused by the occupants, the Debtors now believe their cases have the necessary momentum to move toward a sale of the Properties and eventual confirmation of a plan of reorganization.

17.    The Debtors submit that given the instant facts and to provide the Debtors with sufficient time to pursue recovery of the property and then prepare the Properties for sale and then also to market the Properties for sale, that good cause exists to extend the Exclusive Periods. The Debtors believe that the requested extensions will promote the orderly reorganization of the Debtors without the need to devote unnecessary time, money and energy to defending against or responding to a competing plan.

18.    The Debtors have served this application on the Office of the United

States Trustee, the holders of twenty largest unsecured claims, counsel to Double

Bowery, and all parties who have filed notices of appearance here.  The Debtors

submit that such service be considered appropriate and sufficient under the

circumstances.

19.    No prior application for the relief sought has been made by the Debtor

to this or any other court.

**WHEREFORE**, the Debtors respectfully requests that this Court grant the

relief sought in this motion and enter an order under Sections 1121(b), (c)(3) and (d)

of the Bankruptcy Code: (i) extending the Debtors' exclusive right to file a plan of

reorganization to and including **October 2, 2023**; (ii) and if the Debtors file a plan of

reorganization prior **October 2, 2023,** extending the Debtors' right to solicit

acceptances with respect thereto to and including **November 30, 2023**; and (iii)

granting to the Debtors any other relief that may be just and appropriate.

**Dated:**  New York, New York
         August 2, 2023                         **LEECH TISHMAN**
                                                **ROBINSON BROG, PLLC**
                                                Attorneys for the Debtors
                                                875 Third Avenue, 9th Floor
                                                New York, New York 10022
                                                Tel. No.:  212-603-6300

                                                By:  /s/ Fred B. Ringel
                                                       **Fred B. Ringel**

<u>Exhibit A</u>

Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:

**26 BOWERY LLC and
2 BOWERY HOLDING LLC**,

                                        Debtors.
---------------------------------------------------------X

Chapter 11

Case No.:  22-10412 (MG) and
              22-10413 (MG)
(Jointly Administered)

## ORDER EXTENDING EXCLUSIVE RIGHT TO FILE A PLAN
## OF REORGANIZATION AND TO SOLICIT ACCEPTANCES
## TO THE DEBTORS' PLAN AND FOR RELATED RELIEF

**UPON** the motion dated August 2, 2023 ("Motion") of **26 Bowery LLC** and **2 Bowery Holding LLC** (collectively "Debtors") seeking the entry of an order under section 1121 of Title 11 of the United States Code ( "Bankruptcy Code"): (i) extending the Debtors' exclusive right to file a plan of reorganization through and including **October 2, 2023**; and (ii) if the Debtors file a plan of reorganization before that date, extending the Debtors' right to solicit acceptances for their plan through and including **November 30, 2023**; and there being due and sufficient notice of the Motion; and it appearing that due and sufficient cause to grant the Motion appearing therefor, it is

**ORDERED,** that the Motion is granted as set forth below; and it is further

**ORDERED**, that the Debtors' exclusive right to file a plan of reorganization under section 1121 of the Bankruptcy Code is extended through and including **October 2, 2023**; and it is further

**ORDERED**, that if the Debtors file a plan of reorganization within the time set forth here, then the Debtors' exclusive right to solicit acceptances for their plan under section 1121(c)(3) of the Bankruptcy Code is extended to **November 30, 2023**.

**DATED:**      New York, New York

_____, 2023



_____
**HONORABLE MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**