**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>26 BOWERY LLC and<br>2 BOWERY HOLDING LLC,<br><br>*Debtor In Possession.* | Chapter 11<br><br>Case No.: 22-10412 (MG) and<br>22-10413 (MG)<br>(Jointly Administered) |

## CERTIFICATE OF SERVICE

1. I, Lauren De Lotto, am not a party to the above-captioned action, am over 18 years of age, and am a member of the law firm De Lotto & Fajardo LLP, with offices in Rhinebeck, New York.

2. On the dates and in the manner set forth below, in the above-captioned case on behalf of Debtors, I served Willian Ng with true and correct copies of the attached ***Ten (10) Day Notice of Cancellation of Lease*** dated August 16, 2023 (the "Cancellation Notice"):

   (a) On August 16, 2023, I served the Cancellation Notice on William Ng by mail as set forth below:

   <u>By Regular First Class Mail and Certified Mail</u> (receipt #7019 1640 0000 3549 3194)
   William Ng
   2 Bowery (a/k/a 2 Doyers St.)
   Second Fl. (apts. 1 and 2)
   New York, NY 10013

   <u>By Regular First Class Mail and Certified Mail</u> (receipt #7019 1640 0000 3549 3170)
   William Ng
   2 Bowery (a/k/a 2 Doyers St.)
   Apartment 8
   New York, NY 10013

Dated:  August 16, 2023
        New York, New York

DE LOTTO & FAJARDO LLP

By: /s/Lauren De Lotto

**RK | Consultants**
1178 Broadway
3rd Floor #1505
New York, NY 10001
RKC.LLC



RK | Consultants

# TEN (10) DAY NOTICE OF CANCELLATION OF LEASE

August 16, 2023

TO: WILLIAM NG
2 Bowery (a/k/a Doyers Street)
Second Floor (apts. 1 and 2)
New York, New York 10013

RE: Premises: All rooms, Second Floor (apts. 1 and 2), in the building known as and located at 2 Bowery (a/k/a 2 Doyers Street), New York, NY 10013 (the "Building").

**PLEASE TAKE NOTICE** that pursuant to paragraph 23 of the Lease, Tenant's Lease is hereby cancelled and ended as of **August 26, 2023**, by reason of Tenant's failure to timely and fully cure Tenant's Lease defaults on or before August 11, 2023, as set forth in the Ten (10) Day Notice to Cure Tenant's Lease Defaults dated July 31, 2023 (the "Cure Notice"), a copy of the Cure Notice with proof of service thereof is annexed hereto and incorporated herein.[1]

**PLEASE TAKE FURTHER NOTICE** that Tenant failed to cure Tenant's Lease defaults of using the Premises as Tenant's Acupuncture and Chinese Medicine offices in default of Tenant's Lease and tenancy, and in violation of the Building's certificate of occupancy, as more fully set forth in the Cure Notice at pp. 1 and 2, under the heading "Illegal Improper Use of Premises as Acupuncture and Chinese Medicine Offices". Tenant was required to cure these defaults on or before August 11, 2023 by:

> Tenant's Cure: Tenant must cure these defaults by: (a) permanently ceasing to operate Tenant's Acupuncture and Chines Medicine businesses, and any other business, from the Premises, (b) removing from the Building and the Premises all of Tenant's business signage and (c) proving written notification and proof of Tenant's cure to RK CONSULTANTS LLC, the Independent Manager for 2 Bowery Holding LLC, a Debtor in Bankruptcy ("RKC") as provided below.

---

[1] The defined terms used herein have the same meaning ascribed to them in the Cure Notice unless otherwise stated.

See Cure Notice at p. 2.

Tenant has failed to cure these Lease defaults in that: Tenant has failed to permanently cease operating Tenant's Acupuncture and Chinese Medicine business from the Premises; Tenant has failed to remove from the Building and the Premises all of Tenant's building signage; and Tenant has failed to provide written notification and proof of Tenant's cure to RKC.

