UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:

**26 BOWERY LLC and**
**2 BOWERY HOLDING LLC**,

Debtors.
---------------------------------------------------------X

Chapter 11

Case No.: 22-10412 (MG) and
22-10413 (MG)
(Jointly Administered)

# ORDER GRANTING FINAL APPROVAL
# OF DISCLOSURE STATEMENT AND CONFIRMING
# JOINT PLAN OF REORGANIZATION PROPOSED BY 26 BOWERY LLC,
# 2 BOWERY HOLDING LLC, AND DOUBLE BOWERY FUNDING LLC

**UPON** the Motion for Order (I) Preliminarily Approving Disclosure Statement and (II) Scheduling Hearing on the Debtors' Motion for an Order Approving Disclosure Statement and Confirming Plan Proponents' Plan of Reorganization filed on September 10, 2024 (ECF Doc. 469) ("Combined Hearing Motion"); and upon the Amended Order (I) Preliminarily Approving Disclosure Statement and (II) Scheduling Hearing on Debtors' Motion for an Order Approving Disclosure Statement and Confirming of Plan Proponents' Plan of Reorganization (ECF Doc. 479) ("Scheduling Order"); and

**IT APPEARING THAT,** the Plan Proponents[1] filed their Joint Plan of Reorganization Proposed by 26 Bowery LLC, 2 Bowery Holding LLC, and Double Bowery Funding LLC (ECF Doc. 467) ("Plan") and their Disclosure Statement for Joint Plan of Reorganization Proposed by 26 Bowery LLC, 2 Bowery Holding LLC, and Double Bowery Funding LLC (ECF Doc. 468) ("Disclosure Statement"), and as conformed to the Scheduling Order on September 17, 2024 (ECF Docs. 475, 476); and

---

1  Capitalized terms not otherwise defined in this Confirmation Order shall have the same meaning as set forth in the Plan. To the extent that a defined term is defined both in the Plan and this Confirmation Order, the definition in the Plan shall govern.

1

Due and proper notice having been given with respect to the Combined Hearing Motion and the Scheduling Order for the confirmation hearing and the procedures for filing objections to the final approval of the Disclosure Statement and confirmation of the Plan; and

No objections to the Disclosure Statement and the Plan having been filed; and

The Court having held a hearing on November 12, 2024, to consider final approval of the Disclosure Statement and confirmation of the Plan ("Confirmation Hearing"); and

Upon the Declaration of Brian Ryniker in Support of Confirmation of Plan filed on November 8, 2024 (ECF Doc. 489) ("Ryniker Decl."); Declaration of Greg Corbin (ECF Doc. 490) ("Corbin Decl."); and

Upon the Plan Proponents' Memorandum of Law in Support of Confirmation of Joint Plan of Reorganization Proposed by 26 Bowery LLC, 2 Bowery Holding LLC, and Double Bowery Funding LLC (ECF Doc. 491) ("Confirmation Memorandum") and the Ryniker Declaration, Corbin Declaration, and Confirmation Memorandum having established the evidentiary record for confirmation of the Plan; and

Upon the record of the Confirmation Hearing; and

After due deliberation thereon and sufficient cause appearing therefore;

In accordance with rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the Court makes the following findings of fact and conclusions of law which support final approval of the Disclosure Statement and confirmation of the Plan. To the extent any finding of fact contained herein shall later be determined to be a conclusion of law, it shall be so deemed and to the extent any conclusion of law contained herein shall later be determined to be a finding of fact, it shall be so deemed.

**The Court Finds and Concludes That:**

**Jurisdiction and Venue**

1. This civil proceeding arises under sections 1128 and 1129 of title 11 of the United States Code ("Bankruptcy Code") and arises in a case under the Bankruptcy Code.

2. Jurisdiction over this civil proceeding is vested in the United States District Court for this District pursuant to section 1334 of title 28 of the United States Code ("Judicial Code").

3. This civil proceeding has been referred to this Court for consideration pursuant to section 157 of the Judicial Code and the Standing Order of Reference Regarding Title 11 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.).

4. This is a core proceeding arising under sections 1128 and 1129 of the Bankruptcy Code and arising in a case under the Bankruptcy Code. *See* 28 U.S.C. §157(b)(1).

