**DE LOTTO & FAJARDO LLP**

4 Reeder Road
Rhinebeck, New York 12572
Tel. No.: 917-887-2439
Lauren De Lotto, Esq.
*Landlord Tenant Counsel for the Debtors
and Debtors in Possession*

<u>Hearing Date and Time:</u>
**January 8, 2025 at 2:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:

**26 BOWERY LLC and
2 BOWERY HOLDING LLC**,

Debtors.

--------------------------------------------------------X

Chapter 11

Case No.:  22-10412 (MG) and
22-10413 (MG)
(Jointly Administered)

**SIXTH INTERIM AND FINAL FEE
APPLICATION OF DE LOTTO & FAJARDO LLP
AS LANDLORD TENANT COUNSEL TO THE DEBTORS FOR
ALLOWANCE OF COMPENSATION FOR PROFESSIONAL
SERVICES RENDERED AND REIMBURSEMENT OF
OF ACTUAL AND NECESSARY EXPENSES FOR (I) SIXTH FEE
PERIOD JUNE 1, 2024 THROUGH JULY 31, 2024 AND (II) THE TOTAL
<u>COMPENSATION PERIOD OF JUNE 13, 2022 THROUGH JULY 31, 2024</u>**

TO THE HONORABLE MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

De Lotto & Fajardo LLP ("<u>De Lotto</u>"), landlord-tenant counsel for 26 Bowery

LLC and 2 Bowery Holding LLC, debtors and debtors in possession (collectively,

"Debtors"), files this sixth interim and final application ("Application"),[1] pursuant to section 330(a) of title 11 of the United States Code ("Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), for allowance of compensation for professional services performed by De Lotto in the amount of $1,188.00 and reimbursement of actual and necessary expenses in the amount of $174.00 incurred for the period from June 1, 2024 through July 31, 2024 (the "Sixth Fee Period") and (b) final allowance and approval of compensation for professional services provided in the aggregate amount of $116,176.50 and reimbursement of actual and necessary expenses in the amount of $2,093.47 that De Lotto incurred for the period from June 13, 2022 through and including July 31, 2024 ("Compensation Period") for a total of $118,269.97. In support of this Application, De Lotto respectfully represents:

## SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

1.     This Application has been prepared in accordance with the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 ("Guidelines"), the Order authorizing the retention of De Lotto as landlord tenant counsel to the Debtors dated July 13, 2022, effective as of June 13, 2022 (ECF Doc. 64). Under the Guidelines, a certification regarding compliance with the same is annexed hereto as **Exhibit A** and

---

[1] Applicant is filing one consolidated Application in these cases based on the nature of the services provided in these cases and the closely related narrative of services provided to each Debtor.  However, the Application constitutes a separate application in each case and are supported by separate time records and expense records attached.

this Application has been sent to the Debtors for review and the Debtors have reviewed this Application and approved the amounts requested by De Lotto for services performed and expenses incurred during the Compensation Period.

2.      De Lotto seeks an award of interim compensation for professional services rendered to the Debtors during the Sixth Fee Period as follows:

| Debtor | Fees | Expenses | Total Fees and Expenses |
|---|---|---|---|
| 26 Bowery | $1,188.00 | $174.00 | $1,188.00 |
| 2 Bowery | $0.00 | $0.00 | $0.00 |

During the Sixth Fee Period, De Lotto attorneys, and paraprofessionals expended a total of 2.4 hours for 26 Bowery and 0.0 hours for 2 Bowery for which compensation is sought.

3.      This Court approved De Lotto's first interim fee application by order entered on March 15, 2023 (ECF 202) which application covered De Lotto's fees and expenses incurred from June 13, 2022 through January 31, 2023.

4.      This Court approved De Lotto's second interim fee application by order entered on July 19, 2023, 2023 (ECF 284) which application covered De Lotto's fees and expenses incurred from February 1, 2023 through May 31, 2023.

5.      This Court approved De Lotto's third interim fee application by order entered November 30, 2023 (ECF 369) which application covered De Lotto's fees and expenses incurred from June 1, 2023 through September 30, 2023.

