| | |
|---|---|
| **LEECH TISHMAN ROBINSON BROG PLLC**<br>One Dag Hammarskjöld Plaza<br>885 Second Avenue, 3rd Floor<br>New York, New York 10017<br>Tel. No.: 212-603-6301<br>Clement Yee, Esq.<br>*Attorneys for the Debtors and Debtors in Possession* | Hearing Date and Time:<br>May 1, 2025 at 2:00 p.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:                                                                              Chapter 11

**26 BOWERY LLC** and                                     Case No.:  22-10412 (MG) and
**2 BOWERY HOLDING LLC**,                                              22-10413 (MG)
                                                                                  (Jointly Administered)

                             Debtors.
------------------------------------------------------------X

## OBJECTION TO CLAIMS FILED BY NEW YORK CITY

TO THE HONORABLE MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

26 Bowery LLC ("26 Bowery") and 2 Bowery Holding LLC ("2 Bowery," and together with 26 Bowery, "Debtors"), by their attorneys, Leech Tishman Robinson Brog, PLLC, files this objection ("Objection") to disallow and expunge the following claims filed by New York City ("NYC"): (i) proof of claim no. 8 filed on September 27, 2022 against 26 Bowery in its chapter 11 case ("26 Bowery Claim") and (ii) proof of claim no. 7 filed on September 27, 2022 against 2 Bowery ("2 Bowery Claim," and together with the 26 Bowery Claim, the "NYC Claims").[1]  In support of the Objection, the Debtors respectfully represents and alleges as follows:

---

[1] The NYC Claims are attached as **Exhibit A**.

1

## Jurisdiction

1. Jurisdiction over this Objection is vested in the United States District Court for this District pursuant to 28 U.S.C. §§157 and 1334. The Objection has been referred to this Court for consideration pursuant to Section 157 of the Judicial Code and the Standing Order of Reference Regarding Title 11 (S.D.N.Y. Feb 1, 2012) (Preska C.J.).

2. This is a core proceeding pursuant to 28 U.S.C. §157(b). The statutory predicates for the relief sought are sections 105 and 502(b) of the Bankruptcy Code and Bankruptcy Rules 3007(a) and 9006(b).

3. Venue is proper in this District pursuant to 28 U.S.C §§1408 and 1409.

## Background

4. On March 31, 2022 ("Petition Date"), the Debtors each filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. No trustee or examiner has been appointed in these cases.

5. On July 29, 2022, the Court entered the Order Establishing Deadline for Filing Proofs of Claim Against the Debtors and Approving the Form and Manner of Notice Thereof ("Bar Date Order"). The Bar Date Order established September 27, 2022 (the "Government Bar Date") as the deadline for governmental units to file proofs of claim against the Debtors. The Bar Date Notice, as approved by the Bar Date Order required any proof of claim to include "any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the

documents are not available." The NYC Claims were all filed prior to the Government Bar Date.

6. On November 13, 2024, the Court entered the Order Granting Final Approval of Disclosure Statement and Confirming Joint Plan of Reorganization Proposed by 26 Bowery LLC, 2 Bowery Holding LLC, and Double Bowery Funding LLC (ECF Doc. 506).

7. The 26 Bowery Claim asserts a $8,345.11 claim against 26 Bowery and the 2 Bowery Claim asserts a $9,765.89 claim against 2 Bowery and both claims were filed as priority tax claims under section 507(a)(8) of the Bankruptcy Code. The basis for the NYC Claims as set forth in the filed claim is "Business Taxes." None of the NYC Claims provide any documentation as required by the Bar Dat Notice. Counsel to the Debtors has reached out to NYC requesting any such documentation to support the NYC Claims and as of the filing of this Objection, no documentation has been provided.

## Relief Requested

8. By this Objection, the Debtor seeks the entry of an order, substantially in the form annexed hereto as **Exhibit B**, to disallow and expunge the NYC Claims, on the basis that they were filed with insufficient documentation.

## Basis for Relief

9. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. §502(a). A chapter 11 debtor has the duty to object to the allowance of any claim that is improper. *See* 11 U.S.C.

§§704(a)(5), 1106(a)(1) and 1107(a); see also *Int'l Yacht & Tennis, Inc. v. Wasserman. (In re Int'l Yacht & Tennis, Inc.)*, 922 F.2d 659, 661-62 (11th Cir. 1991).

10. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See In re Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 n.13 (Bankr. S.D.N.Y. 2000). However, a proof of claim must "set forth the facts necessary to support the claim" for it to receive the prima facie validity accorded under the Bankruptcy Rules. *In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000) (internal quotation omitted); *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988).

11. Under Bankruptcy Rule 3001(f), a proof of claim retains that presumption only until an objecting party refutes "at least one of the allegations that is essential to the claim's legal sufficiency." *In re WorldCom, Inc.*, No. 02-13533, 2005 WL 3832065 at * 4 (Bankr. S.D.N.Y. 2005) (*quoting Allegheny*, 954 F.2d at 173-74). Once such an allegation is refuted, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Id.* In other words, once the *prima facie* validity of a claim is rebutted (as it has been here), "it is for the claimant to prove his claim, not for the objector to disprove it." *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

12. The NYC Claims have each been filed without sufficient documentation to substantiate the proof of claim asserted therein as required by

4

Bankruptcy Rule 3001 and therefore the NYC Claims fail to provide prima facie evidence of the validity and amount of the claim they assert, as required by Bankruptcy Code section 502 and Bankruptcy Rule 3001(f).

13. Accordingly, the Debtors object to the NYC Claims and seek entry of an order disallowing the NYC Claims in their entirety.

## Reservation of Rights

14. The Debtors reserve the right to further amend, supplement, revise or object or otherwise respond to any of the these proofs of claim on any and all additional factual or legal grounds, and, without limiting the foregoing to (i) amend the Objection; (ii) adjourn any hearing scheduled on the Objection; (iii) file additional papers in support of the Objection; and (iv) take all other appropriate actions to (a) respond to any allegation or defense that may be raised in a response filed by or on behalf of the claimant or other interest, (b) further object to these claims in the event that the Claimants provide or attempt to provide additional documentation or substantiation of their claims, and/or (c) further object to the claims based on additional information that may be discovered upon further review by the Debtors or through discovery.

15. No previous request for the relief sought herein had been made to this or any other Court.

**WHEREFORE**, the Debtors respectfully request that the Court (i) disallow and expunge the NYC Claims in their entirety and (ii) grant such other relief as this Court finds just and appropriate.

5

DATED: New York, New York
April 1, 2025

                                        **LEECH TISHMAN
ROBINSON BROG, PLLC**
**Attorneys for the Debtors**
One Dag Hammarskjöld Plaza
885 Second Avenue, 3rd Floor
New York, New York 10017
Tel. No.: (212) 603-6300

By: /s/ Clement Yee
      Clement Yee

6