RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Counsel for Northgate Real Estate Group, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| 26 BOWERY LLC and | : | Case No.: 22-10412 (MG) and |
| 2 BOWERY HOLDING LLC, | : | 22-10413 (MG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF MOTION FOR ENTRY OF AN ORDER PURSUANT TO
BANKRUPTCY RULES 9014 AND 9020 (I) FINDING THE BUYER IN CIVIL
CONTEMPT FOR ITS FAILURE TO COMPLY WITH THE COURT'S FEE
APPROVAL ORDER; (II) COMPELLING THE BUYER TO IMMEDIATELY
PAY TO NORTHGATE THE BUYER'S PREMIUM; AND (III) AWARDING
<u>NORTHGATE ATTORNEY'S FEES AND COSTS FOR THIS MOTION</u>**

**PLEASE TAKE NOTICE** that Northgate Real Estate Group, LLC ("<u>Northgate</u>") has filed

the annexed motion (the "<u>Motion</u>") for entry of an order (i) finding 2 Bowery LLC in civil

contempt for its failure to comply with the Court's order entered on May 5, 2025, which ordered

the Buyer to pay Northgate's commission on the sale of 2 Bowery, New York, New York 10013

as a buyer's premium in the amount of $220,000 (the "<u>Buyer's Premium</u>") within five days of

entry of the Fee Approval Order; (ii) compelling the Buyer to immediately pay to Northgate the

Buyer's Premium; and (iii) awarding Northgate its attorney's fees and costs it was forced to incur

to bring the Motion.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion, if any, must be in filed by July 3, 2025 (the "Objection Deadline").  If a response or objection is filed by the Objection Deadline, reply papers, if any, must be filed within seven (7) days after service of the response or objection.

**PLEASE TAKE FURTHER NOTICE** that, after all papers are filed, the Court will determine whether to schedule argument or decide the Motion on the papers.  Counsel or the parties will be advised of hearing dates if the Motion is scheduled for argument.

Dated: New York, New York
        June 16, 2025

RUBIN LLC

By:   */s/ Paul A. Rubin*
      Paul A. Rubin
      Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel: 212.390.8054
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Counsel for Northgate Real Estate Group, LLC*

RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Counsel for Northgate Real Estate Group, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| 26 BOWERY LLC and | : | Case No.:    22-10412 (MG) and |
| 2 BOWERY HOLDING LLC, | : | 22-10413 (MG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY
RULES 9014 AND 9020 (I) FINDING THE BUYER IN CIVIL CONTEMPT
FOR ITS FAILURE TO COMPLY WITH THE COURT'S FEE APPROVAL
ORDER; (II) COMPELLING THE BUYER TO IMMEDIATELY PAY TO
NORTHGATE THE BUYER'S PREMIUM; AND (III) AWARDING
NORTHGATE ATTORNEY'S FEES AND COSTS FOR THIS MOTION**

Northgate Real Estate Group, LLC ("Northgate"), by its counsel Rubin LLC, submits this

motion (the "Motion") for entry of an order (i) finding 2 Bowery LLC (the "Buyer") in civil

contempt for its failure to comply with the Court's order entered on May 5, 2025 (the "Fee

Approval Order") [ECF No. 530], which ordered the Buyer to pay Northgate's commission on the

sale of 2 Bowery, New York, New York 10013 (the "2 Bowery Property") as a buyer's premium

in the amount of $220,000 (the "Buyer's Premium") within five days of entry of the Fee Approval

Order; (ii) compelling the Buyer to immediately pay to Northgate the Buyer's Premium; and

(iii) awarding Northgate its attorney's fees and costs it was forced to incur to bring this Motion.

