UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

In re:

26 BOWERY LLC and
2 BOWERY HOLDING LLC,

                  Debtors.

------------------------------------------------------------------------x

NOT FOR PUBLICATION

Chapter 11

Case No. 22-10412 (MG) and
         22-10413 (MG)

(Jointly Administered)

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO HOLD 2 BOWERY
LLC IN CIVIL CONETMPT**

*A P P E A R A N C E S :*

RUBIN LLC
*Counsel for Northgate Real Estate Group, LLC*
11 Broadway, Suite 715
New York, New York 10004
By:   Paul A. Rubin, Esq.
          Hanh V. Huynh, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUD**

      Pending before the Court is the motion (the "Motion," ECF Doc. # 550) of Northgate Real Estate Group, LLC ("Northgate") asking the Court to find 2 Bowery LLC (the "Buyer") in civil contempt based on a failure to comply with the Court's orders entered on March 21, 2025 (Retention Order, ECF Doc. # 417), the Bidding Procedure Approval Order (ECF Doc. # 471) requiring the Buyer to pay the Buyer's Premium (defined below) and attorney's fees in connection with the purchase of the 2 Bowery.  No responses or objections were filed by the Buyer.  (Counsel for the Buyer appeared at today's hearing and acknowledged that Buyer did not file any opposition to the Motion.)  On July 7, 2025, Northgate filed a Certificate of No Objection (the "CNO," ECF Doc. # 556).

For the reasons explained below, the Court **GRANTS** the Motion holding the Buyer in civil contempt and **GRANTING** the request to compel the Buyer to pay Northgate the Buyer's Premium and its attorney's fees.

## I.   BACKGROUND

### A. The Chapter 11 Proceedings and Sale of the 2 Bowery Property

On March 31, 2022 (the "Petition Date"), the Debtors each filed voluntary petitions under Chapter 11 of the Bankruptcy Code (together, the "Chapter 11 Cases"). (Motion ¶ 3.) 26 Bowery was the owner of 26 Bowery, New York, New York (the "26 Bowery Property"). (Motion for Joint Administration, ECF Doc. # 3, ¶ 6.) 2 Bowery was the owner of 2 Bowery, New York, New York (the "2 Bowery Property," and together with the 26 Bowery Property, the "Properties"). (*Id.*)

On March 21, 2024, the Court authorized the Debtors' retention of Northgate Real Estate Group ("Northgate") as their real estate advisor, governed by the retention agreement between the Debtors and Northgate (the "Retention Order," ECF Doc. # 417). (Motion ¶ 4.) The Retention Order authorizes Northgate's commission to be 4% of the gross purchase price for the Properties (the "Buyer's Premium"). (*Id.*) In September of 2024, the Court further authorized the bidding procedures ("the Bidding Procedures Approval Order," ECF Doc. # 471) for the Properties. (Motion ¶ 5.) The Bidding Procedures Approval Order designated 2 Bowery LLC ("the Buyer") as the "Stalking Horse" for the 2 Bowery Property. (Bidding Procedures Approval Order at Ex. 1 at 8.) The Bidding Procedures Approval Order further restated that the Buyer's Premium would be 4% of the purchase price, to be paid by the purchaser. (*Id.* at Ex. B. § 6.)

On November 13, 2024, the Court entered an order approving the Debtors' plan of reorganization and the sale of the 2 Bowery Property to the Buyer. (Motion ¶ 7.) The sale of the

2

2 Bowery Property to the Buyer closed on February 28, 2025 and Northgate subsequently filed a fee application in connection with the sale of the property on April 1, 2025. (Motion ¶ 8–9.) On May 5, 2025, the Court entered the fee approval order (the "Fee Approval Order," ECF Doc. # 530), instructing the Buyer to pay Northgate "the buyer's premium in the amount of $220,000 on account of a 4% commission of the $5,500,000 purchase price for the 2 Bowery Property within five (5) days after entry of this Order." (Fee Approval Order at 1.)

