RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel:  212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Counsel for Northgate Real Estate Group, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| 26 BOWERY LLC and | : | Case No.:    22-10412 (MG) and |
| 2 BOWERY HOLDING LLC, | : | 22-10413 (MG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY**
**RULES 9014 AND 9020 (I) FINDING THE BUYER IN CIVIL CONTEMPT FOR ITS**
**FAILURE TO COMPLY WITH THE COURT'S CONTEMPT ORDER;**
**(II) COMPELLING THE BUYER TO IMMEDIATELY PAY TO NORTHGATE THE**
**BUYER'S PREMIUM; AND (III) IMPOSING SANCTIONS AGAINST THE BUYER**

**PLEASE TAKE NOTICE** that Northgate Real Estate Group, LLC ("Northgate") has filed

the annexed motion (the "Motion") for entry of an order (i) finding 2 Bowery LLC in civil

contempt for its failure to comply with the Court's *Memorandum Opinion and Order Granting*

*Motion to Hold 2 Bowery LLC in Civil Contempt* (the "Contempt Order") [ECF No. 561], which

ordered the Buyer to pay Northgate's commission on the sale of 2 Bowery, New York, New York

10013 as a buyer's premium in the amount of $220,000 (the "Buyer's Premium") within seven

days of entry of the Contempt Order; (ii) compelling the Buyer to immediately pay to Northgate

the Buyer's Premium; and (iii) imposing sanctions against the Buyer, including but not limited to

awarding Northgate its attorney's fees and costs it was forced to incur to bring the Motion, and fining the Buyer $1,000 per day of non-compliance.

PLEASE TAKE FURTHER NOTICE that responses or objections to the Motion, if any, must be in filed by October 1, 2025 (the "Objection Deadline"). If a response or objection is filed by the Objection Deadline, reply papers, if any, must be filed within seven (7) days after service of the response or objection.

PLEASE TAKE FURTHER NOTICE that, after all papers are filed, the Court will determine whether to schedule argument or decide the Motion on the papers. Counsel or the parties will be advised of hearing dates if the Motion is scheduled for argument.

Dated: New York, New York
September 12, 2025

RUBIN LLC

By:   */s/ Paul A. Rubin*
        Paul A. Rubin
        Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel: 212.390.8054
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Counsel for Northgate Real Estate Group, LLC*

RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel:  212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Counsel for Northgate Real Estate Group, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| 26 BOWERY LLC and | : | Case No.:    22-10412 (MG) and |
| 2 BOWERY HOLDING LLC, | : | 22-10413 (MG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULES
9014 AND 9020 (I) FINDING THE BUYER IN CIVIL CONTEMPT FOR ITS
FAILURE TO COMPLY WITH THE COURT'S CONTEMPT ORDER;
(II) COMPELLING THE BUYER TO IMMEDIATELY PAY TO NORTHGATE THE
BUYER'S PREMIUM; AND (III) IMPOSING SANCTIONS AGAINST THE BUYER**

Northgate Real Estate Group, LLC ("Northgate"), by its counsel Rubin LLC, submits this

motion (the "Motion") for entry of an order (i) finding 2 Bowery LLC (the "Buyer") in civil

contempt for its failure to comply with the Court's *Memorandum Opinion and Order Granting*

*Motion to Hold 2 Bowery LLC in Civil Contempt* dated July 31, 2025 (the "Contempt Order")

[ECF No. 561], which ordered the Buyer to pay Northgate's commission on the sale of 2 Bowery,

New York, New York 10013 as a buyer's premium in the amount of $220,000 (the "Buyer's

Premium") within seven days of entry of the Contempt Order; (ii) compelling the Buyer to

immediately pay to Northgate the Buyer's Premium; and (iii) imposing sanctions against the

Buyer, including but not limited to awarding Northgate its attorney's fees and costs it was forced

to incur to bring the Motion, and fining the Buyer $1,000 per day of non-compliance. In support of this Motion, Northgate respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      Northgate is once again before the Court because the Buyer persists in its refusal to comply with the Court's orders, including, most recently, the July 31, 2025 Contempt Order that granted Northgate's prior contempt motion. The Contempt Order could not have been more clear: "The Buyer must pay the amount due within seven (7) days of the date of this Opinion. **Failure to pay the sum due will result in additional civil contempt sanctions**." Contempt Order 7 (emphasis added). Yet, despite numerous attempts to seek the Buyer's compliance with the Contempt Order—all of which were completely ignored by counsel for the Buyer—the Buyer continues to flout the Court's orders. The Buyer's blatant disregard of the Contempt Order justifies the Court's imposition of additional sanctions against the Buyer to bring the Buyer into compliance.