**PLEASE TAKE FURTHER NOTICE** that Tenant failed to cure Tenant's Lease defaults of failing to arrange and pay for services and utilities Tenant uses in the Premises, as more fully set forth in the Cure Notice at pp. 2 and 3, under the heading "Tenant's Failure to Arrange and Pay for Services and Utilities in the Premises". Tenant was required to cure these defaults on or before August 11, 2023 by:

> Tenant's Cure: Tenant must cure these defaults by: (a) permanently ceasing to use the services and utilities in the Premises that are not in Tenant's name, (b) opening accounts in Tenant's name with the providers of the applicable services/utilities that Tenant wants in the Premises, and paying the bills on those accounts, and (c) providing written notification and proof of Tenant's cure to RKC as provided below.

See Cure Notice at p. 3.

Tenant has failed to cure these Lease defaults in that: Tenant has failed to permanently cease using the services and utilities in the Premises that are not in Tenant's name; Tenant has failed to open accounts in Tenant's name with the applicable services/utilities that Tenant wants in the Premises, and paying the bills therefor; and Tenant has failed to provide written notification and proof of Tenant's cure to RKC.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Paragraph 23 of the Lease, Tenant's Lease is cancelled and ended as of **August 26, 2023**, that date being at least ten (10) days after service of this notice upon Tenant, but Tenant shall remain liable under the Lease as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Paragraph 23 of the Lease, on or before **August 26, 2023,** Tenant is required to vacate the Premises, deliver the Premises keys and surrender possession of the Premises to RKC, on behalf of Landlord.

**PLEASE TAKE FURTHER NOTICE** that if Tenant fails to vacate and surrender possession of the Premises to RKC, legal action shall be taken against Tenant to remove Tenant from the Premises and recover possession thereof, and RKC may seek the fair market value of Tenant's use and occupancy of the Premises after **August 26, 2023**.

**PLEASE TAKE FURTHER NOTICE** that pursuant to paragraph 23 of the Lease, and any other applicable provisions of the Lease and law, Tenant is liable to reimburse Landlord for Landlord's fees and expenses including, but not limited to, legal fees.

**PLEASE TAKE FURTHER NOTICE** that this notice is being served upon Tenant pursuant to the Lease paragraphs recited herein, paragraph 4, and any other applicable provisions of the Lease and law.

**PLEASE TAKE FURTHER NOTICE** that this notice is without prejudice to, and does not waive, any other defaults by Tenant that are not addressed herein, and any other claims, whether or asserted or unasserted, that Landlord has against Tenant. Landlord expressly reserves all of its rights and remedies against Tenant in connection with any other Tenant defaults and any other claims, whether asserted or unasserted, that Landlord has against Tenant.

**PLEASE TAKE FURTHER NOTICE** that any response by Tenant to this notice, including surrendering possession of the Premises and delivering the Premises keys, must be made to RKC, by contacting Brian Ryniker by email: brian@rkc.llc, or by telephone at (646) 341-3926.

> RK CONSULTANTS LLC
> Independent Manager for
> 2 Bowery Holding LLC
> a Debtor in Bankruptcy
>
> By: _____
> Brian Ryniker
> Managing Member

3

**RK | Consultants**
1178 Broadway
3rd Floor #1505
New York, NY 10001
RKC.LLC



## TEN (10) DAY NOTICE TO CURE
## TENANT'S DEFAULTS

July 31, 2023

TO: WILLIAM NG
2 Bowery (a/k/a Doyers Street)
Second Floor (apts. 1 and 2)
New York, New York 10013

RE: Premises: All rooms, Second Floor (apts. 1 and 2), in the building known as and located at 2 Bowery (a/k/a 2 Doyers Street), New York, NY 10013 (the "Building").