5. This Court may hear and determine this proceeding and enter appropriate orders and judgments pursuant to section 157(b)(1) of the Judicial Code. *See* 28 U.S.C. §157(b)(2)(A), (L) and (O).

6. Venue of this civil proceeding in this district is proper pursuant to section 1409 of the Judicial Code.

### Disclosure Statement

7. On September 17, 2024, by order of this Court as amended on September 24, 2024, this Court preliminarily determined that the Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code.

### Solicitation of Ballots; Objections

8. As set forth in the Certificates of Service filed on September 25, 2024 (ECF Doc. 480), the Plan, Disclosure Statement, Scheduling Order, and appropriate ballot or notification of non-voting status were served upon all interested parties in accordance with the applicable Bankruptcy Rules and the Scheduling Order.

9. All persons, entities and governmental agencies entitled or required to receive

notice of the Plan and Disclosure Statement have received due, proper, and adequate notice of the Confirmation Hearing on the adequacy of the information contained in the Disclosure Statement and the confirmation of the Plan.

10. No objections to the Disclosure Statement or confirmation of the Plan have been filed and no one appeared in opposition to the Disclosure Statement or confirmation of the Plan at the Confirmation Hearing.

11. The Debtors filed an Attorney's Certification of Acceptances and Rejections of Joint Plan of Reorganization Proposed by 26 Bowery LLC, 2 Bowery Holding LLC, and Double Bowery Funding LLC, dated November 8, 2024 ("Ballot Certification") (ECF Doc. 488). As set forth in the Ballot Certification, four Classes of Claims and two Classes of Interests were Impaired by the Plan and entitled to vote. As set forth in the Ballot Certification, the Plan has been accepted by impaired Classes 1, 3, and 4 and the Debtors did not receive any votes for Classes 2, 5, and 6.

### Conditions Precedent

12. All the conditions precedent to confirmation of the Plan, if any, set forth in the Plan have been met or waived on the record in open court.

### Compliance with the Requirements of Section 1129 of the Bankruptcy Code

13. The Plan complies with the applicable provisions of the Bankruptcy Code.

14. The Plan properly Classifies Claims as required by section 1122 of the Bankruptcy Code.

15. The Claims within each Class designated under the Plan are substantially similar.

16. The classification of Claims was properly made and is appropriate in accordance with the terms of the Plan and the requirements of section 1122 of the Bankruptcy Code for the purposes of distribution of the consideration to be distributed to holders of Claims under the

Plan.

17.  The Plan properly classifies all Claims and Interests that require classification, as required by section 1123(a)(1) of the Bankruptcy Code.

18.  The Plan specifies all Classes of Claims and Interests that are not Impaired under the Plan, as required by section 1123(a)(2) of the Bankruptcy Code.

19.  The Plan properly identifies and describes the treatment of each Class of Claims or Interests that is Impaired under the Plan, as required by section 1123(a)(3) of the Bankruptcy Code.

20.  The Plan provides the same treatment for each Claim of a particular Class, unless the holder of a particular Claim agrees to a less favorable treatment, as required by section 1123(a)(4) of the Bankruptcy Code.

21.  The Plan provides adequate, proper, and legal means for the Plan's implementation as required by section 1123(a)(5) of the Bankruptcy Code through the distribution of the 26 Bowery Sale Proceeds and 2 Bowery Sale Proceeds, including the Carve-Out to the extent required by the Plan.

22.  The Plan does not contemplate the issuance of any voting or non-voting equity securities. As a result, section 1123(a)(6) of the Bankruptcy Code is not applicable.

23.  The provisions of section 9.3 of the Plan with respect to the assumption of Executory Contracts and Unexpired Leases are fair and appropriate and are consistent with the provisions of section 365 of the Bankruptcy Code as required by section 1123(b)(2) of the Bankruptcy Code.

24.  The Plan is consistent with the interests of creditors and with public policy as required by section 1123(a)(7) of the Bankruptcy Code.

25.  The Debtors and Double Bowery, as proponents of the Plan, have complied with

5

the applicable provisions of the Bankruptcy Code, and, with the requirements of sections 1125 and 1126 of the Bankruptcy Code as the Debtors served copies of the Plan, Disclosure Statement, and Scheduling Order on all interested parties in accordance with the applicable Bankruptcy Rules and the Scheduling Order.