6.    This Court approved De Lotto's fourth interim fee application by order entered March 29, 2024 (ECF 419) which application covered De Lotto's fees and expenses incurred from October 1, 2023 through January 31, 2024.

7.    This Court approved De Lotto's fifth interim fee application by order entered September 16, 2024 (ECF 472) which application covered De Lotto's fees and expenses incurred from February 1, 2024 through May 31, 2024.

8.    During the Compensation Period, under the Order Establishing Procedures for Monthly and Interim Compensation and Reimbursement of Expenses of Professionals entered on July 29, 2022 (ECF Doc. No. 67) ("Interim Compensation Order"), De Lotto filed fee statements for June 2024 and July 2024.  Payment on account of these fee statements is pending.

9.    Copies of the Applicant's previously filed Interim Fee Applications are located at ECF Doc. 185 (first interim), 267 (second interim), 351 (third interim), 407 (fourth interim), and 450 (fifth interim) and are incorporated herein by reference.

10.    De Lotto also now seeks final compensation for professional services rendered to the Debtors during the Compensation Period (inclusive of fees incurred during the Sixth Fee Period) as follows:

| Debtor | Fees | Expenses | Total Fees and Expenses |
|--------|------|----------|-------------------------|
| 26 Bowery | $52,915.50 | $299.97 | $53,215.47 |
| 2 Bowery | $63,261.00 | $1,793.50 | $65,054.50 |

11.    During the Compensation Period, De Lotto attorneys and paraprofessionals expended a total of 234.7 hours for which compensation is sought.

12.    There is no agreement or understanding between De Lotto and any other person, other than partners of the firm, for the sharing of compensation to be received for services rendered in these cases.

13.    The fees charged by De Lotto in this case are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period. The rates De Lotto charges for the services rendered by its professionals in these chapter 11 cases are the same rates De Lotto charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive legal market.

14.    Under the Guidelines, annexed hereto as **<u>Exhibit B</u>** is a schedule setting forth all De Lotto professionals and paraprofessionals who have performed services in this chapter 11 case during the Sixth Fee Period and the Compensation Period, the capacity in which De Lotto employs each such individual, the hourly billing rate charged by De Lotto for services performed by such individual, the year in which each professional was first licensed to practice law and the aggregate number of hours expended in this matter and fees billed for them.

15.    Annexed hereto as **<u>Exhibit C</u>** is a schedule specifying the categories of

expenses incurred during the Sixth Fee Period and the Compensation Period for which De Lotto is seeking reimbursement and the total amount for each such expense category.

16.    Under Section II.D of the UST Guidelines, annexed hereto as **Exhibit D,** is a summary of De Lotto's time records during the Sixth Fee Period and the Compensation Period broken down by project categories as described below.

17.    De Lotto maintains computerized records of the time spent by all De Lotto attorneys and paraprofessionals in connection with the prosecution of the Debtor's chapter 11 case. Copies of these computerized records have been furnished to the Court and the United States Trustee for the Southern District of New York ("U.S. Trustee") in the format specified by the UST Guidelines and are annexed hereto as **Exhibit E**.  Time records for the remainder of the Compensation Period were attached to their respective interim fee applications, which were previously filed and provided to the Court and the U.S. Trustee.

## BACKGROUND

18.    On March 31, 2022 ("Petition Date"), the Debtors each filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. No trustee or examiner has been appointed in these cases.

19.    26 Bowery is the owner of the real property and improvements located at 26 Bowery, New York, New York ("26 Bowery Property").  2 Bowery is the owner of the real property and improvements located at 2 Bowery, New York, New York ("2

Bowery Property"). Both the 26 Bowery Property and 2 Bowery Property are mixed-use properties in Manhattan's Chinatown neighborhood. The Debtors are currently managed by RK Consultants LLC ("Manager"), the independent manager to the Debtors.

20.     On July 1, 2022, the Debtors moved to retain De Lotto as landlord tenant counsel for the Debtors (ECF Doc. 58). On July 13, 2022, the Court entered an order approving the De Lotto's retention as landlord tenant counsel (ECF Doc. 64).