In support of this Motion, the Secured Creditor respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      Northgate files this Motion as a last resort, having provided the Buyer multiple opportunities to comply with the express, unambiguous provisions of this Court's Fee Approval Order, as well as the express, unambiguous terms of the Agreement for Purchase and Sale of Real Estate dated August 29, 2024 (the "Agreement") governing the sale of the 2 Bowery Property. Since the Court's Fee Approval Order was entered, counsel for the Buyer has completely ignored all communications that Northgate's counsel has sent advising Buyer's counsel of the Buyer's obligation to pay Northgate the Buyer's Premium. There is no dispute that the Buyer's Premium is due and owing to Northgate and the Buyer must pay Northgate the Buyer's Premium. The Buyer is flouting the Court's order directing the Buyer to pay the Buyer's Premium, which was due on May 10, 2025. Northgate should not have to expend time and resources seeking judicial intervention from this Court to compel the Buyer to do what it is so plainly required to do by the clear, unambiguous language of the Fee Approval Order.

2.      Accordingly, Northgate respectfully requests that the Court find the Buyer in civil contempt for its non-compliance with the Fee Approval Order, direct the Buyer to immediately pay to Northgate the Buyer's Premium, and require the Buyer to reimburse Northgate for the fees and costs (including attorney fees) incurred by Northgate in bringing this Motion.

## BACKGROUND

3.      On March 31, 2022 ("Petition Date"), each of 26 Bowery LLC ("26 Bowery") and 2 Bowery Holding LLC ("2 Bowery," and together with 26 Bowery, collectively, the "Debtors") filed a voluntary petition under chapter 11 of the United States Bankruptcy Code. The Debtors' chapter 11 cases are jointly administered.

4.      By order dated March 21, 2024 (the "Retention Order") [ECF No. 417], the Court authorized the Debtors to retain Northgate as their real estate advisor and broker in connection

with the marketing and sale of (i) the real property owned by 26 Bowery located at 26 Bowery, New York, New York (the "26 Bowery Property"), and (ii) the real property owned by 2 Bowery located at 2 Bowery, New York, New York (the "2 Bowery Property," and together with the 26 Bowery Property, the "Properties"). The Retention Order approves and incorporates the terms of Northgate's Retention Agreement with the Debtors (the "Retention Agreement") (attached as an exhibit to the Retention Order), which expressly provides that Northgate is entitled to be compensated in the form of a buyer's premium equal to 4.0% of the gross sales price for each of the Properties from the purchasers of the Properties. *See* Retention Agreement ¶ 4(a).

5.      On September 13, 2024, the Court entered an order (the "Bid Procedures Order") [ECF No. 471] approving bid procedures (the "Bid Procedures") to govern the sale of the Properties. The Bid Procedures annexed as Exhibit 1 to the Bid Procedures Order provides, among other things, for the payment of a 4.0% buyer's premium as part of any bid for either of the Properties. The Bid Procedures Order also identified the Buyer as the stalking horse bidder for the 2 Bowery Property and attached a copy of the Agreement. The Agreement expressly provides that "Purchaser shall be responsible for payment of the Broker's commission in the amount of 4% of the Purchase Price [of $5,500,000.00]." Agreement § 6. The Agreement also identifies Lewis Kuper, Esq., counsel for the Buyer, as a notice party on behalf of the Buyer. *See* Agreement § 16.

6.      On September 17, 2024, the Debtors filed their joint chapter 11 plan (the "Plan") [ECF No. 475], which provides for the sale of the Properties.

7.      On November 13, 2024, the Court entered an order (the "Confirmation Order") [ECF No. 506] confirming the Plan and approving the sale of the 2 Bowery Property to the Buyer pursuant to the Agreement.

8.      The sale of the 2 Bowery Property to the Buyer closed on February 28, 2025.

9.      On April 1, 2025, Northgate filed a fee application (the "Fee Application") [ECF No. 524] for approval of its commission in connection with the sale of the Properties, including the Buyer's Premium to be paid by the Buyer for the sale of the 2 Bowery Property.  The Debtors served the Fee Application on the appropriate parties, including the Buyer and counsel for the Buyer.  *See* Certificate of Service of Fee Application [ECF No. 527].  No objection to the Fee Application was filed.  *See* Certificate of No Objection to Fee Application [ECF No. 528].