### B. Northgate's Attempts to Collect the Buyer's Premium

On May 5, 2025, Paul A. Rubin, Counsel for Northgate, sent his first email requesting the payment of the Buyer's Premium to Lewis Kuper, Counsel for the Buyer. (Motion at Ex. A.) After receiving no response, Mr. Rubin followed up with Mr. Kuper on May 14, again on May 27, and again on June 5 of 2025, requesting the Buyer comply with the Fee Approval Order and issue payment to Northgate. (*Id.* at Ex. B–D.) Mr. Kuper failed to respond to any of the inquiries submitted by Mr. Rubin, nor has the Buyer paid the Buyer's Premium to Northgate. (*Id.* at ¶ 13.) Northgate filed the Motion on June 16, 2025, and the CNO on July 7, 2025. The Buyer has not responded to the Motion or the CNO.

## II.    LEGAL STANDARD

### A. Jurisdiction

This Court has jurisdiction over the Motion to find the Buyer in civil contempt pursuant to USC §§ 157 and 1334, as well as the Amended Standing Order of Reference (M-431), dated January 31, 2012 (Preska, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Further, the Contempt Motion requests the Court to enforce the Fee Approval Order, a matter over which the Court has clear jurisdiction. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) ("[T]he Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders.").

3

B. **Contempt Motion**

11 U.S.C. § 105 gives courts the authority to hold a party in contempt in order to carry out the provisions of the title. "[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *Spallone v. United States*, 493 U.S. 265, 276 (1990); *In re Chief Exec. Officers Clubs, Inc.*, 359 B.R. 527, 533 (Bankr. S.D.N.Y. 2007). "The power to punish for contempt is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders and writs of the courts and, consequently, to the due administration of justice." *Ex parte Robinson*, 86 U.S. 505, 510 (1873).

Further, it is well settled that bankruptcy courts possess the power to enter civil contempt orders. *In re MF Glob. Holdings Ltd.*, 562 B.R. 41, 52 (Bankr. S.D.N.Y. 2017). *See In re Chateaugay Corp.*, 920 F.2d 183, 187 (2d Cir. 1990); *see also In re Rainbow Mag., Inc.*, 77 F.3d 278, 284–85 (9th Cir. 1996); *In Re Power Recovery Sys., Inc.*, 950 F.2d 798, 802 (1st Cir.1991) ("Bankruptcy Rule 9020(b) specifically provides that a bankruptcy court may issue an order of contempt if proper notice of procedures are given."); *In re Chief Exec. Officer's Clubs, Inc.*, 359 B.R. at 534 ("Indeed, it is well established that bankruptcy courts have power to enter civil contempt orders."). A court may hold a party in contempt to "compel a reluctant party to do what a court requires of him." *In re MF Glob. Holdings Ltd.*, 562 B.R. at 52; *see Badgley v. Santacroce*, 800 F.2d 33, 36 (2d Cir. 1986); *see also Shillitani*, 384 U.S. at 368 (explaining that entering a civil contempt order compels the contemnor to remedy their errors for the benefit of other parties involved). Moreover, a court may appropriately compel a party to enforce an order involving payment to another party without being considered a "'money judgement'" for the purposes of Federal Civil Rule 69(a)(1). *In re Alexander*, Case No. 24-35982 (KYP) at *3 (Bankr. S.D.N.Y. March 18, 2025); *see also Collect Access, LLC v. Hernandez (In re*

*Hernandez)*, BAP No. SC-13-1301, at *6 (B.A.P. 9th Cir. Apr. 4, 2014) (distinguishing a "judgment" under Federal Bankruptcy Rules 9001(b)(7) and 9002(e) from a "money judgment" under Federal Civil Rule 69(a)(1) and asserting that a final order awarding monetary sanctions is not a "money judgment" which would require a writ of execution to enforce).

A court may hold a party in contempt when three elements are met: (1) the underlying order is "clear and unambiguous," (2) the "proof of non-compliance is 'clear and convincing,'" and (3) the contemnor has "not been 'reasonably diligent and energetic in attempting to accomplish what was ordered.'" *EEOC v. Loc. 580*, 925 F.2d 588, 594 (2d Cir. 1991) (quoting *EEOC v. Loc. 638 ... Loc. 28 of the Sheet Metal Workers' Int'l Ass'n*, 753 F.2d 1172, 1178 (2d Cir.1985)); *see also King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995); *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d. Cir. 1995); *Monsanto Co. v. Haskel Trading, Inc.*, 13 F. Supp. 2d 349, 363 (E.D.N.Y. 1998); *In re MF Glob. Holdings Ltd.*, 562 B.R. at 52–53. "Clear and unambiguous" means that the order must be issued in such a manner that the enjoined party is able to "ascertain from the four corners of the order precisely what acts are forbidden." *Monsanto Co.*, 13 F. Supp. 2d at 363 (citing *Drywall Tapers and Pointers of Greater N.Y., Loc. 1974 of I.B.P.A.T. AFL-CIO v. Loc. 530 of Operative Plasterers and Cement Masons Intern. Ass'n*, 889 F.2d 389, 395 (2d Cir. 1989)); *see also New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1351–52 (2d Cir.1989) (finding that the order was sufficiently specific and clear as to what acts were proscribed to a party in order hold them in contempt).