2.      Accordingly, Northgate respectfully requests that the Court once again find the Buyer in civil contempt for its non-compliance with the Fee Approval Order, direct the Buyer to immediately pay to Northgate the Buyer's Premium, and require the Buyer to reimburse Northgate for the fees and costs (including attorney fees) incurred by Northgate in bringing this Motion.

## BACKGROUND

3.      On March 31, 2022 ("Petition Date"), each of 26 Bowery LLC ("26 Bowery") and 2 Bowery Holding LLC ("2 Bowery," and together with 26 Bowery, collectively, the "Debtors") filed a voluntary petition under chapter 11 of the United States Bankruptcy Code. The Debtors' chapter 11 cases are jointly administered.

4.      By order dated March 21, 2024 (the "Retention Order") [ECF No. 417], the Court authorized the Debtors to retain Northgate as their real estate advisor and broker in connection

with the marketing and sale of (i) the real property owned by 26 Bowery located at 26 Bowery, New York, New York (the "26 Bowery Property"), and (ii) the real property owned by 2 Bowery located at 2 Bowery, New York, New York (the "2 Bowery Property," and together with the 26 Bowery Property, the "Properties"). The Retention Order approves and incorporates the terms of Northgate's Retention Agreement with the Debtors (the "Retention Agreement") (attached as an exhibit to the Retention Order), which expressly provides that Northgate is entitled to be compensated in the form of a buyer's premium equal to 4.0% of the gross sales price for each of the Properties from the purchasers of the Properties. *See* Retention Agreement ¶ 4(a).

5.      On September 13, 2024, the Court entered an order (the "Bid Procedures Order") [ECF No. 471] approving bid procedures (the "Bid Procedures") to govern the sale of the Properties. The Bid Procedures annexed as Exhibit 1 to the Bid Procedures Order provides, among other things, for the payment of a 4.0% buyer's premium as part of any bid for either of the Properties. The Bid Procedures Order also identified the Buyer as the stalking horse bidder for the 2 Bowery Property and attached a copy of the *Agreement for Purchase and Sale of Real Estate* dated August 29, 2024 (the "Agreement") governing the sale of the 2 Bowery Property to the Buyer. The Agreement expressly provides that "Purchaser shall be responsible for payment of the Broker's commission in the amount of 4% of the Purchase Price [of $5,500,000.00]." Agreement § 6. The Agreement also identifies Lewis Kuper, Esq., counsel for the Buyer, as a notice party on behalf of the Buyer. *See* Agreement § 16.

6.      On September 17, 2024, the Debtors filed their joint chapter 11 plan (the "Plan") [ECF No. 475], which provides for the sale of the Properties.

7.      On November 13, 2024, the Court entered an order (the "Confirmation Order") [ECF No. 506] confirming the Plan and approving the sale of the 2 Bowery Property to the Buyer pursuant to the Agreement.

8.      The sale of the 2 Bowery Property to the Buyer closed on February 28, 2025.

9.      On April 1, 2025, Northgate filed a fee application (the "Fee Application") [ECF No. 524] for approval of its commission in connection with the sale of the Properties, including the Buyer's Premium to be paid by the Buyer for the sale of the 2 Bowery Property. The Debtors served the Fee Application on the appropriate parties, including the Buyer and counsel for the Buyer. *See* Certificate of Service of Fee Application [ECF No. 527]. No objection to the Fee Application was filed. *See* Certificate of No Objection to Fee Application [ECF No. 528].

10.     On May 5, 2025, the Court entered the Fee Approval Order. The Fee Approval Order unambiguously provides that "it is further ORDERED that 2 Bowery LLC will pay to Northgate the buyer's premium in the amount of $220,00 on account of a 4% commission of the $5,500,000 purchase price for the 2 Bowery Property within five (5) days after entry of this Order." Fee Approval Order p.1.

11.     Upon entry of the Fee Approval Order, counsel for Northgate sent to Mr. Kuper, Buyer's counsel (who is a notice party for the Buyer pursuant to the Agreement, *see* Agreement § 16), an email advising counsel of the Buyer's obligation to pay the Buyer's Premium, which email also attached the Fee Approval Order, the Agreement, and Northgate's wiring instructions. Buyer's counsel did not respond to that email.

12.     Despite the clear and unambiguous provision in the Fee Approval Order, the Buyer did not pay the Buyer's Premium to Northgate within five days of entry of the Fee Approval Order. Thus, on May 14, 2025, Northgate's counsel sent a second email to Buyer's counsel advising him

of the Buyer's failure to timely comply with the Fee Approval Order, and requesting that the Buyer pay the Buyer's Premium as directed by the Court.  Buyer's counsel did not respond to this second email either.

13.     Having given the Buyer more than sufficient time to comply with its obligation to pay Northgate, and still having received no payment of the Buyer's Premium, on May 27, 2025, Northgate's counsel sent one last formal demand for payment of the Buyer's Premium, to be made by June 2, 2025, failing which Northgate would have to file a motion to compel payment of the Buyer's Premium and for civil contempt.  Buyer's counsel did not respond to this third email.  On June 5, 2025, Northgate's counsel emailed Mr. Kuper to advise him that Northgate would be filing the contempt motion.

14.     On June 16, 2025, Northgate filed its *Motion for Entry of an Order Pursuant to Bankruptcy Rules 9014 and 9020 (I) Finding the Buyer in Civil Contempt for its Failure to Comply with the Court's Fee Approval Order; (II) Compelling the Buyer to Immediately Pay to Northgate the Buyer's Premium; and (III) Awarding Northgate Attorney's Fees and Costs for this Motion* (the "First Contempt Motion") [ECF No. 550].  The First Contempt Motion was properly served on the Buyer and its counsel, and other interested parties.  *See* Certificate of Service dated June 16, 2025 [ECF No. 551].  The Buyer did not file any objection or response to the First Contempt Motion.

15.     The Court scheduled a hearing on the First Contempt Motion for July 31, 2025 (the "Hearing").  Counsel for Northgate and counsel for the Buyer appeared at the Hearing.  Following the Hearing, the Court granted the First Contempt Motion in its entirety, and entered the Contempt Order, which contained the Court's memorandum opinion.

16.    In its Contempt Order, the Court expressly found that (i) the Fee Approval Order "clearly and unambiguously instructed the Buyer to pay Northgate the Buyer's Premium upon the sale of the 2 Bowery Property;" (ii) the proof of the Buyer's non-compliance with the Fee Approval Order is clear and convincing; and (iii) the Buyer has not been reasonably diligent in adhering to the Fee Approval Order.  *See* Fee Approval Order 6-7.

17.    The Court ordered that "[t]he Buyer must pay the amount due within seven (7) days of the date of this Opinion.  **Failure to pay the sum due will result in additional civil contempt sanctions**." Contempt Order 7 (emphasis added).  Thus, under the Contempt Order, the Buyer had until August 7, 2025 to pay Northgate the Buyer's Premium.  The Court further ordered that Northgate was entitled to recover its legal fees in connection with the First Contempt Motion upon the filing of a fee application by Northgate's counsel and an opportunity for the Buyer to object thereto.

18.    On August 1, 2025, Northgate's counsel filed its fee application, seeking allowance of $6,417.50 in fees and $258.93 in expenses incurred by Northgate in connection with the First Contempt Motion.  The fee application was served on counsel for the Buyer.  *See* Certificate of Service dated August 1, 2025 [ECF No. 563].  The Buyer did not object to the fee application.[1]

19.    On August 8, 2025, following the August 7th deadline under the Contempt Order for the Buyer to pay the Buyer's Premium to Northgate, counsel for Northgate emailed Mr. Kuper to advise him that his client had not paid the Buyer's Premium as directed by the Court, and demanded payment forthwith.  Mr. Kuper did not respond to this email.  Northgate's counsel again emailed Mr. Kuper on August 18th and 25th to demand payment to Northgate.  As he did before

---

[1] The Contempt Order provides that the Court will decide the issue of Northgate's right to recover its attorney's fees on the papers or schedule a hearing to resolve any fee dispute.  As the Buyer did not object to the fee application, its remains *sub judice*.

the filing of the First Contempt Motion, Mr. Kuper ignored those two emails as well. Copies of the August 8th, 18th, and 25th emails are annexed hereto as <u>Exhibit A</u>.

20.      Finally, on September 3, 2025, Northgate's counsel emailed and sent by FedEx to Mr. Kuper a demand letter for the immediate payment of the Buyer's Premium. In that letter, Northgate's counsel advised Mr. Kuper that Northgate would be forced to file another contempt motion if payment the Buyer's Premium was not received by September 8, 2025 A copy of the September 3, 2025 demand letter is annexed hereto as <u>Exhibit B</u>. Mr. Kuper also ignore this final email and demand letter. To date, Northgate has not been paid its Buyer's Premium (which was due on May 10, 2025—over four months ago), and every email and letter that Northgate's counsel has sent to Mr. Kuper demanding payment has been ignored.

## **ARGUMENT**

21.      "There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, , 384 U.S. 364, 370 (1966). As applicable to bankruptcy courts, "[t]he statutory contempt powers given to a bankruptcy court under § 105(a) complement the inherent powers of a federal court to enforce its own orders. … These powers are in addition to whatever inherent contempt powers the court may have." *Solow v. Kalikow (In re Kalikow)*, 602 F.3d 82, 96-97 (2d Cir. 2000) (citation and quotation omitted). Indeed, the Second Circuit has held that a bankruptcy court has inherent authority to impose even non-nominal, substantial, compensatory and coercive civil contempt sanctions. *See In re Markus*, 78 F.4th 554 (2d Cir. 2023) (affirming bankruptcy court's order imposing civil contempt sanctions of $1,000 per day of non-compliance, amounting to $55,000 and $36,000 in attorney's fees).

22.      To hold a party in civil contempt, the movant must establish a knowing violation of a sufficient, specific, and precise order and knowledge of such order. *See Fidelity Mortgage*

*Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 51 (2d Cir. 1976). A party may be held in civil contempt for failure to comply with a court order if (1) the court's order is clear and unambiguous, (2) the evidence of the contemnor's noncompliance is clear and convincing evidence, and (3) the contemnor did not diligently attempt to comply in a reasonable manner. *See Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004). "Willfulness is not required and intent is irrelevant because of the remedial and coercive nature of civil contempt." *Shillitani*, 384 U.S. at 368.

23.    The facts here present a clear-cut case for a finding of civil contempt against the Buyer for its noncompliance of the Contempt Order.

**A.    The Contempt Order Is Clear And Unambiguous**

24.    There is absolutely no ambiguity in the Contempt Order: "The Buyer must pay the amount due within seven (7) days of the date of this Opinion. Failure to pay the sum due will result in additional civil contempt sanctions." Contempt Order 7. The requirement to pay the Buyer' Premium as directed under the Contempt Order is consistent with the Fee Approval Order, the Retention Agreement, Bid Procedures and the Agreement. *See* Retention Agreement at ¶ 4(a) (in a sale scenario "Northgate will receive a commission from the successful purchaser, charged as a buyer's premium, equal to four percent (4%) of the gross purchase price for the Property") ; Bid Procedures at p.8 ("Baseline Bid" is purchase price for property plus 4.0% buyer's premium); Agreement at § 6 ("Purchaser shall be responsible for payment of the Broker's commission in the amount of 4% of the Purchase Price [of $5,500,000.00].").

25.    Thus, any argument that the Contempt Order is ambiguous would be frivolous.

**B.      Northgate Has Established By Clear And Convincing Evidence
         That The Buyer Has Not Complied With The Contempt Order**

26.      Northgate has easily established by clear and convincing evidence that the Buyer has failed to comply with the Contempt Order because Northgate has yet to be paid the Buyer's Premium, despite the clear and unambiguous requirement for the Buyer to pay the Buyer's Premium on or before August 7, 2025, the date that is seven days after the entry of the Contempt Order on July 31, 2025.

**C.      The Buyer Has Not Diligently Attempted To Comply
         With The Contempt Order In A Reasonable Manner**

27.      The Buyer has made no attempt whatsoever to comply with the Contempt Order. Each one of Northgate's counsel's emails and letters to the Buyer's counsel advising him of the Buyer's obligation to pay the Buyer's Premium has been met with complete silence.  Neither Northgate nor its counsel have heard anything from the Buyer or its counsel since August 8, 2025. The Contempt Order, the Fee Approval Order and other underlying documents establishing Northgate's entitlement to the Buyer's Premium were sent with the emails from Northgate's counsel.  Wire instructions for Northgate's account were included with those communications. Northgate has afforded the Buyer every opportunity to comply with the Contempt Order (as well as the Fee Approval Order), but the Buyer has chosen to ignore its obligation to pay the Buyer's Premium, an obligation it agreed and promised to pay pursuant to the Agreement it executed, and an obligation unambiguously directed by the Court to be paid in the Contempt Order and the Fee Approval Order.

28.      The Buyer simply has no excuse to refuse to pay the Buyer's Premium.

29.      Furthermore, because this is the second contempt motion that Northgate has had to file and the First Contempt Motion was granted, Northgate submits that additional sanctions are warranted to bring the Buyer into compliance with the Court's prior orders.  While the Court has

discretion to craft the appropriate sanctions to impose on the Buyer, Northgate believes that, under these circumstances, it would be appropriate for the Court to (i) direct the Buyer to immediately pay the Buyer's Premium, (ii) award Northgate its fees and expenses incurred in connection with this second contempt Motion, and (iii) impose on the Buyer civil contempt sanctions of $1,000 per day of non-compliance.

WHEREFORE, for all the reasons set forth herein, Northgate respectfully requests that the Court enter an order (i) holding the Buyer in civil contempt for its noncompliance of the Fee Approval Order, (ii) compelling the Buyer to immediately pay to Northgate the Buyer's Premium, (iii) award Northgate its fees and costs (including attorney's fees) as a result of the Buyer's noncompliance with the Contempt Order, and (iii) imposing on the Buyer civil contempt sanctions of $1,000 per day of non-compliance; and grant Northgate such other relief as may be just and proper.

Dated: New York, New York
      September 12, 2025

RUBIN LLC

By:    */s/ Paul A. Rubin*
     Paul A. Rubin
     Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel: 212.390.8054
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Counsel for Northgate Real Estate Group, LLC*

# EXHIBIT A

| | |
|---|---|
| **From:** | Paul Rubin |
| **Sent:** | Monday, August 25, 2025 4:37 PM |
| **To:** | lkuper@abramslaw.com |
| **Cc:** | Hanh Huynh |
| **Subject:** | FW: 2 BOWERY LLC |
| **Attachments:** | Northgate - Memorandum Decision and Order re Contempt Motion (Bowery).pdf; Wiring Instructions Northgate Real Estate Group.pdf |
| | |
| **Importance:** | High |

Mr. Kuper,

I checked with Northgate again today and was told that your client 2 Bowery LLC has still not paid the buyer's premium.

I am now asking you, for the seventh time, to please speak to your client and arrange for the $220,000 payment as required by the orders of the Bankruptcy Court.

Thank you.

**Paul A. Rubin**
Rubin LLC

11 Broadway, Suite 715
New York, NY 10004
(O): 212.390.8054
(M) 917.583.6678
(F): 212.390.8064
prubin@rubinlawllc.com
www.rubinlawllc.com

_____

CONFIDENTIALITY NOTE:  This e-mail is intended only for the entity or person(s) to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure.  Dissemination, distribution, or copying of this e-mail or the information contained herein by anyone other than the intended recipients(s) is strictly prohibited.  If you have received this e-mail in error, please immediately notify sender and permanently delete and discard this e-mail.

**From:** Paul Rubin
**Sent:** Monday, August 18, 2025 2:17 PM
**To:** lkuper@abramslaw.com
**Cc:** Hanh Huynh <hhuynh@rubinlawllc.com>
**Subject:** 2 BOWERY LLC
**Importance:** High

Mr. Kuper,

Northgate advised me today that your client 2 Bowery LLC has still not paid the buyer's premium, despite the contempt order (attached hereto) issued by the Bankruptcy Court.

I am asking once again that your client cure this delinquency at this time. Wiring instructions are attached.

Your client has been given several opportunities to rectify the situation. We hope it will do so without further delay.

Thank you.

**Paul A. Rubin**
Rubin LLC

11 Broadway, Suite 715
New York, NY 10004
(O): 212.390.8054
(M) 917.583.6678
(F): 212.390.8064
prubin@rubinlawllc.com
www.rubinlawllc.com
_____

CONFIDENTIALITY NOTE: This e-mail is intended only for the entity or person(s) to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this e-mail or the information contained herein by anyone other than the intended recipients(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify sender and permanently delete and discard this e-mail.

---

**From:** Paul Rubin
**Sent:** Friday, August 8, 2025 10:15 AM
**To:** lkuper@abramslaw.com
**Cc:** Hanh Huynh <hhuynh@rubinlawllc.com>
**Subject:** 2 BOWERY LLC
**Importance:** High

Mr. Kuper,

Northgate Real Estate Group has not received the payment of the buyer's premium from your client 2 Bowery LLC. The payment was due yesterday.

Judge Glenn wrote in his Opinion and Order that the failure to pay the sum due will result in additional civil contempt sanctions.

The wiring instructions are attached.

Please have your client make the $220,000 payment without further delay.

Thank you.

**Paul A. Rubin**
Rubin LLC

11 Broadway, Suite 715
New York, NY 10004
(O): 212.390.8054
(M) 917.583.6678

(F): 212.390.8064
prubin@rubinlawllc.com
www.rubinlawllc.com
_____

CONFIDENTIALITY NOTE:  This e-mail is intended only for the entity or person(s) to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure.  Dissemination, distribution, or copying of this e-mail or the information contained herein by anyone other than the intended recipients(s) is strictly prohibited.  If you have received this e-mail in error, please immediately notify sender and permanently delete and discard this e-mail.

**From:** Paul Rubin
**Sent:** Thursday, July 31, 2025 11:47 AM
**To:** lkuper@abramslaw.com
**Subject:** 22-10412-mg Ch11 Written Opinion Re: 26 BOWERY LLC

Mr. Kuper,

Attached is the Bankruptcy Court's opinion and order entered today granting Northgate Real Estate Group's motion to hold your client, 2 Bowery LLC, in contempt of court and directing payment of the buyer's premium to Northgate.

Attached are wiring instructions for the payment.

Very truly yours,

**Paul A. Rubin**
Rubin LLC

11 Broadway, Suite 715
New York, NY 10004
(O): 212.390.8054
(M): 917.583.6678
(F): 212.390.8064
prubin@rubinlawllc.com
www.rubinlawllc.com
_____

CONFIDENTIALITY NOTE:  This e-mail is intended only for the entity or person(s) to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure.  Dissemination, distribution, or copying of this e-mail or the information contained herein by anyone other than the intended recipients(s) is strictly prohibited.  If you have received this e-mail in error, please immediately notify sender and permanently delete and discard this e-mail.

| From: | Paul Rubin |
|---|---|
| Sent: | Monday, August 18, 2025 2:17 PM |
| To: | lkuper@abramslaw.com |
| Cc: | Hanh Huynh |
| Subject: | 2 BOWERY LLC |
| Attachments: | Northgate - Memorandum Decision and Order re Contempt Motion (Bowery).pdf; Wiring Instructions Northgate Real Estate Group.pdf |
| Importance: | High |

Mr. Kuper,

Northgate advised me today that your client 2 Bowery LLC has still not paid the buyer's premium, despite the contempt order (attached hereto) issued by the Bankruptcy Court.

I am asking once again that your client cure this delinquency at this time. Wiring instructions are attached.

Your client has been given several opportunities to rectify the situation. We hope it will do so without further delay.

Thank you.

**Paul A. Rubin**
Rubin LLC

<ins>11 Broadway, Suite 715</ins>
<ins>New York, NY 10004</ins>
(O): <ins>212.390.8054</ins>
(M) <ins>917.583.6678</ins>
(F): <ins>212.390.8064</ins>
prubin@rubinlawllc.com
www.rubinlawllc.com
_____

CONFIDENTIALITY NOTE: This e-mail is intended only for the entity or person(s) to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this e-mail or the information contained herein by anyone other than the intended recipients(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify sender and permanently delete and discard this e-mail.

**From:** Paul Rubin
**Sent:** Friday, August 8, 2025 10:15 AM
**To:** lkuper@abramslaw.com
**Cc:** Hanh Huynh <hhuynh@rubinlawllc.com>
**Subject:** 2 BOWERY LLC
**Importance:** High

Mr. Kuper,

Northgate Real Estate Group has not received the payment of the buyer's premium from your client 2 Bowery LLC. The payment was due yesterday.

Judge Glenn wrote in his Opinion and Order that the failure to pay the sum due will result in additional civil contempt sanctions.

The wiring instructions are attached.

Please have your client make the $220,000 payment without further delay.

Thank you.

**Paul A. Rubin**
Rubin LLC

11 Broadway, Suite 715
New York, NY 10004
(O): 212.390.8054
(M): 917.583.6678
(F): 212.390.8064
prubin@rubinlawllc.com
www.rubinlawllc.com

_____

CONFIDENTIALITY NOTE: This e-mail is intended only for the entity or person(s) to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this e-mail or the information contained herein by anyone other than the intended recipients(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify sender and permanently delete and discard this e-mail.

**From:** Paul Rubin
**Sent:** Thursday, July 31, 2025 11:47 AM
**To:** lkuper@abramslaw.com
**Subject:** 22-10412-mg Ch11 Written Opinion Re: 26 BOWERY LLC

Mr. Kuper,

Attached is the Bankruptcy Court's opinion and order entered today granting Northgate Real Estate Group's motion to hold your client, 2 Bowery LLC, in contempt of court and directing payment of the buyer's premium to Northgate.

Attached are wiring instructions for the payment.

Very truly yours,

**Paul A. Rubin**
Rubin LLC

11 Broadway, Suite 715
New York, NY 10004
(O): 212.390.8054
(M): 917.583.6678
(F): 212.390.8064

prubin@rubinlawllc.com
www.rubinlawllc.com
_____

CONFIDENTIALITY NOTE: This e-mail is intended only for the entity or person(s) to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this e-mail or the information contained herein by anyone other than the intended recipients(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify sender and permanently delete and discard this e-mail.

| **From:** | Paul Rubin |
|---|---|
| **Sent:** | Friday, August 8, 2025 10:15 AM |
| **To:** | lkuper@abramslaw.com |
| **Cc:** | Hanh Huynh |
| **Subject:** | 2 BOWERY LLC |
| **Attachments:** | Northgate - Memorandum Decision and Order re Contempt Motion (Bowery).pdf; Wiring Instructions Northgate Real Estate Group.pdf |
| | |
| **Importance:** | High |

Mr. Kuper,

Northgate Real Estate Group has not received the payment of the buyer's premium from your client 2 Bowery LLC.  The payment was due yesterday.

Judge Glenn wrote in his Opinion and Order that the failure to pay the sum due will result in additional civil contempt sanctions.

The wiring instructions are attached.

Please have your client make the $220,000 payment without further delay.

Thank you.

**Paul A. Rubin**
Rubin LLC

11 Broadway, Suite 715
New York, NY 10004
(O): 212.390.8054
(M) 917.583.6678
(F): 212.390.8064
prubin@rubinlawllc.com
www.rubinlawllc.com
_____

CONFIDENTIALITY NOTE:  This e-mail is intended only for the entity or person(s) to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure.  Dissemination, distribution, or copying of this e-mail or the information contained herein by anyone other than the intended recipients(s) is strictly prohibited.  If you have received this e-mail in error, please immediately notify sender and permanently delete and discard this e-mail.

**From:** Paul Rubin
**Sent:** Thursday, July 31, 2025 11:47 AM
**To:** lkuper@abramslaw.com
**Subject:** 22-10412-mg Ch11 Written Opinion Re: 26 BOWERY LLC

Mr. Kuper,

Attached is the Bankruptcy Court's opinion and order entered today granting Northgate Real Estate Group's motion to hold your client, 2 Bowery LLC, in contempt of court and directing payment of the buyer's premium to Northgate.

Attached are wiring instructions for the payment.

Very truly yours,

**Paul A. Rubin**
Rubin LLC

11 Broadway, Suite 715
New York, NY 10004
(O): 212.390.8054
(M) 917.583.6678
(F): 212.390.8064
prubin@rubinlawllc.com
www.rubinlawllc.com
_____

CONFIDENTIALITY NOTE:  This e-mail is intended only for the entity or person(s) to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure.  Dissemination, distribution, or copying of this e-mail or the information contained herein by anyone other than the intended recipients(s) is strictly prohibited.  If you have received this e-mail in error, please immediately notify sender and permanently delete and discard this e-mail.

# EXHIBIT B

# RUBIN LLC

*Attorneys at Law*

11 Broadway, Suite 715
New York, New York 10004
www.rubinlawllc.com

PAUL A. RUBIN                                                            Telephone: 212.390.8054
prubin@rubinlawllc.com                                                  Facsimile:  212.390.8064

September 3, 2025

<u>Via E-mail and FedEx</u>
Lewis Kuper, Esq.
Abrams Fensterman LLP
1 Metrotech Center, Suite 1701
Brooklyn, New York 11201
LKuper@Abramslaw.com

   Re:  *In re 2 Bowery Holding LLC*; Case No. 22-10413 (Bankr. S.D.N.Y.)

Dear Mr. Kuper:

As I previously informed you, this firm is counsel to Northgate Real Estate Group, LLC ("Northgate") in connection with the above-referenced chapter 11 bankruptcy case of 2 Bowery Holding LLC (the "Debtor"), which is jointly-administered with *In re 26 Bowery LLC* under case number 22-10412 in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

Your client is 2 Bowery LLC (the "Buyer"), the purchaser of the Debtor's property located at 2 Bowery, New York, New York 10013 (the "Property") under that certain Agreement for Purchase and Sale of Real Estate dated August 29, 2024 (the "Agreement").  The Buyer's refusal to pay to Northgate its commission on the sale of the Property as a buyer's premium in the amount of $220,000 (the "Buyer's Premium") (which payment was required to be paid on or before May 10, 2025 pursuant to the order entered by the Bankruptcy Court on May 5, 2025 (the "Fee Approval Order")) resulted in Northgate filing a motion (the "Contempt Motion") [ECF No. 550] to compel the Buyer to pay the Buyer's Premium and to hold the Buyer in civil contempt for its violation of the Fee Approval Order.

On July 31, 2025, the Bankruptcy Court entered the *Memorandum Opinion and Order Granting Motion to Hold 2 Bowery LLC in Civil Contempt* (the "Contempt Order") [ECF No. 561], which granted the Contempt Motion and directed the Buyer to pay the Buyer's Premium with seven (7) days of entry of the Contempt Order (such date being August 7, 2025).  The Contempt Order further provides that the failure to pay the Buyer's Premium will result in additional civil contempt sanctions.

I have sent you emails on August 8, 18, and 25 advising you that your client has not paid the Buyer's Premium as required under the Contempt Order.  You have not responded at all to any of

September 3, 2025
Page 2

those emails.  Accordingly, one last, formal demand is hereby made for the Buyer to immediately pay to Northgate the Buyer's Premium as directed by the Bankruptcy Court in the Contempt Order. Please be advised that if payment of the Buyer's Premium is not received by September 8, 2025, Northgate will pursue any and all legal actions and remedies available to Northgate, including, but not limited to, filing in the Bankruptcy Court a motion to compel the Buyer's compliance of the Contempt Order and seeking additional civil contempt sanctions against the Buyer for its willful violation of the Bankruptcy Court's Contempt Order.

Nothing herein shall be construed to constitute a waiver of any of Northgate's rights, remedies, claims, powers or privileges under the Agreement, the Fee Approval Order, the Contempt Order, or applicable law, all of which are expressly reserved.

Very truly yours,

RUBIN LLC


By:    /s/Paul A. Rubin
        Paul A. Rubin

RUBIN LLC