**PLEASE TAKE NOTICE** that William Ng ("Tenant") is in default of substantial obligations of Tenant's tenancy at 2 Bowery (a/k/a 2 Doyers Street), Second Floor (apts. 1 and 2), New York, NY 10013 (the "Premises"), the Lease Agreement dated February 1, 2021, between 2 Bowery Holding LLC ("Landlord") (Landlord's name is partially recited on Lease as "2 Bowery Holdings"), as landlord, and William Ng, as tenant, whereby Tenant leased the Premises (the "Lease"), and the law, in that: (a) Tenant is using the Premises for business purposes, to wit: as offices for Tenant's Acupuncture and Chinese Medicine businesses, and Tenant is not using the Premises as Tenant's primary residence; and (b) Tenant has failed to arrange for services/utilities for the Premises in Tenant's own name and has failed to pay for such services/utilities being used in the Premises.

**Illegal and Improper Use of Premises as Acupuncture and Chinese Medicine Offices:**

Tenant is a licensed Acupuncturist, and Tenant is using the Premises as offices for Tenant's Acupuncture and Chinese Medicine businesses. Tenant has posted a sign on the entrance door of the Premises that reads "Dr. William Ng Acupuncturist," and has posted signs on the outside of the Building entrance door and in the entrance lobby that read "William Ng L. Ac." and "William Ng, OMD". A google search of William Ng Acupuncturist shows Tenant's business address as the Premises. Tenant is not using the Premises as Tenant's primary residence and, in

1

fact, Tenant resides with his wife Jenny Ng and their three (3) children in apartment 8 of the Building.

By reason of the foregoing, Tenant is in default of Tenant's tenancy, the Lease, and the law.

In that regard, paragraph 1 of the Lease, entitled "Use", states in pertinent part:

> The Apartment must be used only as a private Apartment to live in as the primary residence of the Tenant and for no other reason.

Further, Tenant is in violation of the Certificate of Occupancy for the Building issued by the NYC Department of Buildings ("C/O#71449"). In that regard, the Premises may only legally be used and occupied as residential apartments. C/O#71449 demonstrates that the permitted use and occupancy of the 2nd floor of the Building (as well as the 3rd through 5th floors a/k/a stories) is: Occupancy Classification: "Class "A" Apartment", and the Use is: "Two (2) apartments on each story".

Further, Tenant's illegal use of the Premises is in default of paragraph 22 of the Lease, entitled "Tenant's duty to obey rules and regulations", which states in pertinent part:

> Tenant must, at Tenant's expense, promptly comply with all law, orders, rules, requests, and directions of any governmental authorities.

**Tenant's Cure: Tenant must cure these defaults by: (a) permanently ceasing to operate Tenant's Acupuncture and Chines Medicine businesses, and any other business, from the Premises, (b) removing from the Building and the Premises all of Tenant's business signage and (c) proving written notification and proof of Tenant's cure to RK CONSULTANTS LLC, the Independent Manager for 2 Bowery Holding LLC, a Debtor in Bankruptcy ("RKC") as provided below.**

**Tenant's failure to Arrange and Pay for Services and Utilities in the Premises**

Tenant has not arranged for service and utilities accounts for the Premises in Tenant's name including, but not be limited to, electric service, and Tenant is not paying for services and utilities that Tenant is using in the Premises and are not in Tenant's name.

2

By reason of the foregoing, Tenant is in default of paragraph 6 of the Lease, entitled "Services", which states in pertinent part:

> Tenant must pay for all electric, gas, telephone and other utility services used in the Apartment and arrange for them with the public utility company.

**Tenant's Cure: Tenant must cure these defaults by: (a) permanently ceasing to use the services and utilities in the Premises that are not in Tenant's name, (b) opening accounts in Tenant's name with the providers of the applicable services/utilities that Tenant wants in the Premises, and paying the bills on those accounts, and (c) providing written notification and proof of Tenant's cure to RKC as provided below.**

**PLEASE TAKE FURTHER NOTICE** that pursuant to paragraph 23 of the Lease, Tenant is hereby required to cure all these defaults, as set forth above, on or before **August 11, 2023**, that being at least ten (10) days after the service of this notice upon Tenant.

**PLEASE TAKE FURTHER NOTICE** that if Tenant fails to timely and fully cure these defaults on or before **August 11, 2023**, Landlord will cancel and end Tenant's Lease, pursuant to paragraph 17 thereof, by giving Tenant a cancellation notice. The cancellation notice will state the date that the Lease will end (the "Cancellation Date"), which will be no less than ten (10) days after the cancellation notice is given to Tenant. On the Cancellation Date, Tenant is required to vacate and surrender the Premises to Landlord as required by the Lease.

**PLEASE TAKE FURTHER NOTICE** that this notice is being served upon Tenant pursuant to the Lease paragraphs recited herein, paragraph 4, and any other applicable provisions of the Lease and law.

**PLEASE TAKE FURTHER NOTICE** that pursuant to paragraph 23 of the Lease, and any other applicable provisions of the Lease and law, Tenant is liable to reimburse Landlord for Landlord's fees and expenses including, but not limited to, legal fees.

3

**PLEASE TAKE FURTHER NOTICE** that this notice is without prejudice to, and does not waive, any other defaults by Tenant that are not addressed herein, and any other claims, whether or asserted or unasserted, that Landlord has against Tenant. Landlord expressly reserves all of its rights and remedies against Tenant in connection with any other Tenant defaults and any other claims, whether asserted or unasserted, that Landlord has against Tenant.

**PLEASE TAKE FURTHER NOTICE** that any response by Tenant to this notice must be made to RKC, by contacting Brian Ryniker by email: brian@rkc.llc, or by telephone at (646) 341-3926.

> RK CONSULTANTS LLC
> Independent Manager for
> 2 Bowery Holding LLC
> a Debtor in Bankruptcy
>
> By: _____
> Brian Ryniker
> Managing Member

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>26 BOWERY LLC and<br>2 BOWERY HOLDING LLC,<br><br>*Debtor In Possession.* | ) ) ) ) Chapter 11 ) ) ) Case No.: 22-10412 (MG) and ) 22-10413 (MG) ) (Jointly Administered) ) ) ) |

**CERTIFICATE OF SERVICE**

1. I, Lauren De Lotto, am not a party to the above-captioned action, am over 18 years of age, and am a member of the law firm De Lotto & Fajardo LLP, with offices in Rhinebeck, New York.

2. On the dates and in the manner set forth below, in the above-captioned case on behalf of Debtors, I served Willian Ng with true and correct copies of the attached ***Ten (10) Day Notice to Cure Tenant's Defaults*** dated July 31, 2023 (the "Cure Notice"):

   (a) On July 31, 2023, at approx.. 4:00 p.m., I served the within Ten (10) Day Notice to Cure Tenant's Defaults dated July 31, 2023 (the "Cure Notice"), upon William Ng: by personally delivering a true copy thereof to William Ng: at the courthouse of the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY, in courtroom 523 (Judge Martin Glenn), by handing William Ng a true and correct copy thereof. I know the person I served to be William Ng as I have previously met him, and seen him in court. William Ng also confirmed to me that he was William Ng when I served him. William Ng is described as: Male, Asian, 60-70 years old, approx. 6 ft. tall, 170-185 lbs., with thinning hair, almost bald.

- 2 -

  (b) Thereafter, on August 1, 2023, I again served the Cure Notice on William Ng by mail as set forth below:

<u>By Regular First Class Mail and Certified Mail</u> (receipt #7019 1640 0000 3549 3156)
William Ng
2 Bowery (a/k/a 2 Doyers St.)
Second Fl. (apts. 1 and 2)
New York, NY 10013

<u>By Regular First Class Mail and Certified Mail</u> (receipt #7019 1640 0000 3549 3163)
William Ng
2 Bowery (a/k/a 2 Doyers St.)
Apartment 8
New York, NY 10013

Dated: August 1, 2023        DE LOTTO & FAJARDO LLP
New York, New York

                 By: <u>/s/Lauren De Lotto</u>