26.     No creditor has solicited acceptances of the Plan or participated in the offer, issuance, sale, or purchase of securities of the Debtors.

27.     The Plan has been proposed in good faith under section 1129(a)(3) of the Bankruptcy Code and not by any means forbidden by law and, viewed in the light of the totality of the circumstances surrounding the formulation, submission, distribution, and confirmation of the Plan, and the Plan will fairly achieve a result consistent with the objectives and purposes of the Bankruptcy Code.

28.     As required by section 1129(a)(4) of the Bankruptcy Code, any payment made or to be made by the Debtors or any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with these cases, or in connection with the Plan and incident to these cases, has been approved by, or will be subject to the approval of, this Court as reasonable.

29.     There are no rate changes provided for in the Plan, with respect to which rates, a governmental regulatory commission has jurisdiction over the Debtors after confirmation. As a result, section 1129(a)(6) of the Bankruptcy Code is not applicable.

30.     The Plan satisfies section 1129(a)(7) of the Bankruptcy Code.  The liquidation analysis included in the Disclosure Statement establishes that each holder of an Impaired Claim or Interest either has accepted the Plan or will receiver or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7

6

of the Bankruptcy Code on such date.

31.     The Plan does not discriminate unfairly and is fair and equitable with respect to each Class of Claims and Interests as required by section 1129(b)(1) of the Bankruptcy Code. Each Class contains Claims or Interests that are similarly situated and distributions are made pursuant to the order of priority prescribed by the Bankruptcy Code, and no junior Class of Claims or Interests is receiving any distribution on account of such junior Claim or Interest.

32.     No holder of an Allowed Secured Claim has made an election under section 1111(b)(2) of the Bankruptcy Code.

33.     Except to the extent that a holder of an Allowed Administrative Expense Claim and the Debtors agree to different treatment, the Debtors shall pay to each holder of an Allowed Administrative Expense Claim, Cash in an amount equal to such Claim (plus statutory interest on such claim, if applicable), on or as soon thereafter as is reasonably practicable, the later of (a) the 26 Bowery Closing Date and 2 Bowery Closing Date, as applicable, and (b) the first Business Day after the date that is ten (10) calendar days after the date such Administrative Expense Claim becomes an Allowed Administrative Expense Claim; provided that Allowed Administrative Expense Claims representing liabilities incurred in the ordinary course of business by the Debtors shall be paid by the Debtors in the ordinary course of business, consistent with past practice and in accordance with the terms and subject to the conditions of any agreements governing, instruments evidencing or other documents relating to such transactions.  Thus, the requirements of section 1129(a)(9) of the Bankruptcy Code are satisfied.

34.     Except to the extent that a holder of an Allowed Priority Tax Claim agrees to a different treatment, each holder of an Allowed Priority Tax Claim shall receive, Cash in an amount equal to such Allowed Priority Tax Claim on, or as soon thereafter as is reasonably practicable, the later of the 26 Bowery Closing Date and 2 Bowery Closing Date, as applicable,

the first Business Day after the date that is thirty (30) calendar days after the date such Priority Tax Claim becomes an Allowed Priority Tax Claim, and the date such Allowed Priority Tax Claim is due and payable in the ordinary course.

35. Section 1129(a)(10) of the Bankruptcy Code has been satisfied because Classes 1, 3, and 4 are Impaired and have voted to accept the Plan.

36. The Debtors have paid or shall pay all amounts due under 28 U.S.C. §1930, and any applicable interest thereon, in Cash in full as required by statute and until the closing of these cases, conversion of these cases to one under Chapter 7 or dismissal of the cases. Thus, the requirements of section 1129(a)(12) of the Bankruptcy Code are satisfied.

37. The Debtors do not maintain any retiree benefits, as that term is defined in section 1114(a) of the Bankruptcy Code. Accordingly, the requirements of section 1129(a)(13) are not applicable.

## Feasibility

38. The Plan provides for the liquidation of the 26 Bowery Property and 2 Bowery Property and therefore meets the feasibility requirement pursuant to section 1129(a)(11) of the Bankruptcy Code.

## Cramdown

39. The Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code with respect to General Unsecured Claims in Classes 3 and 4, since the holders of Claims or Interests junior to Classes 3 and 4 will not receive or retain on account of such junior Claim or Interest, any property. In addition, there are no Holders of any Interests junior to Classes 5 (26 Bowery Interests) and 6 (2 Bowery Interests).

40. Class 2 is no longer impaired as the Debtors will pay from the Carve-Out Class 2 (2 Bowery Unsecured Claims) in full and Class 2 is therefore conclusively deemed to accept the

Plan pursuant to section 1126(f) of the Bankruptcy Code.

### Transfer Taxes

41.     To the maximum extent provided by section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer under this Plan as confirmed by the Court, (including an instrument of transfer executed in furtherance of the sale contemplated by the Plan), shall not be subject to tax under any law imposing a stamp tax, real estate transfer tax, mortgage recording tax or similar tax due on the sale or transfer of the Property in connection with or in furtherance of the Plan as confirmed by the Court and the funding requirements contained herein and shall not be subject to any state, local or federal law imposing such tax and the appropriate state or local government officials or agents shall forego collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

**IT IS THEREFORE**

### Disclosure Statement

**ORDERED,** that all objections to the Disclosure Statement and the Plan not previously resolved or withdrawn, whether filed or not, are overruled; and it is further

**ORDERED,** that the Disclosure Statement, be and hereby is, approved on a final basis as containing adequate information; and it is further

### Confirmation

**ORDERED**, that the Plan, be and is hereby confirmed; and it is further

**ORDERED,** that the Plan meets each of the requirements of section 1129(a) except for Section 1129(a)(8); and it is further

**ORDERED,** that the Plan meets the requirements of Section 1129(b) as it does not

9

discriminate unfairly and is fair and equitable; and it is further

### Sale Transactions

**ORDERED**, that the sale of the 26 Bowery Property to Double Bowery pursuant to its credit bid $3,951,000 shall constitute a sale made "under a plan confirmed under" section 1129 of the Bankruptcy Code, and is approved pursuant to sections 1123(a)(5) and 1146 of the Bankruptcy Code; and it is further

**ORDERED**, that the Agreement for Purchase and Sale of Real Estate dated August 29, 2024 between the 2 Bowery Debtor and 2 Bowery LLC ("2 Bowery Sale Contract"), which was attached as **Exhibit B** to the Bid Procedures, is approved; and it is further

**ORDERED**, that the sale of the 2 Bowery Property to 2 Bowery LLC ("2 Bowery Purchaser") pursuant to the 2 Bowery Sale Contract shall constitute a sale made "under a plan confirmed under" section 1129 of the Bankruptcy Code, and is approved pursuant to sections 1123(a)(5) and 1146 of the Bankruptcy Code; and it is further

**ORDERED,** that should 2 Bowery LLC fail to close under the 2 Bowery Sale Contract, 2 Bowery is authorized to sell the 2 Bowery Property to Double Bowery pursuant to a credit bid of $5,400,000 from its remaining Double Bowery Secured Claim and such sale shall constitute a sale made "under a plan confirmed under" section 1129 of the Bankruptcy Code, and is approved pursuant to sections 1123(a)(5) and 1146 of the Bankruptcy Code and all of 2 Bowery's rights under the 2 Bowery Sale Contract and against the 2 Bowery Purchaser shall be preserved; and it is further

### Vesting of Assets

**ORDERED**, on the 26 Bowery Closing Date, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, the 26 Bowery Property shall vest in Double Bowery free and clear of all Claims, liens, encumbrances, charges and other interests, except as provided pursuant to the Plan

and this Confirmation Order; and it is further

**ORDERED**, on the 2 Bowery Closing Date, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, and as set forth in the 2 Bowery Contract of Sale, the 2 Bowery Property shall vest in the 2 Bowery Purchaser free and clear of all Claims, liens, encumbrances, charges and other interests, except as provided pursuant to the Plan and this Confirmation Order; and it is further

**ORDERED**, that if the 2 Bowery Purchaser fails to close on the 2 Bowery Contract of Sale, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, the 2 Bowery Property shall be transferred to Double Bowery free and clear of all Claims, liens, encumbrances, charges and other interests, except as provided pursuant to the Plan and this Confirmation Order; and it is further

**ORDERED**, that, prior to the 2 Bowery Closing Date and the 26 Bowery Closing Date, the Debtors, in their sole discretion, may dispose of, with or without consideration and without further order of this Court, any personal property previously deemed abandoned by order of the Court; and it is further

### Disbursing Agent

**ORDERED**, that pursuant to the Plan, RK Consultants LLC, the Debtors' independent manager, shall act as the Disbursing Agent; and it is further

**ORDERED**, that the Disbursing Agent shall serve without bond; and it is further

### Consummation of the Plan

**ORDERED**, the Post-Effective Date Debtors may enter into such agreements as are deemed by them to be necessary to consummate the Plan without further order of the Court; and it is further

**ORDERED**, that any Liens held against the Debtors' property by any creditor of the

11

Debtors must be released as a condition to payment of any Allowed Claim held by such creditor; and it is further

**ORDERED**, that this Confirmation Order and all related agreements and documents necessary to implement the Plan shall be binding upon and inure to the benefit of any successors and assigns of the Debtors; and it is further

**ORDERED**, that, in furtherance hereof, and in accordance with section 1142(b) of the Bankruptcy Code, after the Effective Date, the Post-Effective Date Debtors are authorized to execute and file and record any satisfaction of lien necessary to effectuate or consummate the terms of the Plan or this Confirmation Order, in the name of the Debtors, or in the name of any necessary party thereto, and each and every federal, state and local governmental agency or department is hereby directed to accept any such document; and it is further

**ORDERED**, that at or prior to the 26 Bowery Closing and the 2 Bowery Closing, Double Bowery shall fund the Carve-Out, which shall include sufficient funds to pay (i) Allowed Administrative Expense Claims, (ii) Allowed Fee Claims, (iii) Allowed Priority Claims, (iv) United States Trustee Fees, (v) Class 2 Claims, and (vi) contribute $33,000.00 per Debtor for General Unsecured Claims; and it is further

**ORDERED**, that Double Bowery will contribute to the Carve-Out the additional funds necessary for the Debtors to pay Class 2 (2 Bowery Other Secured Claims), which is comprised solely of Proof of Claim No. 2 filed against 2 Bowery by Bankdirect Capital Finance in the amount of $2,973.05, in full; and it is further

**ORDERED**, that if the Debtors recover any funds post-Confirmation, such funds will first be used to pay Administrative Expenses, to the extent unpaid, including reimbursement of any Carve-Out paid by Double Bowery and then to General Unsecured Creditors in Classes 3 and 4.

### Notice of Effective Date

**ORDERED**, that the Debtors shall file a notice of occurrence of the Plan's Effective Date on the Court's docket within three (3) business days of the Effective Date having occurred and serve a copy on the United States Trustee and all creditors; and it is further

### Transfer Taxes; Recording and Filing Documents

**ORDERED**, that to the maximum extent provided by section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer under this Plan as confirmed by the Court, (including an instrument of transfer executed in furtherance of the sale contemplated by the Plan), shall not be subject to tax under any law imposing a stamp tax, real estate transfer tax, mortgage recording tax or similar tax due on the sale or transfer of the 26 Bowery Property and 2 Bowery Property in connection with or in furtherance of the Plan as confirmed by the Court and the funding requirements contained herein and shall not be subject to any state, local or federal law imposing such tax and the appropriate state or local government officials or agents shall forego collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment; and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to any disputes or controversies arising with respect to the above ordered paragraph; and it is further

**ORDERED**, that from and after the Effective Date, pursuant to section 1146(a) of the Bankruptcy Code, all state and local government agencies, entities or authorities are jointly and severally restrained and enjoined from commencing or continuing any action to collect from the Debtors, the 26 Bowery Property and/or the 2 Bowery Property, any stamp, transfer or similar tax within the meaning of section 1146(a) of the Bankruptcy Code with respect to the

transactions contemplated or described in the Plan; and it is further

**ORDERED**, that the Office of the Register of the City of New York in New York County shall record any recordable instrument of transfer with respect to the transfer of any asset pursuant to or in furtherance of the Plan and any other related instruments contemplated under the Plan (collectively, the "Transfer Documents") without the payment of any New York State Real Estate Transfer Tax imposed under article 31 of the New York Tax Law, any New York City Real Property Transfer Tax imposed under section 11-2102 of the New York City Administrative Code, any filing fees or recording fees with respect thereto, and any other tax within the purview of section 1146(a) of the Bankruptcy Code; and it is further

**ORDERED**, that each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transactions contemplated by the Plan and this Confirmation Order; and it is further

**ORDERED**, that all filing officers are directed to accept for recording or filing and to record or file the Transfer Documents immediately upon presentation thereof without payment of such taxes and without the presentation of any affidavits, instruments or returns otherwise required for recording, and the recording officer is directed to comply with the provisions of this Confirmation Order; and it is further

### Releases and Injunction

**ORDERED**, except as otherwise provided for in the Plan and the Confirmation Order, Section 11 of the Plan shall bind the Debtors and their Estates, Double Bowery and all Creditors and Interest Holders of the Debtors; and it is further

**ORDERED**, that the releases provided for under the Plan shall only act as a release of claims and liability between (a) the Debtors and Double Bowery and (b) the Debtors and its

Creditors and Interest Holders; and it is further

**ORDERED**, that the Plan does not act as a release against parties that the Debtors and/or Double Bowery may have claims and/or judgments against, including, but not limited to, William Ng, Steven Ng, Haley Ng, Jenny Ng, Barbara Mak, Cody Ng, Wilson Ng, and Mimin Ng and the Debtors may, without further order of this Court, assign such claims and/or judgments to Double Bowery in partial payment of its prepetition claim against the Debtors; and it is further

## Statutory and Professional Fees

**ORDERED**, that the Post-Effective Date Debtors shall (1) pay all amounts due under 28 U.S.C. §1930, and any applicable interest thereon, in Cash in full as required by statute until the closing, conversion or dismissal of these cases; and (2) file all required quarterly disbursements reports no later than twenty days after the end of each quarter until the closing, conversion or dismissal of these cases; and it is further

## Retention of Jurisdiction

**ORDERED**, that in addition to the retention of jurisdiction with respect to transfer taxes, the Court shall retain jurisdiction of these cases with respect to motions pending before this Court on or before the Effective Date and thereafter, and matters provided for in Section 12 of the Plan, including, but not limited to ensuring that the Plan is consummated, resolving any and all controversies, suits or issues arising in connection with the consummation, interpretation or enforcement of the Plan or obligations arising thereunder, to the consideration of any objections filed within the time permitted pursuant to the Plan to the allowance of any Claim and other matters arising out of or related to the Plan; and it is further

## Final Decree

**ORDERED**, that in accordance with Local Bankruptcy Rule 3022-1, within 14 days

following the full administration of the Estates, but not later than 18 months following the entry of the Confirmation Order, the Debtors or Post-Effective Date Debtors (through the Plan Administrator) shall file on notice to the United States Trustee, a closing report and application and a proposed order for a final decree pursuant to Bankruptcy Rule 3022; and it is further

### Notice Provisions and Claims Bar Dates

**ORDERED**, that notice of the entry of this Confirmation Order shall be mailed by the Debtors to all of their creditors, and other such parties as are entitled to notice within ten days of the date of entry this Confirmation Order; and it is further

**ORDERED**, that any Claims of a kind specified in section 2 of the Plan that are not filed on or before the respective deadlines set forth therein shall not participate in any distribution under the Plan and shall be forever barred; neither the Plan Proponents, nor the Debtors' Estates, nor any disbursing agent, nor any officer, director, employee or professional person employed by any of the foregoing shall have any liability therefor or with respect thereto; and any holder of any such Claim shall be forever barred from asserting any such Claim against the Plan Proponents, the Debtors' Estates, any disbursing agent, any officer, director, employee or professional person employed by any of the foregoing, or its respective property, whether any such Claim is deemed to arise prior to, on or subsequent to the Confirmation Date; and it is further

**ORDERED**, that, except as otherwise hereafter directed by the Court, after the Effective Date notice of all subsequent pleadings in these cases shall be limited to those parties entitled to receive notice pursuant to Bankruptcy Rule 2002 and those Entities who have filed requests to continue to receive notice after the Effective Date; and it is further

16

**ORDERED**, that notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062 or otherwise, this Confirmation Order shall not be automatically stayed, but shall be effective and enforceable immediately upon the entry of this Confirmation Order.

**IT IS SO ORDERED.**

Dated:  November 13, 2024
        New York, New York

<u>/s/ Martin Glenn</u>
MARTIN GLENN
Chief United States Bankruptcy Judge