### SUMMARY OF SERVICES

21.     Since the filing of De Lotto's fifth interim fee application, De Lotto continued to provide landlord tenant services to the Debtors' manager regarding the Debtor's remaining obligations with respect to an apartment that was subject to New York City's loft laws at the 26 Bowery Property.

22.     During the entire Compensation Period, De Lotto's expertise was invaluable with respect to determining the rights of the occupants at the 26 Bowery Property and 2 Bowery Property as of the Petition Date.  De Lotto assisted the Debtors' professionals with the Debtors' prosecution of the ejectment and fraud adversary proceedings against the Debtors' insider occupants.  With De Lotto's assistance, the Debtors were able to successfully remove insider occupants that were occupying the 26 Bowery Property and 2 Bowery Property since the Petition Date. The continued presence of the insider tenants was the primary obstacle that prevented the Debtors from fully marketing the 26 Bowery Property and 2 Bowery

Property for sale. With that obstacle removed, the Debtors were finally able to market both the 26 Bowery Property and 2 Bowery Property for sale and ultimately find two purchasers for the 26 Bowery Property and 2 Bowery Property and confirm a plan of reorganization that was predicated on the sale of the 26 Bowery Property and 2 Bowery Property.

23.     This narrative highlights the significant time and effort De Lotto spent on the Debtors' behalf to assist the Manager and Debtors' counsel with respect to landlord-tenant issues in an effort to maximize the value of the Debtors' estate for an eventual sale.

24.     The foregoing professional services performed by De Lotto were necessary and appropriate to the administration of the Debtors' chapter 11 cases. The professional services performed by De Lotto were in the best interests of the Debtors and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed with expedition and in an efficient manner.

25.     The professional services performed by De Lotto on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 234.7 recorded hours by De Lotto's members, counsel, associates, and paraprofessionals.

26.     During the Compensation Period, Lauren De Lotto was the sole attorney who worked on these chapter 11 cases and billed at an hourly rate of

$495.00.

## ACTUAL AND NECESSARY DISBURSEMENTS OF DE LOTTO

27.     De Lotto has disbursed $174.00 in expenses during the Sixth Fee Period and $2,093.47 during the entire Compensation Period.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

28.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331.

29.     Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 331(a)(1)(A). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)    whether the compensation is reasonable based on the customary

> compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

30.    In determining the reasonableness of a compensation request, courts generally apply the lodestar method. *Boddy v. United States Bankruptcy Court* (In re Boddy), 950 F.2d 334, 337 (6th Cir. 1991) ("The Supreme Court has made it clear that the lodestar method of fee calculation is the method by which federal courts should determine reasonable attorney's fees under federal statutes that provide for such fees."); *see also, Shaw, Licitra, Parente, Esernio & Schwartz, P.C. v. Travelers Indemnity Co.* (In re Grant Associates), 154 B.R. 836, 843 (S.D.N.Y. 1993) (noting that the lodestar standard had been adopted by most courts calculating fees under section 330(a), and that "[g]iven the similarity in context and language between the two statutes, the same standard should apply" to fees under section 506(c)); *In re Drexel Burnham Lambert Group, Inc.*, 133 B.R. 13, 21-22 (Bankr. S.D.N.Y. 1991). Courts calculate the lodestar amount by multiplying the number of hours reasonably expended by the attorney's reasonable hourly rate. *See, Drexel*, 133 B.R. at 22 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). In assessing the reasonableness of a compensation request, there is a "strong presumption" that an attorney is entitled to the lodestar fee. Id.

31.    In this case, De Lotto respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the Debtors' orderly administration

of its estate and its rehabilitation and reorganization efforts. De Lotto worked with the Manager and Debtors' counsel assiduously to anticipate or respond to the Debtors' needs with respect to all issues dealing with the Debtors' occupants. Such services and expenditures were necessary to and in the best interests of the Debtors' estates and their creditors. Accordingly, De Lotto submits the compensation requested herein is reasonable considering the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

32.    The foregoing discussion of the professional services performed by De Lotto shows that each item of work was necessary and appropriate to the administration of the Debtors' chapter 11 cases. The professional services performed by De Lotto were in the best interests of the Debtors and other parties in interest. Compensation for the foregoing services as requested suits the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed with expedience and in an efficient manner.

33.    In sum, the services rendered by De Lotto were necessary and beneficial to the Debtors' estates and were timely performed commensurate with the nature of the issues involved, and approval of the requested interim and final compensation for professional services and reimbursement of expenses sought above is warranted.

<u>CONCLUSION</u>

**WHEREFORE**, De Lotto requests (i) an interim allowance of compensation for professional services rendered during the Sixth Fee Period in the amount of

$1,188.00 in fees incurred during the Compensation Period, and reimbursement of $174.00 in actual and necessary expenses De Lotto incurred during the Sixth Fee Period, (ii) a final award of compensation for professional services and reimbursement of expenses rendered during the Compensation Period in the amount of $116,176.50 for fees incurred and $2,093.47 for the actual and necessary expenses De Lotto incurred in the case, and (iii) such other and further relief as this Court deems just and proper.

Dated:  New York, New York
          December 18, 2024

**DE LOTTO & FAJARDO LLP**
*Landlord Tenant Counsel for the Debtors*
4 Reeder Road
Rhinebeck, New York 12572
Tel. No.: 917-887-2439


By: /s/ Lauren De Lotto
        Lauren De Lotto

EXHIBIT A (Certification)

**DE LOTTO & FAJARDO LLP**
4 Reeder Road
Rhinebeck, New York 12572
Tel. No.: 917-887-2439
Lauren De Lotto, Esq.
*Landlord Tenant Counsel for the Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:

**26 BOWERY LLC and**
**2 BOWERY HOLDING LLC**,

                    Debtors.
--------------------------------------------------------X

Chapter 11

Case No.:  22-10412 (MG) and
              22-10413 (MG)
              (Jointly Administered)

### CERTIFICATION IN RESPECT OF APPLICATION
### OF DE LOTTO & FAJARDO LLP FOR AN INTERIM AND FINAL
### AWARD OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

**LAUREN DE LOTTO** hereby certifies that:

1.      I am a partner of the firm of De Lotto & Fajardo LLP ("De Lotto"),

landlord tenant counsel to the above-captioned Debtors ("Debtors").

2.      I am designated with responsibility for the Debtors' chapter 11 cases

related to compliance with the United States Trustee Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330, adopted on January 30, 1996, General Order No. M-447 – Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New

York Bankruptcy Cases and the Order authorizing my firm's retention as counsel to the Debtor in this case.

3.      This certification is made in respect of De Lotto's application dated [], 2024 ("Application"), for an interim award of compensation and reimbursement of expenses for the period of June 2024 and July 2024 and for a final award of compensation and reimbursement of expenses for the period commencing June 13, 2022 through and including July 31, 2024 in accordance with the Guidelines.

3.       I certify that:

(a)     I have read the Application;

(b)     to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees, and disbursements sought fall within the Guidelines;

(c)     the fees and disbursements sought are billed at rates in accordance with those customarily charged by De Lotto and generally accepted by De Lotto's clients; and

(d)     in providing a reimbursable service, De Lotto does not make a profit on that service, whether the service is performed by De Lotto in-house or through a third party.

4.      In respect of section B.2 of the Local Guidelines, I certify that De Lotto has provided the Debtors or their representative with a statement of fees and disbursements accrued not later than 21 days after each month, which included a list of the professionals and others providing services, their rates, hours spent by each, a general description of the services rendered and a breakdown of disbursements incurred.

5.    In respect of section B.3 of the Local Guidelines, I certify that the

Debtors and the United States Trustee are each being provided with a copy of the

Application at least 14 days before the date set by this Court for the hearing on the

Application.

Dated:  New York, New York
        December 18, 2024

**DE LOTTO & FAJARDO LLP**
*Landlord Tenant Counsel for the Debtors*
4 Reeder Road
Rhinebeck, New York 12572
Tel. No.: 917-887-2439


By: /s/ Lauren De Lotto
Lauren De Lotto

## EXHIBIT B

## PROFESSIONAL SERVICES SUMMARY — SIXTH FEE PERIOD

### 26 BOWERY LLC

| NAME OF PROFESSIONAL | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lauren De Lotto Partner | 1988 | $495.00 | 2.4 | $1,188.00 |

### 2 BOWERY HOLDING LLC

| NAME OF PROFESSIONAL | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lauren De Lotto Partner | 1988 | $495.00 | 0.0 | $0.00 |

## PROFESSIONAL SERVICES SUMMARY — COMPENSATION PERIOD

### 26 BOWERY LLC

| NAME OF PROFESSIONAL | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lauren De Lotto Partner | 1988 | $495.00 | 106.9 | $52,915.5 |

### 2 BOWERY HOLDING LLC

| NAME OF PROFESSIONAL | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lauren De Lotto Partner | 1988 | $495.00 | 127.8 | $63,261.00 |

## EXHIBIT C

### EXPENSE SUMMARY –SIXTH FEE PERIOD

**26 BOWERY LLC**

| EXPENSES | AMOUNTS |
|---|---|
| Process Server | $174.00 |
| **Total Expenses Requested:** | **$174.00** |

**2 BOWERY HOLDING LLC**

| EXPENSES | AMOUNTS |
|---|---|
| None | $0.00 |
| **Total Expenses Requested:** | **$0.00** |

## EXPENSE SUMMARY –COMPENSATION PERIOD

### 26 BOWERY LLC

| EXPENSES | AMOUNTS |
| --- | --- |
| Postage | $71.42 |
| Travel | $39.55 |
| Property Records Search Fee | $15.00 |
| Process Server | $174.00 |
| **Total Expenses Requested:** | **$299.97** |

### 2 BOWERY HOLDING LLC

| EXPENSES | AMOUNTS |
| --- | --- |
| Postage | $86.16 |
| Corporate Filings | $92.50 |
| Transcripts | $1,334.70 |
| Travel | $280.14 |
| **Total Expenses Requested:** | **$1,793.50** |

EXHIBIT D

COMPENSATION BY WORK TASK - SIXTH FEE PERIOD

## 26 BOWERY LLC

| DESCRIPTION | HOURS | AMOUNT |
|---|---|---|
| Litigation | 2.4 | $1,188.00 |
| **Total Fees Requested:** | | $1,188.00 |

## 2 BOWERY LLC

| DESCRIPTION | HOURS | AMOUNT |
|---|---|---|
| Litigation | 0.0 | $0.00 |
| **Total Fees Requested:** | | $0.00 |

## COMPENSATION BY WORK TASK – COMPENSATION PERIOD

**26 BOWERY LLC**

| DESCRIPTION | HOURS | AMOUNT |
|---|---|---|
| Litigation | 106.9 | $52,915.5 |
| **Total Fees Requested:** | | $52,915.5 |

**2 BOWERY LLC**

| DESCRIPTION | HOURS | AMOUNT |
|---|---|---|
| Litigation | 127.8 | $63,261.00 |
| **Total Fees Requested:** | | $63,261.00 |

Exhibit E (Time Sheets) for Sixth Fee Period

26 Bowery LLC Time Sheets

# DE LOTTO & FAJARDO LLP

Attorneys At Law
4 Reeder Road
Rhinebeck, New York 12572
(917) 887-2439
ldelotto@dfcounsel.com

Date: June 30, 2024

26 Bowery LLC
Brian Ryniker, Manager
c/o RK Consultants
1178 Broadway
3rd Floor #1505
New York, NY 10001

Bill No.  00024
File No. 11207-0000

Re: *Chapter 11 Bankruptcy-26 Bowery LLC*

Professional Services Rendered
For the period June 1, 2024-June 30, 2024

| | | | Hours | Amount |
|---|---|---|---|---|
| 6/28/2023 | LD | Tel. call with Gary Ravert, Esq. re: update on Dennis Donohue estate; Email to Loft Law atty Joseph Goldsmith, Esq. informing him of current status and discussing next steps. | 0.6 | $297.00 |
| | | TOTAL FEES | | $297.00 |

LEGAL SERVICES SUMMARY
  TOTAL FEES:      DE LOTTO, LAUREN  0.6/hrs. x $495.00/hr. = $297.00

TOTAL THIS BILL      $297.00

# DE LOTTO & FAJARDO LLP

Attorneys At Law
4 Reeder Road
Rhinebeck, New York 12572
(917) 887-2439
ldelotto@dfcounsel.com

Date: July 31, 2024

26 Bowery LLC
Brian Ryniker, Manager
c/o RK Consultants
1178 Broadway
3rd Floor #1505
New York, NY 10001

Bill No.  00025
File No. 11207-0000

Re: *Chapter 11 Bankruptcy-26 Bowery LLC*

Professional Services Rendered
For the period July 1, 2024-July 31, 2024

| | | | Hours | Amount |
|---|---|---|---|---|
| 7/10/2024 | LD | Conf. call with Gary Ravert, Esq., Brian Ryniker, Elliott Spitzer, Joseph Goldsmith, Esq.-Strategy and Next Steps for Dennis Donohue apt. 4F | 0.8 | $396.00 |
| 7/15/2024 | LD | Draft Ten (10) Day Notice to Quit re: D. Donohue unit 4F-send to process server for service. | 1.0 | $495.00 |
| 7/25/2024 | LD | Review David Donohue letter in response to Notice to Quit-no charge. | | |

TOTAL FEES    $891.00

LEGAL SERVICES SUMMARY
TOTAL FEES:        DE LOTTO, LAUREN   1.8/hrs. x $495.00/hr. = $891.00

TOTAL COSTS:  7/19/2024-Process Server Fees for Service of Notice to Quit-
  Estate of Dennis Donohue, David Donohue and Daniel Donohue        $174.00

TOTAL THIS BILL        $1,065.00

2 Bowery Holding LLC Time Sheets

# DE LOTTO & FAJARDO LLP

Attorneys At Law
4 Reeder Road
Rhinebeck, New York  12572
(917) 887-2439
ldelotto@dfcounsel.com

Date: June 30, 2024

2 Bowery Holding LLC
Brian Ryniker, Manager                                         Bill No.  00024
c/o RK Consultants                                            File No. 11206-0000
1178 Broadway
3rd Floor #1505
New York, NY 10001

Re: *Chapter 11 Bankruptcy-2 Bowery Holding LLC*

Professional Services Rendered
For the period June 1, 2024-June 30, 2024

| | | Hours | Amount |
|---|---|---|---|
| | NO BILLING FOR JULY 2024 FOR 2 BOWERY HOLDING LLC | | |

TOTAL FEES:          NONE

LEGAL SERVICES SUMMAR
   TOTAL FEES:          DE LOTTO, LAUREN   0.0/hrs. x $495.00/hr. = NONE

TOTAL THIS BILL          NONE

# DE LOTTO & FAJARDO LLP

Attorneys At Law
4 Reeder Road
Rhinebeck, New York  12572
(917) 887-2439
ldelotto@dfcounsel.com

Date: July 31, 2024

2 Bowery Holding LLC
Brian Ryniker, Manager
c/o RK Consultants
1178 Broadway
3rd Floor #1505
New York, NY 10001

Bill No.  00025
File No. 11206-0000

Re: *Chapter 11 Bankruptcy-2 Bowery Holding LLC*

Professional Services Rendered
For the period July 1, 2024-July 31, 2024

| | | Hours | Amount |
|---|---|---|---|
| | NO BILLING FOR JULY 2024 FOR 2 BOWERY HOLDING LLC | | |

TOTAL FEES:          NONE

LEGAL SERVICES SUMMAR
  TOTAL FEES:          DE LOTTO, LAUREN   0.0/hrs. x $495.00/hr. = NONE

TOTAL THIS BILL          NONE