10.     On May 5, 2025, the Court entered the Fee Approval Order.  The Fee Approval Order unambiguously provides that "it is further ORDERED that 2 Bowery LLC will pay to Northgate the buyer's premium in the amount of $220,00 on account of a 4% commission of the $5,500,000 purchase price for the 2 Bowery Property within five (5) days after entry of this Order." Fee Approval Order p.1.

11.     Upon entry of the Fee Approval Order, counsel for Northgate sent to Mr. Kuper, Buyer's counsel (who is a notice party for the Buyer pursuant to the Agreement, *see* Agreement § 16), an email advising counsel of the Buyer's obligation to pay the Buyer's Premium, which email also attached the Fee Approval Order, the Agreement, and Northgate's wiring instructions. A copy of the May 5, 2025 email from Northgate's counsel to the Buyer's counsel is annexed hereto as Exhibit A.  Buyer's counsel did not respond to that email.

12.     Despite the clear and unambiguous provision in the Fee Approval Order, the Buyer did not pay the Buyer's Premium to Northgate within five days of entry of the Fee Approval Order. Thus, on May 14, 2025, Northgate's counsel sent a second email to Buyer's counsel advising him of the Buyer's failure to timely comply with the Fee Approval Order, and requesting that the Buyer pay the Buyer's Premium as directed by the Court.  A copy of the May 14, 2025 email from

Northgate's counsel to the Buyer's counsel is annexed hereto as <u>Exhibit B</u>.  Buyer's counsel did not respond to this second email either.

13.    Having given the Buyer more than sufficient time to comply with its obligation to pay Northgate, and still having received no payment of the Buyer's Premium, on May 27, 2025, Northgate's counsel sent one last formal demand for payment of the Buyer's Premium, to be made by June 2, 2025, failing which Northgate would have to file this Motion to compel payment of the Buyer's Premium and for civil contempt.  A copy of the May 27, 2025 email from Northgate's counsel to the Buyer's counsel is annexed hereto as <u>Exhibit C</u>.  Buyer's counsel did not respond to this third email, and, to date, the Buyer still has not paid the Buyer's Premium to Northgate.  On June 5, 2025, Northgate's counsel emailed Mr. Kuper to advise him that Northgate would be filing this Motion.  A copy of the June 5, 2025 email from Northgate's counsel to the Buyer's counsel is annexed hereto as <u>Exhibit D</u>.

## **ARGUMENT**

14.    "There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."  *Shillitani v. United States*, , 384 U.S. 364, 370 (1966).   As applicable to bankruptcy courts, "[t]he statutory contempt powers given to a bankruptcy court under § 105(a) complement the inherent powers of a federal court to enforce its own orders. … These powers are in addition to whatever inherent contempt powers the court may have." *Solow v. Kalikow (In re Kalikow)*, 602 F.3d 82, 96-97 (2d Cir. 2000) (citation and quotation omitted).  Indeed, the Second Circuit has held that a bankruptcy court has inherent authority to impose even non-nominal, substantial, compensatory and coercive civil contempt sanctions.  *See In re Markus*, 78 F.4th 554 (2d Cir. 2023) (affirming bankruptcy court's order imposing civil contempt sanctions of $1,000 per day of non-compliance, amounting to $55,000 and $36,000 in attorney's fees).

15.     To hold a party in civil contempt, the movant must establish a knowing violation of a sufficient, specific, and precise order and knowledge of such order.  *See Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 51 (2d Cir. 1976).  A party may be held in civil contempt for failure to comply with a court order if (1) the court's order is clear and unambiguous, (2) the evidence of the contemnor's noncompliance is clear and convincing evidence, and (3) the contemnor did not diligently attempt to comply in a reasonable manner.  *See Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004).  "Willfulness is not required and intent is irrelevant because of the remedial and coercive nature of civil contempt."  *Shillitani*, 384 U.S. at 368.

16.     The facts here present a clear-cut case for a finding of civil contempt against the Buyer for its noncompliance of the Fee Approval Order.

A.    **The Fee Approval Order Is Clear And Unambiguous**

17.     There is absolutely no ambiguity in the Fee Approval Order.  Leaving no room for uncertainty as to what party must pay what amount to whom and in what time frame, the Fee Approval Order clearly and unambiguously directs that "2 Bowery LLC will pay to Northgate the buyer's premium in the amount of $220,00 on account of a 4% commission of the $5,500,000 purchase price for the 2 Bowery Property within five (5) days after entry of this Order."  Fee Approval Order p. 1.

18.     Moreover, the amount of the Buyer's Premium, who must pay it, and to whom it is paid as set forth in the Fee Approval Order is consistent with the terms of the Retention Agreement, Bid Procedures and the Agreement.  *See* Retention Agreement at ¶ 4(a) (in a sale scenario "Northgate will receive a commission from the successful purchaser, charged as a buyer's premium, equal to four percent (4%) of the gross purchase price for the Property") ; Bid Procedures at p.8 ("Baseline Bid" is purchase price for property <u>plus</u> 4.0% buyer's premium); Agreement at

8

§ 6 ("Purchaser shall be responsible for payment of the Broker's commission in the amount of 4%

of the Purchase Price [of $5,500,000.00].").

19.     Thus, any argument that the Fee Approval Order is ambiguous would be frivolous.

**B.     Northgate Has Established By Clear And Convincing Evidence
That The Buyer Has Not Complied With The Fee Approval Order**

20.     Northgate has easily established by clear and convincing evidence that the Buyer

has failed to comply with the Fee Approval Order because Northgate has yet to be paid the Buyer's

Premium, despite the clear and unambiguous requirement for the Buyer to pay the Buyer's

Premium on or before May 10, 2025, the date that is five days after the entry of the Fee Approval

Order on May 5, 2025.

**C.     The Buyer Has Not Diligently Attempted To Comply
With The Fee Approval Order In A Reasonable Manner**

21.     The Buyer has made no attempt whatsoever to comply with the Fee Approval

Order.  Each one of Northgate's counsel's emails to the Buyer's counsel advising him of the

Buyer's obligation to pay the Buyer's Premium has been met with complete silence.  Neither

Northgate nor its counsel have heard anything from the Buyer or its counsel.  The Fee Approval

Order and other underlying documents establishing Northgate's entitlement to the Buyer's

Premium were sent with the emails from Northgate's counsel.  Wire instructions for Northgate's

account was included in each of the communications.  Northgate has afforded the Buyer every

opportunity to comply with the Fee Approval Order, but the Buyer has chosen to ignore its

obligation to pay the Buyer's Premium, an obligation it agreed and promised to pay pursuant to

the Agreement it executed, and an obligation unambiguously directed by the Court to be paid in

the Fee Approval Order.

22.     The Buyer simply has no excuse to refuse to pay the Buyer's Premium.

WHEREFORE, for all the reasons set forth herein, Northgate respectfully requests that the Court enter an order (i) holding the Buyer in civil contempt for its noncompliance of the Fee Approval Order, (ii) compelling the Buyer to immediately pay to Northgate the Buyer's Premium, and (iii) award Northgate its fees and costs (including attorney's fees) as a result of the Buyer's noncompliance with the Fee Approval Order; and grant Northgate such other relief as may be just and proper.

Dated:  New York, New York
        June 16, 2025

                 RUBIN LLC

                 By:     */s/ Paul A. Rubin*
                      Paul A. Rubin
                      Hanh V. Huynh
                 11 Broadway, Suite 715
                 New York, New York 10004
                 Tel: 212.390.8054
                 prubin@rubinlawllc.com
                 hhuynh@rubinlawllc.com

                 *Counsel for Northgate Real Estate Group, LLC*

# EXHIBIT A

| **From:** | Paul Rubin |
| **Sent:** | Monday, May 5, 2025 3:27 PM |
| **To:** | lkuper@abramslaw.com |
| **Subject:** | 2 Bowery LLC - Payment of Buyer's Premium |
| **Attachments:** | 26 Bowery 2025 05 05 #530 Order Approving Final Fee App of Northgate.pdf; Northgate 2 Bowery Bid Procedures Order.pdf |

Hello Mr. Kuper,

Attached is an order of the Bankruptcy Court directing 2 Bowery LLC to pay the buyer's premium in the amount of $220,000 within five days of today. Also attached is the bid procedures order entered by the Bankruptcy Court, behind which are two contracts, the second of which is the Agreement for Purchase and Sale of Real Estate for the 2 Bowery property. You are listed as a notice party for the buyer.

Please have your client arrange for the payment to be made.

Thank you.

**Paul A. Rubin**
Rubin LLC

11 Broadway, Suite 715
New York, NY 10004
(O): 212.390.8054
(M) 917.583.6678
(F): 212.390.8064
prubin@rubinlawllc.com
www.rubinlawllc.com
_____

CONFIDENTIALITY NOTE: This e-mail is intended only for the entity or person(s) to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this e-mail or the information contained herein by anyone other than the intended recipients(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify sender and permanently delete and discard this e-mail.

# EXHIBIT B

| | |
|---|---|
| **From:** | Paul Rubin |
| **Sent:** | Wednesday, May 14, 2025 2:58 PM |
| **To:** | lkuper@abramslaw.com |
| **Subject:** | FW: 2 Bowery LLC - Payment of Buyer's Premium |
| **Attachments:** | 26 Bowery 2025 05 05 #530 Order Approving Final Fee App of Northgate.pdf; Northgate 2 Bowery Bid Procedures Order.pdf; Wiring Instructions Northgate Real Estate Group.pdf |

Mr Kuper,

I am following up on my email to you below. The buyer's premium from your client 2 Bowery LLC in the amount of $220,000 is now past due. I am re-sending the Bankruptcy Court's order directing that payment be made within 5 days of May 5, and I am attaching payment instructions.

Would you kindly advise your client to issue payment as required by the court order.

Thank you.

**Paul A. Rubin**
Rubin LLC

11 Broadway, Suite 715
New York, NY 10004
(O): 212.390.8054
(M) 917.583.6678
(F): 212.390.8064
prubin@rubinlawllc.com
www.rubinlawllc.com
_____

CONFIDENTIALITY NOTE: This e-mail is intended only for the entity or person(s) to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this e-mail or the information contained herein by anyone other than the intended recipients(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify sender and permanently delete and discard this e-mail.

**From:** Paul Rubin
**Sent:** Monday, May 5, 2025 3:27 PM
**To:** lkuper@abramslaw.com
**Subject:** 2 Bowery LLC - Payment of Buyer's Premium

Hello Mr. Kuper,

Attached is an order of the Bankruptcy Court directing 2 Bowery LLC to pay the buyer's premium in the amount of $220,000 within five days of today. Also attached is the bid procedures order entered by the Bankruptcy Court, behind which are two contracts, the second of which is the Agreement for Purchase and Sale of Real Estate for the 2 Bowery property. You are listed as a notice party for the buyer.

Please have your client arrange for the payment to be made.

Thank you.

**Paul A. Rubin**
Rubin LLC

11 Broadway, Suite 715
New York, NY 10004
(O): 212.390.8054
(M): 917.583.6678
(F): 212.390.8064
prubin@rubinlawllc.com
www.rubinlawllc.com
_____

CONFIDENTIALITY NOTE:  This e-mail is intended only for the entity or person(s) to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure.  Dissemination, distribution, or copying of this e-mail or the information contained herein by anyone other than the intended recipients(s) is strictly prohibited.  If you have received this e-mail in error, please immediately notify sender and permanently delete and discard this e-mail.

# EXHIBIT C

| **From:** | Paul Rubin |
|---|---|
| **Sent:** | Tuesday, May 27, 2025 11:01 AM |
| **To:** | lkuper@abramslaw.com |
| **Subject:** | FINAL DEMAND FOR PAYMENT:  2 Bowery LLC - Buyer's Premium |
| **Attachments:** | Northgate - Demand Letter to 2 Bowery (sent 5-27-22).pdf; 26 Bowery 2025 05 05 #530 Order Approving Final Fee App of Northgate.pdf; Northgate 2 Bowery Bid Procedures Order.pdf; Wiring Instructions Northgate Real Estate Group.pdf |
| | |
| **Importance:** | High |

Please see attached.

**Paul A. Rubin**
Rubin LLC

11 Broadway, Suite 715
New York, NY 10004
(O): 212.390.8054
(M): 917.583.6678
(F): 212.390.8064
prubin@rubinlawllc.com
www.rubinlawllc.com
_____

CONFIDENTIALITY NOTE:  This e-mail is intended only for the entity or person(s) to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure.  Dissemination, distribution, or copying of this e-mail or the information contained herein by anyone other than the intended recipients(s) is strictly prohibited.  If you have received this e-mail in error, please immediately notify sender and permanently delete and discard this e-mail.

**From:** Paul Rubin
**Sent:** Wednesday, May 14, 2025 2:58 PM
**To:** lkuper@abramslaw.com
**Subject:** FW: 2 Bowery LLC - Payment of Buyer's Premium

Mr Kuper,

I am following up on my email to you below.  The buyer's premium from your client 2 Bowery LLC in the amount of $220,000 is now past due.  I am re-sending the Bankruptcy Court's order directing that payment be made within 5 days of May 5, and I am attaching payment instructions.

Would you kindly advise your client to issue payment as required by the court order.

Thank you.

**Paul A. Rubin**
Rubin LLC

11 Broadway, Suite 715
New York, NY 10004

(O): 212.390.8054
(M) 917.583.6678
(F): 212.390.8064
prubin@rubinlawllc.com
www.rubinlawllc.com
_____

CONFIDENTIALITY NOTE: This e-mail is intended only for the entity or person(s) to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this e-mail or the information contained herein by anyone other than the intended recipients(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify sender and permanently delete and discard this e-mail.

**From:** Paul Rubin
**Sent:** Monday, May 5, 2025 3:27 PM
**To:** lkuper@abramslaw.com
**Subject:** 2 Bowery LLC - Payment of Buyer's Premium

Hello Mr. Kuper,

Attached is an order of the Bankruptcy Court directing 2 Bowery LLC to pay the buyer's premium in the amount of $220,000 within five days of today. Also attached is the bid procedures order entered by the Bankruptcy Court, behind which are two contracts, the second of which is the Agreement for Purchase and Sale of Real Estate for the 2 Bowery property. You are listed as a notice party for the buyer.

Please have your client arrange for the payment to be made.

Thank you.

**Paul A. Rubin**
Rubin LLC

11 Broadway, Suite 715
New York, NY 10004
(O): 212.390.8054
(M) 917.583.6678
(F): 212.390.8064
prubin@rubinlawllc.com
www.rubinlawllc.com
_____

CONFIDENTIALITY NOTE: This e-mail is intended only for the entity or person(s) to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this e-mail or the information contained herein by anyone other than the intended recipients(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify sender and permanently delete and discard this e-mail.

# RUBIN LLC

*Attorneys at Law*

11 Broadway, Suite 715
New York, New York 10004
www.rubinlawllc.com

PAUL A. RUBIN                                                          Telephone: 212.390.8054
prubin@rubinlawllc.com                                                Facsimile:  212.390.8064

May 27, 2025

<u>Via E-mail and Regular Mail</u>
Lewis Kuper, Esq.
Abrams Fensterman LLP
1 Metrotech Center, Suite 1701
Brooklyn, New York 11201
LKuper@Abramslaw.com

    Re:  *In re 2 Bowery Holding LLC*; Case No. 22-10413 (Bankr. S.D.N.Y.)

Dear Mr. Kuper:

As I previously informed you, this firm is counsel to Northgate Real Estate Group, LLC ("Northgate") in connection with the above-referenced chapter 11 bankruptcy case of 2 Bowery Holding LLC (the "Debtor"), which is jointly-administered with *In re 26 Bowery LLC* under case number 22-10412 in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

Your client is 2 Bowery LLC (the "Buyer"), the purchaser of the Debtor's property located at 2 Bowery, New York, New York 10013 (the "Property") under that certain Agreement for Purchase and Sale of Real Estate dated August 29, 2024 (the "Agreement"). Northgate is the broker on the sale of the Property, retained by the Debtor with the approval of the Bankruptcy Court. Pursuant to the order entered by the Bankruptcy Court on May 5, 2025 (the "Fee Approval Order") [Case No. 22-10413, ECF No. 530], the Bankruptcy Court ordered the Buyer to pay Northgate's commission on the sale of the Property as a buyer's premium in the amount of $220,000 (the "Buyer's Premium") within five days of entry of the Fee Approval Order. Upon entry of the Fee Approval Order, I advised you by email on May 5, 2025, of your client's obligation to pay the Buyer's Premium and I attached to that email a copy of the Fee Approval Order, the Agreement, and Northgate's wiring instructions. Copies of the Fee Approval Order and wiring instructions are attached hereto for your convenience.

The Buyer failed to comply with the express terms of the Fee Approval Order and you did not respond to my email. Accordingly, on May 14, 2025, I sent another email advising you of your client's failure to timely pay the Buyer's Premium, and requested that you direct the Buyer to comply with the Fee Approval Order. I have received no response from you to this email as well.

May 27, 2025
Page 2

Your client is in violation of the clear and unambiguous requirement to pay Northgate the Buyer's Premium set forth in the Fee Approval Order entered by a federal bankruptcy judge. The Bankruptcy Court has the power to hold a party in contempt for failure to comply with its orders. Accordingly, one last, formal demand is hereby made for the Buyer to immediately pay to Northgate the Buyer's Premium as directed by the Bankruptcy Court in the Fee Approval Order. The deadline for the Buyer to make the payment is well past due. Please be advised that if payment of the Buyer's Premium is not received by June 2, 2025, Northgate will pursue any and all legal actions and remedies available to Northgate, including, but not limited to, filing in the Bankruptcy Court a motion to compel the Buyer's compliance of the Fee Approval Order and seeking sanctions (including an award of legal fees) against the Buyer for its willful violation of the Bankruptcy Court's Fee Approval Order.

Nothing herein shall be construed to constitute a waiver of any of Northgate's rights, remedies, claims, powers or privileges under the Agreement, the Fee Approval Order or applicable law, all of which are expressly reserved.

Very truly yours,

RUBIN LLC

By: _/s/Paul A. Rubin_
Paul A. Rubin

Encls.

**RUBIN LLC**

# EXHIBIT D

| From: | Paul Rubin |
| Sent: | Thursday, June 5, 2025 10:34 AM |
| To: | lkuper@abramslaw.com |
| Cc: | Hanh Huynh |
| Subject: | RE: FINAL DEMAND FOR PAYMENT: 2 Bowery LLC - Buyer's Premium |

Mr. Kuper,

You have continued to ignore Northgate's demands for payment as required by the Bankruptcy Court's order. If payment is not received by the close of business tomorrow, we will be filing a motion with the Bankruptcy Court to compel payment of the buyer's premium and for attorney's fees.

Anyone who takes advantage of the bankruptcy process to acquire property should be willing to comply with its contractual obligations and orders of the Bankruptcy Court.

Please be guided accordingly.

**Paul A. Rubin**
Rubin LLC

11 Broadway, Suite 715
New York, NY 10004
(O): 212.390.8054
(M) 917.583.6678
(F): 212.390.8064
prubin@rubinlawllc.com
www.rubinlawllc.com
_____

CONFIDENTIALITY NOTE: This e-mail is intended only for the entity or person(s) to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this e-mail or the information contained herein by anyone other than the intended recipients(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify sender and permanently delete and discard this e-mail.

---

**From:** Paul Rubin
**Sent:** Tuesday, May 27, 2025 11:01 AM
**To:** lkuper@abramslaw.com
**Subject:** FINAL DEMAND FOR PAYMENT: 2 Bowery LLC - Buyer's Premium
**Importance:** High

Please see attached.

**Paul A. Rubin**
Rubin LLC

11 Broadway, Suite 715
New York, NY 10004
(O): 212.390.8054
(M) 917.583.6678

(F): 212.390.8064
prubin@rubinlawllc.com
www.rubinlawllc.com
_____

CONFIDENTIALITY NOTE:  This e-mail is intended only for the entity or person(s) to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure.  Dissemination, distribution, or copying of this e-mail or the information contained herein by anyone other than the intended recipients(s) is strictly prohibited.  If you have received this e-mail in error, please immediately notify sender and permanently delete and discard this e-mail.

**From:** Paul Rubin
**Sent:** Wednesday, May 14, 2025 2:58 PM
**To:** lkuper@abramslaw.com
**Subject:** FW: 2 Bowery LLC - Payment of Buyer's Premium

Mr Kuper,

I am following up on my email to you below.  The buyer's premium from your client 2 Bowery LLC in the amount of $220,000 is now past due.  I am re-sending the Bankruptcy Court's order directing that payment be made within 5 days of May 5, and I am attaching payment instructions.

Would you kindly advise your client to issue payment as required by the court order.

Thank you.

**Paul A. Rubin**
Rubin LLC

11 Broadway, Suite 715
New York, NY 10004
(O): 212.390.8054
(M) 917.583.6678
(F): 212.390.8064
prubin@rubinlawllc.com
www.rubinlawllc.com
_____

CONFIDENTIALITY NOTE:  This e-mail is intended only for the entity or person(s) to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure.  Dissemination, distribution, or copying of this e-mail or the information contained herein by anyone other than the intended recipients(s) is strictly prohibited.  If you have received this e-mail in error, please immediately notify sender and permanently delete and discard this e-mail.

**From:** Paul Rubin
**Sent:** Monday, May 5, 2025 3:27 PM
**To:** lkuper@abramslaw.com
**Subject:** 2 Bowery LLC - Payment of Buyer's Premium

Hello Mr. Kuper,

Attached is an order of the Bankruptcy Court directing 2 Bowery LLC to pay the buyer's premium in the amount of $220,000 within five days of today.  Also attached is the bid procedures order entered by the

Bankruptcy Court, behind which are two contracts, the second of which is the Agreement for Purchase and Sale of Real Estate for the 2 Bowery property.  You are listed as a notice party for the buyer.

Please have your client arrange for the payment to be made.

Thank you.

**Paul A. Rubin**
Rubin LLC

11 Broadway, Suite 715
New York, NY 10004
(O): 212.390.8054
(M) 917.583.6678
(F): 212.390.8064
prubin@rubinlawllc.com
www.rubinlawllc.com
_____

CONFIDENTIALITY NOTE:  This e-mail is intended only for the entity or person(s) to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure.  Dissemination, distribution, or copying of this e-mail or the information contained herein by anyone other than the intended recipients(s) is strictly prohibited.  If you have received this e-mail in error, please immediately notify sender and permanently delete and discard this e-mail.