Upon a prima facie showing of a party's failure to comply with an order, the contemnor must present evidence for their inability to comply with an order. *In re Chief Exec. Officer's Clubs, Inc.*, 359 B.R. at 536. Silence on the part of the contemnor weighs against their non-

5

compliance with an order. *Maggio v. Zeitz*, 333 U.S. 56, 75–76 (1948); *see also Huber*, 51 F.3d at 10.

### III. DISCUSSION

#### A. The Order Was Clear and Unambiguous

The Court has issued three orders regarding the fees to be paid to Northgate by the Buyer. On March 21, 2024, the Court entered the Retention Order, which states that "Northgate will receive a commission from the successful purchaser, charged as a buyer's premium, equal to four percent (4%) of the gross purchase price for the property." (*Order Authorizing Retention of Substitute Real Estate Advisor and Related Relief*, ECF Doc. # 417 at Ex. 1 § 4(a); *see also* Bidding Procedures Approval Order at Ex. B § 6 (stating the stalking horse will pay the 4% Buyer's Premium if theirs is the winning bid).) The Court later issued the Fee Approval Order on May 5, 2025, in which the Court instructed 2 Bowery LLC to pay Northgate "the buyer's premium in the amount of $220,000 on account of a 4% commission of the $5,500,000 purchase price for the 2 Bowery Property within five (5) days after entry of this Order." (Fee Approval Order at 1.) The Court has clearly and unambiguously instructed the Buyer to pay Northgate the Buyer's Premium upon the sale of the 2 Bowery Property.

#### B. The Proof of Non-Compliance Is Clear and Convincing

The Buyer has not demonstrated that it has paid the Buyer's Premium to Northgate for the sale of the 2 Bowery Property. The Buyer has not responded to the Motion, and, therefore, the Buyer has failed to refute its alleged nonpayment of the fee or establish that it is experiencing an inability to pay the fee. (*See generally* CNO.) Northgate has provided evidence of its initial attempt to receive the Buyer's Premium from the Buyer, with no response provided either to Northgate, its counsel, or to the Court. (*See* Motion at Ex. A.) Northgate has followed up with

6

the Buyer three additional times via email and further put the Buyer on notice through the filing of their motion. (*Id.* at Ex. B–D.)

### C. The Buyer Has Not Been Reasonability Diligent in Adhering to the Order

The Fee Approval Order explicitly states that the Buyer is to pay Northgate the Buyer's Premium within five days after the entry of the order on May 5, 2025. (Fee Approval Order at 1.) The Buyer has not communicated that it is unable to pay the Buyer's Premium and has failed to adhere to Court's instruction to pay the Buyer's Premium pursuant to the Fee Approval Order. Therefore, the Buyer has not been reasonably diligent in adhering to the Order.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion to hold the Buyer in civil contempt and **GRANTS** the request to compel the Buyer to pay Northgate the Buyer's Premium and attorney's fees. The Buyer must pay the amount due within seven (7) days of the date of this Opinion. Failure to pay the sum due will result in additional civil contempt sanctions.

Northgate shall also recovery its fees in connection with the making of this Motion. Northgate's counsel shall file and serve Buy's counsel with its fee application within 5 days of the date of this Opinion. Buyer's counsel shall have 2 days thereafter to file any objection to the fees. The Court will either decide the issues of the fees on the papers or, if necessary, schedule another hearing to resolve the fee issue. The time necessary to the resolve the amount of the fees shall not affect the deadline for paying the Buyer's Premium as set forth above.

**IT IS SO ORDERED.**

DATED:    July 31, 2025

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge